COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                 CIVIL ACTION NO. 03-2519C

ELIZABETH R. STEFFENBERG,

            Plaintiff

v.

T. GENE GILMAN, STEVEN GILMAN,
THE GILMAN INSURANCE AGENCY, INC.,
DAVID M. SCOLL, ARBOR SECURITIES, LTD.,
ALLIANCE INVESTMENT MANAGEMENT,
COMMONWEALTH FINANCIAL HOLDINGS, INC.,
FINANCIAL LINKS, INC., T. GILMAN & CO., LTD.,
FIRST ALLIED SECURITIES, INC.,
PENSON FINANCIAL SERVICES, INC.,
AVIVA USA CORPORTAION, TRADETEK, LTD.,
TRADETEK, LLC, and IVY HELIX, LLC.

            Defendants



## DEFENDANT DAVID M. SCOLL'S ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

1-2.    Defendant David Scoll ("Scoll") admits the allegations in paragraphs 1 and 2 of

the First Amended Verified Complaint ("Complaint").

3.    Defendant Scoll denies the allegations in paragraph 3 of the Complaint.

4.    Defendant Scoll has insufficient information either to admit or deny the

allegations in paragraph 4 of the Complaint.

5.    Defendant Scoll admits the allegations in paragraph 5 of the Complaint.

6-7.    Defendant Scoll has insufficient information either to admit or deny the

allegations in paragraphs 6 and 7 of the Complaint.

8.    Defendant Scoll denies the allegations in paragraph 8 of the Complaint.

9.    Defendant Scoll admits Financial Links, Inc. is a North Carolina corporation and

denies the remaining allegations in paragraph 9 of the Complaint.

24736.1

10.    Defendant Scoll has insufficient information either to admit or deny that Gilman & Co., Ltd. is a Massachusetts corporation and denies the remaining allegations in paragraph 10 of the Complaint.

11-13. Defendant Scoll has insufficient information either to admit or deny the allegations in paragraphs 11 through 13 of the Complaint.

14.    Defendant Scoll admits TradeTek, Ltd. is a Delaware corporation and denies the remaining allegations in paragraph 14 of the Complaint.

15.    Defendant Scoll admits TradeTek, LLC is a Nevada limited liability company and has insufficient information either to admit or deny Gene Gilman is a manager of TradeTek, LLC. Defendant Scoll denies the remaining allegations in paragraph 15 of the Complaint.

16.    Defendant Scoll admits the allegations in paragraph 16 of the Complaint.

17-31. Defendant Scoll has insufficient information either to admit or deny the allegations in paragraph 17 through 31 of the Complaint.

**COUNT I**

32-38. The allegations in paragraphs 32 through 38 of the Complaint are directed against defendants other than defendant Scoll and thus require no response by him.

**COUNT II**

39.    Defendant Scoll restates and incorporates herein his responses to paragraphs 1 through 38 of the Complaint.

40.    Attorney Scoll admits that he represented the Steffenbergs on discreet matters from time to time and that he served as trustee of the Steffenberg's Insurance Trust u/d/t November 28, 1995. Further answering, he denies the remaining allegations in paragraph 40 of the Complaint.

-2-

41.    Defendant Scoll denies the allegations in paragraph 41 of the Complaint.

42.    Defendant Scoll states that the terms of any power of attorney speak for themselves, but otherwise admits the allegations in paragraph 42 of the Complaint, except that he was counsel for the Steffenbergs only on discreet matters from time to time and owed them a fiduciary duty only with respect to matters in which he represented them as counsel or as trustee.

43.    Defendant Scoll admits the allegations in paragraph 43 of the Complaint to the extent they relate to attorney Scoll in his capacity as trustee and denies the remaining allegations in said paragraph. Further answering, defendant Scoll states he was counsel for Gene Gilman and TradeTrek only on discreet matters from time to time and did not simultaneously act as counsel for Mrs. Steffenberg and handle legal matters for Gene Gilman and TradeTrek.

44.    Defendant Scoll admits the allegations in paragraph 44 of the Complaint to the extent they relate to attorney Scoll in his capacity as trustee and denies the remaining allegations in said paragraph. Further answering, defendant Scoll states he was counsel for Gene Gilman only on discreet matters from time to time and did not simultaneously act as counsel for Mrs. Steffenberg and for Gene Gilman.

45-47. Defendant Scoll denies the allegations in paragraphs 45 through 47 of the Complaint.

**COUNT III**

48.    Defendant Scoll restates and incorporates herein his answers to paragraphs 1 through 47 of the Complaint.

49.    Defendant Scoll admits the allegations in paragraph 49 of the Complaint.

50-52. Defendant Scoll denies the allegations in paragraphs 50 through 52 of the Complaint.

-3-

24736.1

## COUNT IV

53.    Defendant Scoll restates and incorporates herein his answers to paragraphs 1 through 52 of the Complaint.

54-56. Defendant Scoll denies the allegations in paragraphs 54 through 56 of the Complaint.

## COUNT V THROUGH COUNT XIV

57-110.   The allegations in paragraphs 57 through 110 of the Complaint are directed against defendants other than defendant Scoll and thus require no response by him.

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Any liability on the part of defendant Scoll must be reduced or is barred by plaintiff's comparative negligence.

3.    Any damages sustained by plaintiff was caused by individuals for whose conduct defendant Scoll is not responsible.

4.    Any claims against defendant Scoll are barred by the applicable statutes of limitations and/or by the doctrines of estoppel, waiver and/or laches.

DAVID M. SCOLL,

By his attorney,

_____

George C. Rockas, BBO#544009
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I that the foregoing
by mail, postage
prepaid.
Signed under the pains and penalties of perjury
DATED:    4/7/04

A true copy by photostatic process
Attest:

24736.1

-4-