COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                    CIVIL ACTION NO. 03-2519C

| | |
|---|---|
| ELIZABETH R. STEFFENBERG,<br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN,<br>THE GILMAN INSURANCE<br>AGENCY, INC., DAVID M. SCOLL,<br>ARBOR SECURITIES, LTD.,<br>ALLIANCE INVESTMENT<br>MANAGEMENT, COMMONWEALTH<br>FINANCIAL HOLDINGS INC.,<br>FINANCIAL LINKS, INC.,<br>T. GILMAN & CO., LTD.,<br>FIRST ALLIED SECURITIES, INC.,<br>PENSON FINANCIAL SERVICES, INC.,<br>AVIVA USA CORPORATION,<br>TRADETEK, LTD., TRADETEK, LLC,<br>and IVY HELIX, LLC,<br>    Defendants. | [Handwritten note:] Allowed except as to Ivy Helix Inc based upon Ivy Helix Inc, agreeing not to sell or encumber its assets (incl./ownership in software) for 30 days, during which period [illegible] cooperate with plaintiff's requests [illegible]<br><br>JC<br>3/24/04  (5) |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg") hereby moves this Court to issue a Preliminary Injunction in this matter. Injunctive relief is necessary to prevent the further dissipation of Mrs. Steffenberg's assets which were misappropriated by her former investment broker and long-time trusted financial advisor, Defendant T. Gene Gilman, and to seek security for the judgment she anticipates obtaining in this action. Mrs. Steffenberg requests that this Court enter an Order in the proposed form attached hereto as Exhibit A, which (1) prohibits T. Gene Gilman, TradeTek, Ltd., TradeTek, LLC, and Ivy Helix, LLC from disbursing, alienating or encumbering any of their respective assets, except as to any payments which are

{J:\CLIENTS\lit\303603\0001\00421298.DOC;1}

expressly required in the ordinary course of business, and; (2) ordering T. Gene Gilman, TradeTek, Ltd., TradeTek, LLC, and Ivy Helix, LLC to hold their assets in constructive trust to satisfy any judgment Mrs. Steffenberg may obtain in this matter.

As grounds for this Motion, Mrs. Steffenberg states that she has a likelihood of success on the merits of this action, she will suffer imminent and irreparable harm if the injunctive relief is not granted, and that such harm far outweighs any harm that Defendants will suffer if the Preliminary Injunction is granted.

In further support of this Motion, Mrs. Steffenberg relies on her previously filed First Amended Verified Complaint and her Memorandum in Support of Motion for Preliminary Injunction, filed herewith.

**WHEREFORE,** Plaintiff, Elizabeth R. Steffenberg, respectfully requests that this Court issue a Preliminary Injunction in the proposed form attached hereto as Exhibit A.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

*/s/ Louis S. Ciavarra*

Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 929-3408

Dated: March 18, 2004

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                          CIVIL ACTION NO. 03-2519C

ELIZABETH R. STEFFENBERG,           )
    Plaintiff,                                    )
                                                   )
v.                                                      )
                                                   )
T. GENE GILMAN, STEVEN GILMAN,      )
THE GILMAN INSURANCE                )
AGENCY, INC., DAVID M. SCOLL,       )
ARBOR SECURITIES, LTD.,             )
ALLIANCE INVESTMENT                 )
MANAGEMENT, COMMONWEALTH            )
FINANCIAL HOLDINGS INC.,            )
FINANCIAL LINKS, INC.,              )
T. GILMAN & CO., LTD.,              )
FIRST ALLIED SECURITIES, INC.,      )
PENSON FINANCIAL SERVICES, INC.,    )
AVIVA USA CORPORATION,              )
TRADETEK, LTD., TRADETEK, LLC,      )
and IVY HELIX, LLC,                 )
    Defendants.                                   )

