COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

Worcester, ss.                              Superior Court Department
                                            of the Trial Court
                                            Civil Action No. 03-2519C

ELIZABETH R. STEFFENBERG          )
            Plaintiff,            )
                                  )
        v.                        )     20_04_ Filed in Court _3/24_
T. GENE GILMAN, STEVEN GILMAN     )
THE GILMAN INSURANCE AGENCY, INC.,)
DAVID M. SCOLL, ARBOR SECURITIES, LTD., )
ALLIANCE INVESTMENT MANAGEMENT,   )     Attest _____
COMMONWEALTH FINANCIAL HOLDINGS,  )                  Assistant Clerk
INC., FINANCIAL LINKS, INC., T. GILMAN & )
CO., LTD., FIRST ALLIED SECURITIES, INC. )
PENSON FINANCIAL SERVICES, INC., AVIVA )
USA CORPORATION, TRADETEK, LTD.,  )
TRADETEK, LTD., TRADETEK, LLC and )
IVY HELIX, LLC,                   )
            Defendants.           )
                                  )

### DEFENDANT IVY HELIX, LLC'S OPPOSITION TO
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Ivy Helix, LLC ("Ivy Helix") hereby moves this honorable Court to deny the Plaintiff Elizabeth R. Steffenberg's ("Plaintiff") Motion for a Preliminary Injunction against Ivy Helix. As grounds for this Opposition, Ivy Helix states as follows:

### Background and Facts

Ivy Helix is a Massachusetts Limited Liability Corporation which was formed on February 12, 2004. (A true and accurate copy of the Certificate of Organization is attached hereto as Exhibit A.) Ivy Helix is in the business of providing stock market traders with analytical trading software. The software provides traders with historically tested algorithms designed to provide traders with relatively constant returns over years of trading while minimizing risk. The company was founded by William Gilman ("Will").

Will was graduated from the University of Colorado with a B. A. in Economics in December, 2003. After his graduation, Will returned to his family home in Newton, Massachusetts and set about to start his own company. He had been working on the software and the idea for his company while at college and was able to establish his company soon upon his graduation.

Ivy Helix was formed on February 12, 2004 with virtually no start-up capital. The company has been in business for just over a month and has one customer who is leasing Ivy Helix's software at $15,000 per month.

Will is the son of T. Gene Gilman ("Gilman") who is a defendant and owner of all of the other defendant corporations (the "Gilman entities") in this action. Gilman has no connection, relationship, dealings or involvement with Ivy Helix which is run exclusively by Will.

The Complaint filed in this action, names Ivy Helix as a defendant. The Complaint, however, fails to make a single factual allegation against Ivy Helix. Rather, in Count XIV of the fourteen count Complaint, the Plaintiff, without any foundation whatever, asserts:

> 109. Upon information and belief, Gene Gilman has sold and/or otherwise conveyed, or intends to sell and/or otherwise convey, the assets of TradeTek to Ivy Helix…in order to prevent the attachment of TradeTek's assets by Gene Gilman's creditors or victims.
> 110. Upon information and belief, TradeTek and/or Ivy Helix have been unjustly enriched at the expense of Mrs. Steffenberg…as the proceeds of Mrs. Steffenberg's investments were diverted to TradeTek and/or Ivy Helix by Gene Gilman. (Complaint p. 18)

The Plaintiff offers no substantiation or foundation for these bald, improperly advanced assertions. The Plaintiff offers no substantiation or foundation, because there is

no truth to these assertions. Gilman did not sell or otherwise convey the assets of TradeTek to Ivy Helix.

In fact, the sale or conveyance of TradeTek assets to Ivy Helix was and remains an impossibility. On December 5, 2003, this Court, in <u>Mital et al. v. Gilman et al., Middlesex Sup. Ct. Docket No. MICV2003-04831</u>, imposed a Restraining Order on TradeTek (and the other Gilman entities) permanently enjoining them from conveying in anyway the assets of TradeTek (or the other Gilman entities.) A true and accurate copy of the Preliminary Injunction is attached hereto as Exhibit B.

Accordingly, there has been and there remains a restraining order in place against the TradeTek assets since more than two months <u>prior</u> to the formation of Ivy Helix. Ivy Helix could not possibly – and did not – receive assets of TradeTek.

Further, Will has no intention of receiving assets from TradeTek in the future. The Affidavit of William Gilman is attached hereto as Exhibit C.

