UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-40113-FDS

ELIZABETH R. STEFFENBERG,  ) (BBO#639293)
    Plaintiff, )
  )
v. )
  )
T. GENE GILMAN, STEVEN GILMAN, )
THE GILMAN INSURANCE )
AGENCY, INC., DAVID M. SCOLL, )
ARBOR SECURITIES, LTD., )
ALLIANCE INVESTMENT )
MANAGEMENT, COMMONWEALTH )
FINANCIAL HOLDINGS INC., )
FINANCIAL LINKS, INC., )
T. GILMAN & CO., LTD., )
FIRST ALLIED SECURITIES, INC., )
PENSON FINANCIAL SERVICES, INC., )
AVIVA USA CORPORATION, )
TRADETEK, LTD., and )
TRADETEK, LLC, )
    Defendants. )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DAVID M. SCOLL

Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg"), hereby requests that this Court order Defendant, David M. Scoll ("Attorney Scoll"), to provide responsive documents to certain requests set forth in Mrs. Steffenberg's First Request for Production of Documents to Defendant David M. Scoll (the "First Request"). In this case, Mrs. Steffenberg alleges that she and her recently deceased husband were defrauded of over $1,000,000 by their former financial advisor, Defendant, T. Gene Gilman ("Gene Gilman"). Mrs. Steffenberg's attorney at the time was Defendant Scoll. Incredibly, Attorney Scoll was also Gene Gilman's attorney at the same time

04-40113-FDS

{J:\CLIENTS\lit\303603\0001\00452994.DOC;2}

and was intimately involved in the various companies and entities formed by Gene Gilman to facilitate his fraudulent scheme. To date, Mrs. Steffenberg has been unable to obtain relevant documents from Gene Gilman and has, pursuant to Fed. R. Civ. P. 34, sought to obtain this evidence and information from Attorney Scoll. Unfortunately, Attorney Scoll has continued his past practice of hiding information from Mrs. Steffenberg by now refusing to produce the requested documents.

## FACTUAL BACKGROUND

1. This is an action by Mrs. Steffenberg to recover over $1,000,000.00 misappropriated from her investment accounts by her former investment broker and long-time financial advisor, Defendant Gene Gilman.

2. Gene Gilman has converted essentially all of Mrs. Steffenberg's assets to his own use, or to the use of entities that he either owns or controls, including but not limited to the following Defendants: The Gilman Insurance Agency, Inc.; Arbor Securities, Ltd.; Commonwealth Financial Holdings, Inc.; Financial Links, Inc.; T. Gilman & Co., Ltd.; TradeTek, Ltd.; and TradeTek, LLC (the "Gilman Entities").

3. Mrs. Steffenberg learned of her substantial losses in or about late October, 2003. In or about that time, she also learned that her attorney, Defendant Scoll, had simultaneously represented her and her now deceased husband, Arthur J. Steffenberg, and Defendant Gene Gilman and/or the Gilman Entities.

4. Mrs. Steffenberg has asserted negligence, breach of contract and breach of fiduciary duty claims against Attorney Scoll based, in part, on his concurrent representation of the Steffenbergs and Gene Gilman and/or the Gilman Entities.

5.  Mrs. Steffenberg has repeatedly demanded the return of her retirement funds from Gene Gilman and his various entities, but she has received no response. Neither Gene Gilman nor any of the Gilman Entities has filed an appearance in this matter. Mrs. Steffenberg is informed that Gene Gilman is under investigation by the Federal Bureau of Investigation and the United States Attorney's office. See Affidavit of Louis M. Ciavarra, Esquire ("Ciavarra Aff.") at ¶ 4.

6.  Counsel for Mrs. Steffenberg has repeatedly attempted to contact Gene Gilman's criminal defense attorney in order to obtain documents in Gene Gilman's possession concerning the Steffenbergs. To date, counsel for Gene Gilman has been unresponsive to these requests. See Ciavarra Aff., ¶ 3.

7.  Mrs. Steffenberg served her First Request on Attorney Scoll on or about May 27, 2004, a true and accurate copy of which is attached hereto as Exhibit A. On or about June 24, 2004, Attorney Scoll, through counsel, provided his responses to the First Request ("Responses"), a true and accurate copy of which is attached hereto as Exhibit B. In his Responses, Attorney Scoll has objected to producing documents responsive to the vast majority of requests, claiming that the documents are irrelevant, privileged and/or "confidential."

8.  In accordance with Local Rules 7.1 and 37.1, counsel has attempted to resolve the dispute concerning the Responses to the First Request to resolve or narrow the discovery issues.

