# **<u>Exhibit A</u>**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                   CIVIL ACTION NO. 03-2519C

ELIZABETH R. STEFFENBERG,   )
     Plaintiff,                  )
                                 )
v.                                  )
                                 )
T. GENE GILMAN, STEVEN GILMAN,  )
THE GILMAN INSURANCE          )
AGENCY, INC., DAVID M. SCOLL,   )
ARBOR SECURITIES, LTD.,        )
ALLIANCE INVESTMENT         )
MANAGEMENT, COMMONWEALTH  )     PLAINTIFF'S FIRST REQUEST
FINANCIAL HOLDINGS INC.,      )     FOR PRODUCTION OF DOCUMENTS
FINANCIAL LINKS, INC.,         )     TO DEFENDANT, DAVID M. SCOLL
T. GILMAN & CO., LTD.,         )
FIRST ALLIED SECURITIES, INC.,  )
PENSON FINANCIAL SERVICES, INC., )
AVIVA LIFE INSURANCE COMPANY, )
TRADETEK, LTD., TRADETEK, LLC,  )
and IVY HELIX, LLC,           )
     Defendants.            )

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Plaintiff, Elizabeth R. Steffenberg, requests that Defendant, David M. Scoll, produce for inspection and copying the documents described below at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, Massachusetts, all within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

1.     The word "document" or "documents" as used herein shall mean any original written record or graphic matter (or when the original is not in plaintiff's possession, custody, or control, a carbon or other identical copy), however produced or reproduced and each copy of the

original that contains any attachments, notes or markings not contained in or on the original, including without limitation the following, whether printed, recorded or produced by hand: agreements, communications, correspondence, email, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans and specifications, drawings, notes, reports, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, progress reports, opinions or reports of consultants, photographs, motion picture film, brochure, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, sound records and transcripts thereof, accounts ledgers, financial records, corporate records, newspapers, magazines and other publications and clippings therefrom, estimates, engineer's reports, licenses, permits, requisitions, invoices, leases, assignments, microfilm, and computer printouts or other data together with any materials required for the reasonable interpretation thereof, in your possession or control, or that of your agents, employees, servants or assigns. A document in the possession, custody or control of another person is considered to be in your possession, custody or control if you have a right or privilege to examine it upon request or demand.

2.       As used herein, the terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party such as "you " or "your" means the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives and all other persons acting or purporting to act on its behalf.

3.       The term "Complaint" as used herein refers to the complaint filed by the Plaintiff in the above-captioned lawsuit.

4.     The term "the Steffenbergs" as used herein refers to Plaintiff, Elizabeth R. Steffenberg, and her deceased husband, Arthur J. Steffenberg.

5.     The term "Scoll" as used herein refers to Defendant, David M. Scoll.

6.     The term "Freeto, Peterson & Scoll" as used herein refers to the law firm(s) of Freeto, Peterson & Scoll; Freeto, Peterson, Scoll & Siciliano; Estate Planning Law Services; and each of their respective predecessors, successors, employees and/or agents.

7.     If any documents responsive to this request have been destroyed, please describe such documents and state: (a) the date of the destruction of such documents; (b) the names of the persons who destroyed such documents; and (c) the reasons why such documents were destroyed.

8.     If you contend that any requested document is privileged or is otherwise not subject to discovery, please:

    (a)     state the name of each signatory to the document and the capacity in which each signed;

    (b)     state the date of the document;

    (c)     state the name of each addresser of the document and the capacity in which each was acting at the time he or she addressed the document;

    (d)     state the name of each addressee of the document (including all persons to whom copies were sent) and the capacity in which each such addressee was addressed;

    (e)     set forth the subject matter of the document; and

    (f)     set forth the specific grounds or reasons asserted for withholding the document.

## DOCUMENTS REQUESTED

**Request No. 1**

Any and all documents which set forth the identity and location of persons having knowledge of any discoverable matter.

**Request No. 2**

All documents that evidence, reflect or reference all communications between the Steffenbergs and Scoll.

**Request No. 3**

All documents that evidence, reflect or reference all communications between the Steffenbergs and Freeto, Peterson & Scoll.