FILED
MAR 18 2004
ATTEST

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PRELIMINARY INJUNCTION

### INTRODUCTION

This is an action by Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg") to recover over $1 million misappropriated from her investment accounts by her former investment broker and long-time trusted financial advisor, Defendant T. Gene Gilman ("Gene Gilman"). Gene Gilman has converted Mrs. Steffenberg's entire retirement savings to his own use, or to the use of entities that he either owns or controls. Since learning of her substantial losses in or about late October, 2003, Mrs. Steffenberg has made repeated demands for the return of her retirement funds, but she has had no monies returned to her nor has she been able to communicate in any

{J:\CLIENTS\lit\303603\0001\00420282.DOC;1}

way with Gene Gilman or any of his entities. Accordingly, Mrs. Steffenberg seeks immediate injunctive relief to prevent any further dissipation of her assets and to seek security for the judgment she anticipates obtaining in this action.

## FACTUAL BACKGROUND

The factual background of this matter is set forth in the First Amended Verified Complaint, filed herewith. The relevant portions are restated herein:

1.  Mrs. Steffenberg and her now deceased husband, Arthur J. Steffenberg (collectively referred to herein as the "Steffenbergs"), an elderly, retired couple, retained T. Gene Gilman and T. Gilman & Co. to provide them with investment advice and financial planning services.

2.  The Steffenbergs had little prior investment experience and, over a period of years, they developed a relationship of deep trust and confidence with Gene Gilman such that they entrusted him with complete discretion and control over their investment portfolio. Their investment portfolio comprised their entire retirement savings.

3.  At that time, the Steffenbergs' assets with Gilman were worth approximately $1.109 million and their portfolio reflected their investment goals and objectives: safe, conservative investments which would generate income with which the couple could live through their retirement years.

4.  During the time that Gene Gilman provided investment advice to the Steffenbergs, he was a registered broker with First Allied Securities, Gilman Insurance Agency, and Financial Links.

5.  Upon information and belief, commencing in or about 1999, Gene Gilman began to divert monies from the investment accounts of the Steffenbergs and his other clients to Arbor

Securities, an offshore entity located in the Bahamas. At no time did Gene Gilman inform the Steffenbergs that their money was being invested overseas.

6. Upon information and belief, over the following several years, Gene Gilman transferred the Steffenbergs' funds from Arbor Securities to TradeTek, LLC or TradeTek, Ltd., corporations he owns and for which he serves as president and treasurer. (TradeTek, LLC and TradeTek, Ltd. shall herein collectively be referred to as "TradeTek".) At no time did Gene Gilman advise the Steffenbergs that their money was being invested in TradeTek.

7. Upon information and belief, Gene Gilman used a variety of entities to perpetrate the diversion of his clients' account monies to Arbor Securities and TradeTek, including but not limited to Financial Links, Commonwealth Financial Holdings, Alliance Investment Management, Gilman Insurance Agency, T. Gilman Co., Edgewater Securities, LLC and The Leeward Financial Group.

8. Upon information and belief, in order to deceive his clients, including the Steffenbergs, into believing that they had legitimate investments, Gene Gilman created and sent them fictitious monthly investment statements.

9. Upon information and belief, to prevent his clients, including the Steffenbergs, from learning that their investments had been diverted to an offshore account and, ultimately, TradeTek, Gene Gilman sent them monthly checks which purportedly represented dividends from their investments.

10. Upon information and belief, in or about August, 2003, Gene Gilman created and sent a fictitious net worth statement to the Steffenbergs reflecting almost $1.9 million in assets, $484,000.00 of which was purportedly held at Arbor Securities.

11.     Subsequently, upon information and belief, Gene Gilman continued to prey on the Steffenbergs by persuading them to liquidate two Certificates of Deposit worth $252,355.74 and to transfer the proceeds to him, claiming he would invest the proceeds for them. Instead, upon information and belief, Gene Gilman caused the proceeds to be transferred to Arbor Securities and, ultimately, TradeTek.

12.     Upon information and belief, shortly after the death of Mr. Steffenberg in late August, 2003, Gene Gilman persuaded an emotionally and mentally fragile Mrs. Steffenberg to transfer the proceeds of Mr. Steffenberg's life insurance policy, worth approximately $220,000, to Arbor Securities, claiming that he would invest the funds for her. Upon information and belief, these proceeds were ultimately diverted to TradeTek.