## **ARGUMENT**

### I. **Preliminary Injunction Standard**

In order to prevail on her Motion for Preliminary Injunction, the Plaintiff must prove that: 1) she has a likelihood of success on the merits of her claims; 2) she has and will continue to suffer irreparable injury if the injunctive relief is not granted; and 3) such harm outweighs any harm which granting relief would inflict on Will. <u>Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue</u>, 406 Mass 701, 710 (1990). The Plaintiff cannot meet any of these three requirements.

## II. Plaintiff Cannot Prevail on the Merits of her Claim Against Ivy Helix

As set forth above, Ivy Helix did not exist until well after an injunction against the transfer of assets had already been imposed against TradeTek. It is, therefore, an impossibility for Ivy Helix to have received in any way any assets from TradeTek.

Plaintiff does not allege that Ivy Helix engaged in any of the fraudulent conduct, misrepresentation, breach of fiduciary duty or conversion which Plaintiff alleges against the other defendants in this matter. Plaintiff does not, because she cannot. Ivy Helix did not engage in any of this conduct. In fact, it did not even exist when the conduct complained of is alleged to have occurred.

The "claim" against Ivy Helix is that it might have received assets from TradeTek and/or might be contemplating receiving assets from TradeTek in the future. This is woefully short of the proof necessary to prevail on the merits. Where there are no facts to support the allegations, the Plaintiff's bald allegations are unconvincing and Plaintiff will not prevail on the merits in her claim against Ivy Helix.

## II. The Plaintiff Has Suffered No Harm From Ivy Helix

Ivy Helix does not have any assets of either the Plaintiff or of TradeTek or any of the Gilman entities. Ivy Helix has engaged in no actions that have harmed the plaintiff. The future harm which the Plaintiff seeks to enjoin is an impossibility.

## III. The Harm to Ivy Helix Outweighs the Harm to the Plaintiff.

The Plaintiff has not been and will not be harmed by Ivy Helix. Ivy Helix sells and leases software to traders. The operation of Ivy Helix has nothing to do with Gilman or the Gilman entities. Since there is no harm to the Plaintiff, it would be outweighed by any harm at all to Ivy Helix. In fact, Ivy Helix will suffer severe harm if it is enjoined from accumulating assets and is forced to maintain them in a constructive trust for the benefit

4

of the Plaintiff. Ivy Helix was formed "on a shoestring" from the savings and graduation money received by Will. If he is not allowed to operate his business in an unfettered manner, it will surely fail and he will lose his livelihood which is his sole source of support. Further, Ivy Helix will suffer irreparable – and most likely fatal - harm if there is a perception in the industry that the entity is somehow tinged by illegal activity and/or is operating under a court-imposed restraining order.

## IV. No Constructive Trust Should Be Imposed On Ivy Helix.

The Plaintiff prays that Ivy Helix's assets be held in a constructive trust for the benefit of the Plaintiff. As a practical matter, there are no assets to be held and certainly no assets from TradeTek. Given the restraining order on TradeTek's assets, it is impossible for Ivy Helix to ever obtain any assets from TradeTek. The creation of a constructive trust would only be on assets accumulated by Ivy Helix in the future and in the ordinary course of its business. The Plaintiff is not entitled to these assets and, therefore, no constructive trust should be imposed.

## CONCLUSION

Plaintiff's Motion contains only a vague allegation as to Ivy Helix and seeks to prevent conduct that has not and cannot occur. Plaintiff cannot possibly succeed on the merits and the harm to Ivy Helix far outweighs the non-existent harm to the Plaintiff. For all of the foregoing reasons, Ivy Helix opposes the Plaintiff's Motion for a Preliminary Injunction as to Ivy Helix.

Respectfully submitted,

IVY HELIX, LLC,
By its attorney,

_____
B. J. Krintzman BOB# 559318
Law Offices of B. J. Krintzman
30 Avalon Road
Waban, MA 02468-1610
(617) 244-7700

Dated: March 24, 2004

### CERTIFICATE OF SERVICE

I, B. J. Krintzman, attorney for Ivy Helix, LLC, certify that on March 24, 2004, I served the within pleading upon the Plaintiff, by serving an exact copy thereof in hand to Plaintiff's attorney of record, Christine S. Collins, Esq., Bowditch & Dewey, LLP, 311 Main ST., Worcester, MA 01615.

_____
B. J. Krintzman, Esq.

A true copy by photostatic process
Attest:
Asst. Clerk  Eugene G. Sullivan