## ARGUMENT

There is no dispute that Attorney Scoll simultaneously represented the Steffenbergs and Gene Gilman during the time that Gene Gilman, by and through the Gilman Entities, misappropriated the Steffenbergs' investments. Accordingly, Mrs. Steffenberg has alleged that Attorney Scoll knew, or should have known of Gene Gilman's activities and should have advised

04-40113-FDS 3

{J:\CLIENTS\lit\303603\0001\00452994.DOC;2}

her of these activities, or, at a minimum, withdrawn as her counsel. In order to pursue her claims against the Defendants, Mrs. Steffenberg has sought essentially three categories of documents as set forth in Request Nos. 19-32, 34-35 and 38-39: (1) Documents relating to legal services provided by Attorney Scoll to Gene Gilman and the Gilman Entities; (2) materials relating to the incorporation of the Gilman Entities; and (3) communications between and among Attorney Scoll, Gene Gilman and the Gilman Entities.

          A.      The Requested Documents are Unarguably Relevant.

All three categories of documents go to the heart of Mrs. Steffenberg's claims against Attorney Scoll, and Mrs. Steffenberg's ability to pursue her claims against Attorney Scoll will be severely prejudiced if Attorney Scoll is not required to comply with her requests. Specifically, the first category of requested documents, those relating to legal services provided by Attorney Scoll to Gene Gilman and the Gilman Entities, will prove or disprove whether Attorney Scoll was concurrently representing the Steffenbergs and Gene Gilman at the same time that Gene Gilman was misappropriating the Steffenbergs' investments, as Mrs. Steffenberg has alleged. See Exhibit A. The second category, incorporation materials for the Gilman Entities, will demonstrate what knowledge, if any, Attorney Scoll had of Gene Gilman's activities. See id. Third, communications between Attorney Scoll, Gene Gilman and the Gilman Entities will prove (a) whether Attorney Scoll was involved in a conflict of interest by virtue of his dual representation, and (b) his scope of knowledge concerning Gene Gilman's investment activities. See id. Furthermore, Mrs. Steffenberg also hopes that the three categories of requested documents will shed some light on how her investments were used by Gene Gilman and/or where they are presently located, to the extent that they still exist. As such, this Court should require Attorney Scoll to comply with Mrs. Steffenberg's requests.

B.  Attorney Scoll's Objections Are Practically, Ethically and Legally Unfounded.

In his responses, Attorney Scoll has objected to producing any documents that are responsive to Request Nos. 19-32, 35-36 and 38-39 because, he argues, the documents are (a) not relevant, (b) not subject to disclosure pursuant to the attorney-client privilege, and/or (c) "confidential" pursuant to the Massachusetts Rules of Professional Conduct.[1]  See Exhibit B. Clearly Attorney Scoll's objections are disingenuous and designed simply to stonewall Mrs. Steffenberg's efforts to recover her retirement monies.

As an initial matter, as set forth above, Attorney Scoll cannot seriously argue that the requested documents are irrelevant.  Additionally, from a practical standpoint, Attorney Scoll may be the only source of documents explaining Gene Gilman's investment activities and what ultimately happened to Mrs. Steffenberg's retirement savings.  See Ciavarra Aff., ¶ 5.  Gene Gilman and the Gilman Entities, all Defendants in this action, have failed to answer or otherwise appear despite being served with all pleadings.  Further, counsel for Mrs. Steffenberg has repeatedly attempted to contact Gene Gilman's criminal defense attorney to obtain relevant documents.  However, Gene Gilman's attorney has been unresponsive to these requests.  See Ciavarra Aff., ¶ 3.

As for Attorney Scoll's contention that the Massachusetts Rules of Professional Conduct (the "Rules") and the attorney-client privilege preclude him from producing the requested documents, these objections are legally flawed.  First, many of the documents are simply not privileged.  In particular, documents relating to the incorporation, corporate structure and

---

[1] Counsel for Attorney Scoll agreed to produce a "privilege log" as to those documents Attorney Scoll contends are privileged.  To date, no such log has been received by counsel for Mrs. Steffenberg.

04-40113-FDS                                                 5

{J:\CLIENTS\lit\303603\0001\00452994.DOC;2}

administration of Gene Gilman's various entities, including but not limited to The Gilman Insurance Agency, T. Gilman & Co. Ltd., Financial Links, Inc., TradeTek, Ltd. and TradeTek, LLC, and Commonwealth Financial Holdings, Inc., are simply not confidential. See Mass. R. Prof. Conduct 1.6, cmt. 5B.

Second, Gene Gilman was served with a copy of the First Request, but has not asserted any objections thereto on his own behalf or on behalf of the Gilman Entities. Thus, because Gene Gilman and the Gilman Entities have not objected to the disclosure of their privileged information, Attorney Scoll should not be permitted to hide behind a claim of privilege to protect himself, and he is permitted to disclose the requested information if this Court requires that he do so. See Mass. R. Prof. Conduct 1.6, cmt. 20.