**Request No. 4**

All documents that evidence, reflect or reference all communications between the Steffenbergs and T. Gene Gilman.

**Request No. 5**

All documents that evidence, reflect or reference agreements for professional services between the Steffenbergs, Scoll, and/or Freeto, Peterson & Scoll.

**Request No. 6**

All documents, including but not limited to intake sheets and questionnaires concerning the Steffenbergs.

**Request No. 7**

All documents reflecting or concerning legal and/or other services and advice provided to the Steffenbergs by Scoll and/or Freeto, Peterson & Scoll.

**Request No. 8**

All documents that evidence, reflect or reference internal communications by or between Scoll and Freeto, Peterson & Scoll concerning the provision of legal and/or other services and advice to the Steffenbergs.

**Request No. 9**

All documents reflecting or concerning estate planning services provided to the Steffenbergs by Scoll and/or Freeto, Peterson & Scoll, including but not limited to wills, living wills, trusts, powers of attorney, correspondence, financial statements, memoranda, drafts, notes and legal research.

**Request No. 10**

All documents relating to or concerning the Steffenberg Irrevocable Life Insurance Trust, including any drafts and notes concerning same.

**Request No. 11**

All documents relating to or concerning the Arthur J. Steffenberg Living Trust, including any drafts and notes concerning same.

**Request No. 12**

All documents relating to or concerning the Elizabeth R. Steffenberg Living Trust, including any drafts and notes concerning same.

**Request No. 13**

All documents prepared by, submitted to, or received from any governmental agency (federal, state, or local) on behalf of the Steffenbergs.

**Request No. 14**

All documents that evidence, reflect or reference the amount of time spent by Scoll and/or Freeto, Peterson & Scoll in connection with the provision of legal and/or other services and advice to the Steffenbergs.

**Request No. 15**

All documents that evidence, reflect or reference bills or invoices issued by Scoll and/or Freeto, Peterson & Scoll in connection with the provision of legal services and/or other services and advice to the Steffenbergs.

**Request No. 16**

All documents that evidence, reflect or reference the amount of legal fees and expenses collected by Scoll and/or Freeto, Peterson & Scoll in connection with the provision of legal and/or other services and advice to the Steffenbergs.

**Request No. 17**

All documents that evidence, reflect or reference all telephone or personal meetings between the Steffenbergs and Scoll, Freeto, Peterson & Scoll, and/or T. Gene Gilman.

**Request No. 18**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning the Steffenbergs.

**Request No. 19**

All documents relating to or concerning the provision of legal and/or other services and advice to T. Gene Gilman, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 20**

All documents relating to or concerning the provision of legal and/or other services and advice to The Gilman Insurance Agency, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 21**

All documents relating to and concerning The Gilman Insurance Agency, including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 22**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning The Gilman Insurance Agency.

**Request No. 23**

All documents relating to or concerning the provision of legal and/or other services and advice to T. Gilman & Co., Ltd., including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 24**

All documents relating to and concerning T. Gilman & Co., Ltd., including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 25**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning T. Gilman & Co., Ltd.

**Request No. 26**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll and Arbor Securities, Ltd.

**Request No. 27**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Arbor Securities, Ltd.

**Request No. 28**

All documents relating to or concerning the provision of legal and/or other services and advice to Financial Links, Inc., including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 29**

All documents relating to and concerning Financial Links, Inc., including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 30**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Financial Links, Inc.

**Request No. 31**

All documents relating to or concerning the provision of legal and/or other services and advice to TradeTek, Ltd. and/or TradeTek, LLC, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 32**

All documents relating to or concerning TradeTek, Ltd. and/or TradeTek, LLC, including but not limited to articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 33**

All documents that evidence, reflect or reference the finances of Trade Tek, Ltd. and/or TradeTek, LLC, including but not limited to bank statements and financial statements.

**Request No. 34**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Tradetek, Ltd. and/or Tradetek, LLC.

**Request No. 35**

All documents relating to or concerning the provision of legal and/or other services and advice to Commonwealth Financial Holdings, Inc., including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 36**

All documents that evidence, reflect or reference Commonwealth Financial Holdings, Inc., including but not limited to articles of incorporation, by-laws, amendments, minutes of the board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 37**

All documents that evidence, reflect or reference the finances of Commonwealth Financial Holdings, Inc., including but not limited to bank statements and financial statements.