13.     Upon information and belief, Gene Gilman has sold and/or otherwise conveyed, or intends to sell and/or otherwise convey, the assets of TradeTek to Ivy Helix, a limited liability company recently formed by Diane Gilman, Gene Gilman's wife, and William Gilman, in order to prevent the attachment of TradeTek's assets by Gene Gilman's creditors or victims.

14.     On or about October 31, 2003, Mrs. Steffenberg learned that she had been defrauded of her and her husband's entire life savings by Gene Gilman and the various entities and individuals with whom he had been working when she received her monthly statement from Financial Links which reflected a remaining balance in her investment accounts of $4,014.06.

15.     Efforts to secure the return of Mrs. Steffenberg's investments made on her behalf have been unsuccessful.

16.     The Federal Bureau of Investigation has contacted Mrs. Steffenberg in connection with its investigation into Gene Gilman's activities. No money has been recovered.

17. On or about December 4, 2003, in a separate matter in Middlesex County Superior Court involving the same defendants and circumstances, this Court (Brassard, J.) issued a preliminary injunction preventing defendants from destroying, encumbering or conveying in any manner their assets.

## LEGAL ARGUMENT

### I. PRELIMINARY INJUNCTION STANDARD

Mrs. Steffenberg is entitled to injunctive relief in this matter because (1) she has a likelihood of success on the merits of her claims; (2) she has and will continue to suffer irreparable injury if the injunctive relief is not granted; and (3) such harm outweighs any harm which granting injunctive relief would inflict on Defendants. See Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990); Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Electric Co., 399 Mass. 640, 642 (1987); Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980); Smith & Zobel, 8A Mass. Practice Series at pp. 73 et seq. As will be demonstrated herein, Mrs. Steffenberg has established a likelihood of success on the merits and irreparable harm if the injunctive relief is not granted, and that the harm to her which would result if the injunction is not granted far exceeds any harm which Defendants might suffer from the requested injunctive relief.

### II. MRS. STEFFENBERG WILL PREVAIL ON THE MERITS OF HER CLAIMS AGAINST DEFENDANTS.

#### A. Fraud/Intentional Misrepresentation

To establish a claim of fraud, Mrs. Steffenberg must show that Defendants made a false representation of a material fact with knowledge of its falsity for the purpose of inducing Mrs. Steffenberg to act thereon, and that Mrs. Steffenberg reasonably relied upon the representation as true and acted upon it to its detriment. See Barrett Associates, Inc. v. Aronson, 346 Mass. 150,

152 (1963); Commerce Bank & Trust Co. v. Hayeck, 46 Mass.App.Ct. 687, 692 (1999); Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991). In this case, it is clear that Mrs. Steffenberg has been the victim of Defendants' fraudulent conduct, which includes sending false investment account statements and dividend checks to her in order to induce to her to continue investing her monies with them. Mrs. Steffenberg reasonably relied on Defendants as Gene Gilman had been her and her husband's trusted investment advisor for many years and, as such, continued to permit Gene Gilman to handle her investments until she learned, in or about November, 2003, that she had lost virtually all of her assets.

B.   Breach of Fiduciary Duty

Under Massachusetts law, investment advisors who have complete discretion over a client's assets owe that client a duty to exercise reasonable and prudent judgment and to act at all times in good faith towards that client. See Patsos v. First Albany Corp. 433 Mass. 323, 333-4 (2001). Here, Defendants, as Mrs. Steffenberg's investment advisors, owed her a fiduciary duty which they clearly breached by diverting almost her entire retirement savings to Arbor Securities, and, ultimately, TradeTek.

C.   Conversion

Conversion requires the exercise of dominion or control over the personal property of another. Third National Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244 (1983). After demand was made for the return of Mrs. Steffenberg's assets, Defendants had absolutely no right to possession of the assets. Their continued failure to return the funds and avoid Mrs. Steffenberg clearly makes out a prima facie case for conversion.