Third, if Attorney Scoll knew about Gene Gilman's fraudulent conduct with respect to the Steffenberg's assets at the time he was representing Gene Gilman, then Rules 1.6(b)(1) and 4.1(b) impose an obligation on Attorney Scoll to disclose information to the Steffenbergs pertaining to this conduct when he learned of it. Specifically, when collectively read, Rules 1.6(b)(1) and 4.1(b) require an attorney to disclose information to third parties "when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client . . ." where the lawyer reasonably believes that the client's act is "likely to result in . . . substantial injury to the financial interests or property of another." See Mass. R. Prof. Conduct 1.6(b)(1) and 4.1(b) cmt. 3 (emphasis added); Purcell v. District Attorney for the Suffolk District, 424 Mass. 109, 110-111 (1997) (Supreme Judicial Court adopts crime-fraud exception to the attorney-client privilege); Restatement (Third) of the Law Governing Lawyers, § 67(1)(a)-(d), cmt. b (2000) ("... client is not entitled to the protection of confidentiality when the client knowingly causes substantial financial harm through a crime or fraud and when . . . the client has in effect misused the client-

lawyer relationship for that purpose.") Attorney Scoll did not provide the Steffenbergs with this information when Gene Gilman was defrauding the Steffenbergs of their entire life savings, and he should not be allowed to continue avoiding his obligations to the Steffenbergs now that Gilman is facing criminal indictment for his conduct.

Finally, even assuming Attorney Scoll was <u>not</u> aware of Gene Gilman's fraudulent conduct at the time it was occurring but that his services were used to perpetrate the fraud, the Rules permit him to reveal information concerning Gene Gilman and Gilman's Entities to the Steffenbergs now, <u>after</u> the Steffenbergs have fallen victim to Gene Gilman, in order to "rectify client fraud in which the lawyer's services have been used . . . ." See Mass. R. Prof. Conduct Rule 1.6(b)(3) [2] and cmt. 12[A]; Restatement (Third) of the Law Governing Lawyers § 67(2), cmt. f (2000). See also A. v. B., 726 A.2d 924, 928 (N.J. 1999) (law firm permitted to disclose existence of client's illegitimate child which client had concealed from his wife, also a client of the law firm, and the law firm since wife's estate plan may have been adversely affected by existence of illegitimate child and attempt to conceal the child's existence). Accordingly, Attorney Scoll has a legal and ethical obligation to provide Mrs. Steffenberg with information pertaining to Gene Gilman and the Gilman Entities and justice demands that this Court enforce these obligations.

## CONCLUSION

Mrs. Steffenberg is an elderly woman whose entire savings disappeared at the hands of Gene Gilman and the Gilman Entities. While the Federal Bureau of Investigation and United States Attorney's Office are poised to indict Gilman for his criminal activities, unfortunately for

---

[2] This exception is subject to the provisions of Mass. R. Prof. Conduct Rule 3.3(e) which is inapplicable to this case as it involves situations where an attorney learns during the course of a criminal matter that his or her client intends to testify falsely and may need to reveal confidential client communications in order to effectuate a withdrawal from the matter. See Mass. R. Prof. Conduct 3.3(e).

Mrs. Steffenberg, all material information regarding the relationship between Attorney Scoll, Gene Gilman and the Gilman Entities upon which Mrs. Steffenberg's claims against Defendants are premised are in the exclusive possession, custody and control of one or more of the Defendants. Apparently recognizing this advantage, Attorney Scoll has refused to cooperate with Mrs. Steffenberg and to produce documents which would either support or refute her claim. As such, Attorney Scoll has failed to abide by the discovery obligations imposed by the Federal Rules of Civil Procedure, this Court, and the Massachusetts Rules of Professional Conduct. Accordingly, Attorney Scoll should be required to produce all documents responsive to Mrs. Steffenberg's Request Nos. 19-32; 34-36; and 38-39.

**WHEREFORE,** Plaintiff, Elizabeth R. Steffenberg, respectfully requests that this Court enter the following relief:

(a) Order Defendant David M. Scoll to produce all documents requested by Mrs. Steffenberg in her First Request for Production of Documents in Request Nos. 19-32; 34-36; and 38-39 within seven (7) days of the issuance of its Order; and

(b) Enter such other and further relief as this Court deems just and proper.

                Respectfully submitted,
                ELIZABETH R. STEFFENBERG,
                By Her Attorneys,

                /s/ Christine S. Collins
                Louis M. Ciavarra, Esquire (BBO #546481)
                Christine S. Collins, Esquire (BBO #639293)
                Bowditch & Dewey, LLP
                311 Main Street, P.O. Box 15156
                Worcester, MA 01615-0156
                (508) 926-3441

Date: August 27, 2004      (508) 929-3041

## CERTIFICATE OF SERVICE

I, Christine S. Collins, attorney for the Plaintiff, hereby certify that I have served a copy of the foregoing on the following by mailing a copy of same, via first-class mail, postage prepaid, this 27th day of August 2004 to all parties and counsel of record.

                /s/ Christine S. Collins
                Christine S. Collins