**Request No. 38**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Commonwealth Financial Holdings, Inc.

**Request No. 39**

All documents relating to or concerning the provision of legal and/or other services and advice to Ivy Helix, LLC, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**Request No. 40**

All documents that evidence, reflect or reference Ivy Helix, LLC, including but not limited to articles of incorporation, by-laws, amendments, minutes of the board(s) of directors meetings, and state filings relating to registration and incorporation.

**Request No. 41**

All documents that evidence, reflect or reference the finances of Ivy Helix, LLC, including but not limited to bank statements and financial statements.

**Request No. 42**

All document that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Ivy Helix, LLC.

**Request No. 43**

All documents that evidence, reflect or reference professional malpractice insurance policies which may provide coverage to Mrs. Steffenberg in this action.

**Request No. 44**

All documents that evidence, reflect or reference the work and/or opinions of each person whom you expect to call as an expert witness at trial.

**Request No. 45**

The curriculum vitae or resume of each person whom you expect to call as an expert witness at trial.

**Request No. 46**

All documents which you intend to introduce as exhibits at trial.

ELIZABETH R. STEFFENBERG,
By Her Attorneys,


_____
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
(508) 929-3041

Dated: May 27, 2004

### CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 27th day of May, 2004 served the foregoing by mailing copy thereof, via first class mail, postage prepaid, to all parties and counsel of record.


_____
Christine S. Collins

# Exhibit B

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                    CIVIL ACTION NO. 03-2519C

---

ELIZABETH R. STEFFENBERG,

        Plaintiff

v.

T. GENE GILMAN, STEVEN GILMAN,
THE GILMAN INSURANCE AGENCY, INC.,
DAVID M. SCOLL, ARBOR SECURITIES, LTD.,
ALLIANCE INVESTMENT MANAGEMENT,
COMMONWEALTH FINANCIAL HOLDINGS, INC.,
FINANCIAL LINKS, INC., T. GILMAN & CO., LTD.,
FIRST ALLIED SECURITIES, INC.,
PENSON FINANCIAL SERVICES, INC.,
AVIVA USA CORPORTAION, TRADETEK, LTD.,
TRADETEK, LLC, and IVY HELIX, LLC.

        Defendants

---

## DEFENDANT DAVID M. SCOLL'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

General Objection: Defendant David M. Scoll ("Scoll") objects to the "Definitions and

Instructions" section of Plaintiff's First Request for the Production of Documents to the extent

said section seeks to impose obligations on defendant Scoll which are outside the scope of the

Massachusetts Rules of Civil Procedure or are otherwise inconsistent with said Rules.

### REQUEST NO. 1

Any and all documents which set forth the identity and location of persons having
knowledge of any discoverable matter.

### RESPONSE NO. 1

Defendant Scoll objects to this request on the grounds that it is overly broad, unduly
burdensome and seeks documents which are irrelevant and not calculated to lead to the discovery
of admissible evidence. Further responding, defendant Scoll objects to this request on the
grounds that it seeks documents protected from discovery by the attorney-client privilege.

**REQUEST NO. 2**

All documents that evidence, reflect or reference all communications between the Steffenbergs and Scoll.

**RESPONSE NO. 2**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 3**

All documents that evidence, reflect or reference all communications between the Steffenbergs and Freeto, Peterson & Scoll.

**RESPONSE NO. 3**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 4**

All documents that evidence, reflect or reference all communications between the Steffenbergs and T. Gene Gilman.

**RESPONSE NO. 4**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 5**

All documents that evidence, reflect or reference agreements for professional services between the Steffenbergs, Scoll, and/or Freeto, Peterson & Scoll.

**RESPONSE NO. 5**

Defendant Scoll has no such documents in his possession, custody or control.

**REQUEST NO. 6**

All documents, including but not limited to intake sheets and questionnaires concerning the Steffenbergs.

**RESPONSE NO. 6**

Defendant Scoll has no such documents in his possession, custody or control.