D.  Constructive Trust

In Massachusetts, a constructive trust is imposed to avoid the unjust enrichment of one party at the expense of another where property is obtained by a violation of a fiduciary relation. Meehan v. Shaughnessy; Cohen, 404 Mass. 419, 448 (1989). In this case, Defendants, in violation of their fiduciary relationship with Mrs. Steffenberg, diverted her investment accounts to Arbor Securities, and, ultimately, TradeTek, in order to finance its operations. Because it appears that Defendants have sold or otherwise conveyed, or intend to sell or otherwise convey, the assets of Trade Tek to Ivy Helix, Massachusetts law requires that TradeTek and Ivy Helix hold their assets in constructive trust for Mrs. Steffenberg to secure the judgment she will obtain against Defendants.

III.  MRS. STEFFENBERG WILL SUFFER IRREPARABLE HARM IF DEFENDANTS ARE NOT ENJOINED FROM SELLING OR OTHERWISE CONVEYING THEIR ASSETS.

The longer Defendants remain free to convey the assets of TradeTek and/or Ivy Helix, the less likely it is that Mrs. Steffenberg will ever see any of the over $1 million of her investments that she lost at the hands of Defendants. The funds that Defendants diverted from Mrs. Steffenberg's investment accounts comprised her *entire* retirement savings. Her living situation, health, financial and emotional well-being are all in jeopardy until this Court enjoins Defendants from conveying the assets of TradeTek and Ivy Helix to secure the judgment Mrs. Steffenberg will obtain in this matter.

IV.  A BALANCING OF THE EQUITIES REQUIRES THE ISSUANCE OF IMMEDIATE EQUITABLE RELIEF.

Defendants have absolutely no claim or right to Mrs. Steffenberg's assets which they misappropriated for their own use and benefit. The longer they are unrestrained, the more likely it is that they will dissipate, hide offshore, or otherwise conceal Mrs. Steffenberg's assets thereby

keeping them from being returned to her. Clearly no equity can be attributed to Defendants, who have violated the highest orders of ethical trust and fiduciary duty in their dealings with Mrs. Steffenberg. Accordingly, any evaluation of the "balance of harm" clearly dictates that an injunction must issue.

## CONCLUSION

For the foregoing reasons, Mrs. Steffenberg respectfully requests that this Court issue a preliminary injunction prohibiting Gene Gilman, TradeTek and Ivy Helix from disbursing, alienating or encumbering any of their assets, and further ordering that said assets be held by Gene Gilman, TradeTek and Ivy Helix in constructive trust to satisfy any judgment Mrs. Steffenberg may obtain in this matter.

ELIZABETH R. STEFFENBERG
By her attorneys,

*[signature]*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 929-3408

Dated: March 18, 2004

{J:\CLIENTS\lit\303603\0001\00420282.DOC;1}    8

A true copy by photostatic process
Attest: *[signature]* Eugene G. Sullivan
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                    CIVIL ACTION NO. 03-2519C

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) |  |
| ) | FILED |
| T. GENE GILMAN, STEVEN GILMAN, ) | MAR 18 2004 |
| THE GILMAN INSURANCE ) | ATTEST |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| FIRST ALLIED SECURITIES, INC., ) | |
| PENSON FINANCIAL SERVICES, INC., ) | |
| AVIVA USA CORPORATION, ) | |
| TRADETEK, LTD., TRADETEK, LLC, ) | |
| and IVY HELIX, LLC, ) | |
|     Defendants. ) | |

## EX PARTE MOTION FOR ORDER OF SHORT NOTICE

Now comes Plaintiff, Elizabeth R. Steffenberg, and moves this Court for an Order shortening the time required for a notice of a hearing on her Motion for Preliminary Injunction, and to order that the Motion be scheduled to be heard on <u>Wednesday, March 24, 2004 at 9:00 a.m.</u>, or as soon thereafter as counsel can be heard.