**REQUEST NO. 7**

All documents reflecting or concerning legal and/or other services and advice provided to the Steffenbergs by Scoll and/or Freeto, Peterson & Scoll.

27026.1

**RESPONSE NO. 7**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 8**

All documents that evidence, reflect or reference internal communications by or between Scoll and Freeto, Peterson & Scoll concerning the provision of legal and/or other services and advice to the Steffenbergs.

**RESPONSE NO. 8**

Defendant Scoll has no such documents in his possession, custody or control.

**REQUEST NO. 9**

All documents reflecting or concerning estate planning services provided to the Steffenbergs by Scoll and/or Freeto, Peterson & Scoll, including but not limited to wills, living wills, trusts, powers of attorney, correspondence, financial statements, memoranda, drafts, notes and legal research.

**RESPONSE NO. 9**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 10**

All documents relating to or concerning the Steffenberg Irrevocable Life Insurance Trust, including any drafts and notes concerning same.

**RESPONSE NO. 10**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 11**

All documents relating to or concerning the Arthur J. Steffenberg Living Trust, including any drafts and notes concerning same.

**RESPONSE NO. 11**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 12**

All documents relating to or concerning the Elizabeth R. Steffenberg Living Trust, including any drafts and notes concerning same.

-3-

27026.1

**RESPONSE NO. 12**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 13**

Any documents prepared by, submitted to, or received from any governmental agency (federal, state, or local) on behalf of the Steffenbergs.

**RESPONSE NO. 13**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 14**

All documents that evidence, reflect or reference the amount of time spent by Scoll and/or Freeto, Peterson & Scoll in connection with the provision of legal and/or other services and advice to the Steffenbergs.

**RESPONSE NO. 14**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 15**

All documents that evidence, reflect or reference bills or invoices issued by Scoll and/or Freeto, Peterson & Scoll in connection with the provision of legal services and/or other services and advice to the Steffenbergs.

**RESPONSE NO. 15**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 16**

All documents that evidence, reflect or reference the amount of legal fees and expenses collected by Scoll and/or Freeto, Peterson & Scoll in connection the provision of legal and/or other services and advice to the Steffenbergs.

**RESPONSE NO. 16**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 17**

All documents that evidence, reflect or reference all telephone or personal meetings between the Steffenbergs and Scoll, Freeto, Peterson & Scoll, and/or T. Gene Gilman.

-4-

27026.1

**RESPONSE NO. 17**

Defendant Scoll will produce all documents in his possession, custody or control.

**REQUEST NO. 18**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning the Steffenbergs.

**RESPONSE NO. 18**

Defendant objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scoll will produce all non-privileged documents in his possession, custody or control.

**REQUEST NO. 19**

All documents relating to or concerning the provision of legal and/or other services and advice to T. Gene Gilman, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 19**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 20**

All documents relating to or concerning the provision of legal and/or other services and advice to the Gilman Insurance Agency, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 20**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 21**

All documents relating to and concerning The Gilman Insurance Agency, including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**RESPONSE NO. 21**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 22**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning The Gilman Insurance Agency.

**RESPONSE NO. 22**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 23**

All documents relating to or concerning the provision of legal and/or other services and advice to T. Gilman & Co., Ltd. including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 23**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 24**

All documents relating to and concerning T. Gilman & Co., Ltd., including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

27026.1

## RESPONSE NO. 24

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 25

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll concerning T. Gilman & Co., Ltd.

## RESPONSE NO. 25

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 26

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson & Scoll and Arbor Securities, Ltd.

## RESPONSE NO. 26

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 27

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Arbor Securities, Ltd.

## RESPONSE NO. 27

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

27026.1

**REQUEST NO. 28**

All documents relating to or concerning the provision of legal and/or other services and advice to Financial Links, Inc., including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 28**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 29**

All documents relating to and concerning Financial Links, Inc., including but not limited to, articles of incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

**RESPONSE NO. 29**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 30**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Financial Links, Inc.