{J:\CLIENTS\lit\303603\0001\00421287.DOC;1}

3/18/04
S.O.N returnable 3/24/04 @ 2:00 pm
Connor, J
attest: Karen a zong, asst. Clerk

                    Respectfully submitted,

                    ELIZABETH R. STEFFENBERG
                    By her attorneys,

                    */s/ [signature]*

                    Louis M. Ciavarra, Esquire (BBO #546481)
                    Christine S. Collins, Esquire (BBO #639293)
                    Bowditch & Dewey, LLP
                    311 Main Street
                    P.O. Box 15156
                    Worcester, MA  01615-0156

Dated: March 18, 2004          (508) 929-3408

A true copy by photostatic process
Attest: *Eugene G. Sullivan*
Asst. Clerk

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET# WOCV2003-02519

RE:  Steffenberg v Gilman Insurance Agency Inc et al

## PRELIMINARY INJUNCTION

This action came on to be heard before the Court upon the return of an Order of Notice to show cause why the application for a preliminary injunction should not be granted, and was argued by counsel; and upon consideration thereof,

It is **ORDERED and ADJUDGED** that upon payment to the clerk of the sum of $110.00, and until further order of the Court, the application under the prayers of the complaint is hereby granted; and the defendant(s), T. Gene Gilman, TradeTek Ltd., and TradeTek, LLC. its agents, servants, attorneys and deputies are **ENJOINED** and **REFRAINED** from:

**************** SEE ATTACHED ORDER *************

Defendant Ivy Helix, LLC is exempt from this order based upon Ivy Helix LLC agreeing not to sell or encumber its assets (including ownership in software) for 30 days during which period it will cooperate with plaintiffs requests for discovery.

Dated at Worcester, Massachusetts this 24th day of March, 2004.

John P. Connor, Jr., Justice

BY: _Alexander Rodriguez III_
    Assistant Clerk

Rec'd $110

Telephone: 508-770-1899, Ext. 125 or Ext. 105 (Session Clerk)

cvdpinj.wpd 1010967 pinj marchand

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                        CIVIL ACTION NO. 03-2519C

| | |
|---|---|
| ELIZABETH R. STEFFENBERG,<br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN,<br>THE GILMAN INSURANCE<br>AGENCY, INC., DAVID M. SCOLL,<br>ARBOR SECURITIES, LTD.,<br>ALLIANCE INVESTMENT<br>MANAGEMENT, COMMONWEALTH<br>FINANCIAL HOLDINGS INC.,<br>FINANCIAL LINKS, INC.,<br>T. GILMAN & CO., LTD.,<br>FIRST ALLIED SECURITIES, INC.,<br>PENSON FINANCIAL SERVICES, INC.,<br>AVIVA USA CORPORATION,<br>TRADETEK, LTD., TRADETEK, LLC,<br>and IVY HELIX, LLC,<br>    Defendants. | PROPOSED ORDER |

Upon motion and after hearing, this Court finds and rules that Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg") has demonstrated that (1) there is a substantial likelihood that Mrs. Steffenberg will prevail on the merits of her claims against Defendants; (2) Mrs. Steffenberg will be irreparably harmed if the requested relief is not granted; and (3) the injury to Mrs. Steffenberg should the requested injunctive relief be denied will outweigh any potential injury or damage to Defendants if the requested injunctive relief is granted.

Accordingly, Defendants T. Gene, Gilman, TradeTek, Ltd., TradeTek, LLC, a~~nd~~ [initials] 3/24/04 ~~Helix, LLC,~~ are hereby (1) prohibited from disbursing, alienating or encumbering any of their

{J:\CLIENTS\lit\303603\0001\00421298.DOC;1}                3

respective assets, except any payments which are expressly required in the ordinary course of business and, as to any such payments, each shall account to Plaintiff's counsel monthly identifying to whom such payments were made and on account of what obligations; and (2) ordered to hold said assets in constructive trust for Mrs. Steffenberg until such time as this Court issues judgment in this matter.

_3/24/04_
Date

_____, J.
Connor
Associate Justice of the Superior Court

A true copy by photostatic process
Attest: _____
Asst. Clerk

{J:\CLIENTS\lit\303603\0001\00421298.DOC;1}    4