**RESPONSE NO. 30**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 31**

All documents relating to or concerning the provision of legal and/or other services and advice to TradeTek, Ltd. and/or TradeTek, LLC, including but not limited to, correspondence memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

-8-

## RESPONSE NO. 31

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 32

All documents relating to or concerning TradeTek, Ltd. and/or Trade/Tek, LLC, including but not limited to articles or incorporation, by-laws, amendments, minutes of board(s) of directors meetings, and state filings relating to registration and incorporation.

## RESPONSE NO. 32

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 33

All documents that evidence, reflect or reference the finances of TradeTek, Ltd. and/or TradeTek, LLC, including but not limited to bank statements and financial statements.

## RESPONSE NO. 33

Defendant Scoll objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

## REQUEST NO. 34

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning TradeTek, Ltd. and/or TradeTek, LLC.

## RESPONSE NO. 34

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege. Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

27026.1

**REQUEST NO. 35**

All documents relating to or concerning the provision of legal and/or other services and advice to Commonwealth Financial Holdings, Inc., including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 35**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 36**

All documents that evidence, reflect or reference Commonwealth Financial Holdings, Inc., including but not limited to articles of incorporation, by-laws, amendments, minutes of the board(s) of directors meetings, and state filings relating to registration and incorporation.

**RESPONSE NO. 36**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 37**

All documents that evidence, reflect or reference the finances of Commonwealth Financial Holdings, Inc. including but not limited to bank statements and financial statements.

**RESPONSE NO. 37**

Defendant Scoll objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 38**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Commonwealth Financial Holdings, Inc.

-10-

**RESPONSE NO. 38**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 39**

All documents relating to or concerning the provision of legal and/or other services and advice to Ivy Helix, LLC, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same.

**RESPONSE NO. 39**

Defendant Scoll objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents which are irrelevant, not calculated to lead to the discovery of admissible evidence and protected from discovery by the attorney-client privilege.  Further objecting, defendant Scoll states he is prohibited from producing the requested documents by Mass. Rules of Professional Conduct, Rule 1.6 (Comment 5).

**REQUEST NO. 40**

All documents that evidence, reflect or reference Ivy Helix, LLC, including but not limited to articles of incorporation, by-laws, amendments, minutes of the board(s) of directors meetings, and state filings relating to registration and incorporation.

**RESPONSE NO. 40**

Defendant Scoll has no documents in his possession, custody or control.

**REQUEST NO. 41**

All documents that evidence, reflect or reference the finances of Ivy Helix, LLC, including but not limited to bank statements and financial statements.

**RESPONSE NO. 41**

Defendant Scoll has no documents in his possession, custody or control.

**REQUEST NO. 42**

All documents that evidence, reflect or reference communications by and between T. Gene Gilman, Scoll and/or Freeto, Peterson and Scoll concerning Ivy Helix, LLC.

**RESPONSE NO. 42**

Defendant Scoll has no documents in his possession, custody or control.

-11-

**REQUEST NO. 43**

All documents that evidence, reflect or reference professional malpractice insurance policies which may provide coverage to Mrs. Steffenberg in this action.

**RESPONSE NO. 43**

Defendant Scoll objects to this request on the grounds that it seeks information outside the scope of discovery allowed by the Rules of Civil Procedure. Without waiving this objection, defendant Scoll will produce a copy of the applicable policy.

**REQUEST NO. 44**

All documents that evidence, reflect or reference the work and/or opinions of each person whom you expect to call as an expert witness at trial.

**RESPONSE NO. 44**

Defendant Scoll objects to this request on the grounds that it seeks information outside the scope of discovery allowed by the Rules of Civil Procedure.

**REQUEST NO. 45**

The curriculum vitae or resume of each person whom you expect to call as an expert witness at trial.

**RESPONSE NO. 45**

Defendant Scoll objects to this request on the grounds that it seeks information outside the scope of discovery allowed by the Rules of Civil Procedure.

**REQUEST NO. 46**

All documents which you intend to introduce as exhibits at trial.

27026.1

**RESPONSE NO. 46**

Defendant objects to this request on the grounds that it seeks work product. Without waiving this objection, defendant states that he has not decided what documents he will introduce at trial as exhibits.

DAVID M. SCOLL,

By his attorney,

George C. Rockas, BBO#544009
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

DATED: 6/24/04

-13-

27026.1