UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>　　Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>　　Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**DAVID M. SCOLL'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL RESPONSES OF DEFENDANT
DAVID M. SCOLL TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

The Defendant, David M. Scoll (hereinafter "Scoll"), hereby submits, pursuant to Local Rule 7.1(B)(2) and Local Rule 7.1(D) of the Local Rules of the United States District Court for the District of Massachusetts (hereinafter "Local Rules"), his opposition to the Plaintiff's motion to compel, see Pl.'s Mot. to Compel Resp. of Deft. David M. Scoll to Pl.'s First Req. for Prod. of Docs. dated Aug. 27, 2004 (hereinafter "Motion to Compel").

**REQUEST FOR ORAL ARGUMENT**

Scoll also requests the opportunity to be heard at oral argument prior to the Court's decision on the Plaintiff's Motion to Compel. Scoll is an attorney and the Plaintiff is seeking materials from Scoll's client files that are privileged and confidential pursuant to applicable law and rules.

I.    **BACKGROUND**

The Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), is suing Scoll, an attorney, as well as several of his former clients. The Defendants, T. Gene Gilman (hereinafter "Gilman"), The Gilman Insurance Agency, Inc., Arbor Securities, Ltd. (hereinafter "Arbor"), Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and TradeTek, LLC (hereinafter "TradeTek"), have all been Scoll's clients in the past. The Plaintiff contends that Gilman, as her investment advisor, transferred her assets to Arbor and TradeTek without her authorization, causing her to lose almost all of her savings. See Pl.'s Second Amended Verified Compl. dated April 13, 2004 (hereinafter "Complaint"), ¶¶ 19, 24, 33. She further contends that Gilman used the other Defendant companies[1] mentioned above to further this allegedly fraudulent scheme. See id., ¶ 25.

The Plaintiff now seeks to hold Scoll liable for almost $1 million in monetary losses allegedly due to Gilman's wrongful conduct. Compare id., ¶¶20-22 (at time Gilman began to act as investment advisor, Plaintiff's assets allegedly worth $1.109 million) with id., ¶ 33 (the Plaintiff allegedly informed that assets invested by Gilman reduced in value to $4,014.06). To that end and to support her theory against Gilman and the Defendant companies, the Plaintiff seeks to compel Scoll to produce documents from his private attorney files concerning them. Specifically, the Plaintiff is seeking to compel Scoll to produce the documents requested in Request Nos. 19-32, 34-35 and 38-39 from her First Request for Production of Documents. See Pl.'s First Req. for Prod. of Docs. to Deft., David M. Scoll dated May 27, 2004 (hereinafter "Request for Production"). Scoll has refused to produce the requested documents, claiming they

---

[1] The "Defendant companies" shall refer to: The Gilman Insurance Agency, Inc., Arbor Securities, Ltd. (hereinafter "Arbor"), Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and TradeTek, LLC (hereinafter "TradeTek").

are privileged under the attorney-client privilege or work product privilege, or because they constitute confidential materials which he is prohibited from disclosing pursuant to the Massachusetts Rules of Professional Conduct. See Deft. David M. Scoll's Response to Pl.'s First Req. for the Prod. of Docs. dated June 24, 2004 (hereinafter "Scoll's Responses").

## II. ARGUMENT

### PART I: PRIVILEGED MATERIALS

#### A. Applicable Law and Rules Pertaining to Claims of Privilege

Preliminarily, the litigant asserting a privilege bears the burden of establishing its applicability to any particular piece of evidence. See FDIC v Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000). Once shown, the burden shifts to the discovering party to show that an exception to the privilege applies. See id.

The litigant who bears the initial burden may establish that a privilege applies by supplying privilege logs from which any applicable privilege may be deduced. See Fed.R.Civ.P. 26(b)(5)("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.").

As a general rule, the log may include such things as the date of the document, the author, the addressee or recipient, a description of the contents sufficient to disclose its privileged status, and the particular privilege asserted. See Allmerica Fin. Corp. v Certain Underwriters at Lloyd's, 2004 Mass.Super.LEXIS 182, at * 8 (Mass.Super.LEXIS May 19, 2004)(citing Federal Rules). The parties and the Court, however, must still exercise a flexible approach to such categories.

See id. In some situations, the assertion of the privilege will call for providing information in a privilege log which itself might be privileged, such as the identity of another client. See Fed.R.Civ.P. 26(b)(5)(advisory committee's note (1993)). The withholding party need not disclose such information in the log. See id. As the First Circuit has explained, "[p]rivilege logs do not need to be precise to the point of pedantry" as long as a litigant does "the best that he reasonably can to describe the materials to which his claim adheres." In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001).

The attorney-client privilege protects communications between an attorney and his client in order to "encourage full and frank communication." Upjohn Co. v United States, 449 U.S. 383, 389 (1981). ). "[T]he interest in preserving a durable barrier against disclosure of privileged attorney-client information is shared both by particular litigants and by the public, and it is an interest of considerable magnitude." Seidl v Putnam Inv. Inc., 147 F.3d 7, 11 (1st Cir. 1998). As stated many years ago, "[t]he rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." Hunt v Blackburn, 128 U.S. 464, 470 (1888). By providing laymen with a safe zone of privacy within which to learn of their rights, the public interests and administration of justice is served. Upjohn, 449 U.S. at 389.

Because this Court is exercising its diversity jurisdiction in this case, Massachusetts law determines the scope of the attorney client privilege. See Mass. Eye and Ear Infirmary v QLT Phototherapeutics, Inc., 167 F.Supp.2d 108, 113-14 (D.Mass. 2001)(citing Fed.R.Evid. 501); Ferrara & DiMercurio, Inc. v St. Paul Ins. Co., 173 F.R.D. 7, 11 (D.Mass. 1997)(citing

Fed.R.Evid. 501). On the other hand, it is federal law that determines the scope of the work product doctrine. See id. Massachusetts follows federal precedent in defining the paramaters of the attorney client privilege by following the Supreme Court's decision in Upjohn. See Upjohn v United States, 449 U.S. 383 (1981). The principle difference to remember for the two different types of privilege is that a showing of need may overcome the work product privilege but not the attorney client privilege unless the latter is waived. See Guevara v Med. Prof. Mut. Ins. Co., 2003 Mass.Super.LEXIS 268, at * 18-19 (Mass.Super.Ct. Sept. 16, 2003); City of Springfield v Rexnord Corp., 196 F.R.D. 7, 10 (D. Mass. 2000).

In order to establish the attorney client privilege in Massachusetts, a party must show: "(1) the communications were received from a client during the course of the client's search for legal advice from the attorney in his or her capacity as such; (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived." In re Reorganization of Elec. Mut. Liab. Ins. Co., 425 Mass. 419, 421 (1997). Under federal law and Rule 26(b)(3) of the Federal Rules of Civil Procedure, "the work product doctrine protects (1) documents or other tangible things, (2) prepared in anticipation of litigation, (3) by or for a party or a party's representative." Amgen, Inc. v Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 290 (D.Mass. 2000).

### B. Scoll has properly asserted through privilege logs that the attorney client privilege and the work product privilege apply to materials the Plaintiff seeks to compel.

The Plaintiff is moving to compel Scoll to produce documents in response to Requests #19-32, 34-35, and 38-39. See Mem. in Supp. of Pl.'s Mot. to Compel Resp. to Pl.'s First Req. for Prod. of Docs. to Deft. David M. Scoll dated Aug. 27, 2004 (hereinafter "Mem. of Law"), p. 4.

- 5 -

30102.1

Scoll is filing contemporaneously with this opposition his supplementation to his responses to the Plaintiff's document requests. See Supp. to David M. Scoll's Resp. to Pl.'s First Req. for the Prod. of Docs dated Sept. 27, 2004. That supplementation consists of privilege logs for all responses in which Scoll claimed the materials were protected under the attorney client privilege and the work product privilege, including his responses to # 19-32, 34-35, and 38-39. See id. Privilege logs are universally accepted in federal courts as the proper method to assert these privileges. See In re Grand Jury Subpoena, 274 F.3d at 575-76 (citing cases); Allmerica Fin. Corp. v Certain Underwirters at Lloyd's London, 2004 Mass.Super. LEXIS 182, at * 6 (Mass.Super.Ct. May 19, 2004)(describing privilege logs in federal practice).

The privilege logs submitted by Scoll meet the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure, because they give sufficient information to assess the privilege(s) asserted by Scoll. Each document at issue is described by date, by author, and where applicable, also by recipient. In addition, the type of document, such as Attorney Notes, Email, Letter, and so forth, is provided as well. A description of the content of the document is also set forth sufficient to enable the parties to evaluate the applicability and propriety of the privilege(s) claimed. For example, where Scoll has created notes in the past which reflect the communications between him and a client, this fact is noted in the "Description" column. Finally, for each document, the particular privilege claimed is denoted.

All of this information allows the parties and the Court to evaluate the applicability of the privilege or privilege(s) claimed. A review of the privilege logs shows that a voluminous amount of materials are at issue. In light of the number of documents at stake, if this Court finds that one or more entries or logs are lacking in some additional information helpful or necessary to assess

the applicability of the particular privilege(s) asserted, Scoll requests the opportunity to amend the logs to the extent necessary.

Because the privilege logs supplied by Scoll establish that the materials listed are privileged, the burden shifts to the Plaintiff to show that some exception applies. See Ogden Corp., 202 F.3d at 460. Because she cannot do so, Scoll cannot be compelled to disclose them. In addition, because she has failed to show substantial need of work product materials and that she is unable without undue hardship to obtain them by other means, she has not met her burden in overcoming the work product privilege. See Fed.R.Civ.P. 26(b)(3).

## PART II: CONFIDENTIAL MATERIALS

### A.     Ethical Rules Applicable to Confidential Materials

The Plaintiff is seeking in her Motion to Compel to obtain non-privileged materials "relating to the incorporation, corporate structure and administration" of the Defendant companies. See Pl.'s Memo of Law, p. 5-6. In support of her attempt to obtain these documents, she argues that the Massachusetts Rules of Professional Conduct permit and require Scoll to produce the non-privileged documents at issue. See id., pp. 6-7. Her interpretation of the ethical rules which bind Scoll, as an attorney and officer of the court, is incorrect

### B.     The violation of the Massachusetts Rules of Professional Conduct is cause for disciplinary action against an attorney.

According to Rule 4:01 of the Supreme Judicial Court, "[e]ach act or omission by a lawyer . . . which violates any of the Massachusetts Rules of Professional Conduct (see Rule 3:07) . . . shall constitute misconduct and shall be grounds for appropriate discipline even if the act or omission did not occur in the course of a lawyer-client relationship or in connection with proceedings in a court." S.J.C. Rule 4:01, Bar Rules § 3(1). Rule 1.6(a) of the Massachusetts Rules of Professional Conduct states: "[i]f a lawyer is called as a witness to give testimony

concerning a client, absent waiver by the client, paragraph (a) requires the lawyer to invoke the privilege when it is applicable." S.J.C. Mass.R.Prof.Conduct 1.6, Comment [20]. Thus, Scoll's disclosure of the confidential client materials sought by the Plaintiff would subject him to risk of discipline by the Supreme Judicial Court.

### C. The Scope of Rule 1.6 of the Massachusetts Rules of Professional Conduct[2] prohibiting disclosure of confidential client information is broad.

Rule 1.6 of the Massachusetts Rules of Professional Conduct prohibits the disclosure of confidential information about a client that an attorney receives in the course of representation. See S.J.C. Rule 4:01, Mass.R.Prof.Conduct 1.6. Rule 1.6 states in pertinent part:

> (a) A lawyer shall not reveal confidential information . . . unless the client consents after consultation . . . , except . . .
> (b) A lawyer may reveal . . . such information:
> (1) to prevent the commission of a criminal or fraudulent act that the lawyer reasonably believes is likely to result in . . . substantial injury to the financial interests or property of another . . . ;
> . . .
> (3) to the extent the lawyer reasonably believes necessary to rectify client fraud in which the lawyer's services have been used . . . .

Id.

The scope of confidential information covered by this non-disclosure rule is broad. See In the Matter of the Discipline of Two Attorneys, 421 Mass. 619, 624 n. 4 (1996)(noting broad scope). "Confidential information" not only encompasses information communicated to the

---

[2] Rule 1.9 applies to confidential information obtained from former clients. See S.J.C. Rule 3:07, Mass.R.Prof.Conduct 1.9. Because it imposes the same strictures on disclosure of confidential information of clients that Rule 1.6 does, see id. 1.9(c)(limiting such disclosure pursuant to Rule 1.6), only Rule 1.6 shall be cited.

30102.1

attorney by the client (and which is protected by the attorney-client privilege), but also information gleaned from the representation of the client whatever the source. See S.J.C. Rule 3:07, RPC 1.6, Comment [5]("Confidential information" consists of both "confidences" and "secrets" under former DR4-101(A), which include communications between attorney and client as well as other information gained in the attorney-client relationship). Even public information which is not widely known would be considered confidential information under the Rule. See id., Comment [5A]. For example, the client's conviction of a crime in another state or a secret marriage is the type of information that, though considered public, is not widely know. Id.

### D. The failure of Gilman and the Defendant companies to object to discovery requests is not the equivalent of consent under Rule 1.6

The Plaintiff claims that Scoll should not be able to shield confidential client information because Gilman and the Defendant companies were served with discovery requests and have not objected to them. See Pl.'s Mem. of Law, p. 6.

First, even if the other Defendants in this case did not serve or file any objections to discovery requests in this action, it is also the case that they did not produce any of the materials requested either. As stated by the Plaintiff, Gilman and the Defendant companies have failed to answer or otherwise appear in this action. See id., p. 5. Second, the privilege protects the client and belongs to the client. See, e.g., Person v Flynn, 1997 Mass.Super.LEXIS 430, at * 2 (Mass.Super.Ct. April 22, 1997). Thus, an attorney cannot disclose a client communication without the consent of his client. See In the Matter of John Doe Grand Jury Investigation, 408 Mass. 480, 483 (1990); Person, 1997 Mass.Super.LEXIS 430, at * 1-2.

In order for consent to apply, however, there must be a meaningful consultation with the client. See Welch v Paicos, 26 F.Supp.2d 244 (D.Mass. 1998). According to Rule 9.1(c),

"consultation" means "communication of information reasonably sufficient to permit the client to appreciate the significance of the matter in question." S.J.C. Rule 3:07, RPC 9.1(c). "A client need not consult an independent attorney before giving valid consent." Welch, 26 F.Supp.2d at 248. Rather, the benchmark is "whether the client had sufficient information to make an informed decision." Id. "When a client retains independent counsel, however, . . . courts can rely on counsel to apprize clients of their interests, and can be less concerned with the circumstances and sufficiency of the consent." Id.

In this case, the Plaintiff has alleged that Gilman and the Defendant companies have not answered or appeared in this case. She has also alleged that she has repeatedly attempted to communicate with Gilman's defense attorney but was not successful in obtaining discovery materials from him. See Pl.'s Mem of Law, p. 3, ¶¶ 5-6; Aff. of Louis M. Ciavarra, Esq. dated Aug. 26, 2004, ¶¶ 3-4. If Gilman's defense attorney refuses to speak with her, it is unclear how the failure of Gilman or the Defendant companies to object to discovery could be transmuted into "consent" under Rule 1.6 for Scoll to disclose confidential client information. Without actual and meaningful consent, Scoll is prohibited from disclosing confidential information. Gilman's and the Defendant companies' failure to object to discovery requests is irrelevant to that issue.

E. **The only corporate information which is widely known and subject to disclosure, may easily be obtained from the applicable Secretaries of State.**

The Plaintiff claims to be entitled to documents concerning the Defendant companies' corporate structure, incorporation and administration and cites to Comment [5B] of Rule 1.6 in support of that claim. See Mem. of Law, pp. 5-6. Comment [5B] merely states the obvious: that widely known or generally known information concerning a client is not "confidential" or protected under Rule 1.6. See S.J.C. Mass.R.Prof.Conduct 1.6, Comment [5B]. Even that

- 10 -

30102.1

Comment, however, indicates that a client may still request his attorney to consider generally known information as confidential in certain circumstances. See id.

The type of information which is not considered confidential is available from the Secretary of State offices for each of the Defendant companies. In some cases, such information is even online or can easily be requested as public information. As a result, the Plaintiff has the ability to obtain the widely known information from an independent source rather than obtain such documents from Scoll's client files.

### F.  None of the exceptions to Rule 1.6 applies in Scoll's case.

#### 1.  Prevention of substantial injury to financial interests (Rule 1.6(b)(1))

Contrary to the Plaintiff's argument that Rule 1.6(b)(1) imposes an obligation on Scoll to reveal confidential client information, see Pl.'s Mem of Law, p. 6, that subsection does not provide an exception to client confidentiality in this case.

Rule 1.6(b)(1) permits disclosure for the "prevention" of injury. S.J.C. Mass.R.Prof.Conduct 1.6(b)(1). In this case, the Plaintiff has already alleged that she lost approximately $ 1 million as a result of wrongful conduct by Gilman and the Defendant companies. Compare Compl., ¶¶20-22 (at time Gilman began to act as investment advisor, Plaintiff's assets allegedly worth $1.109 million) with id., ¶ 33 (the Plaintiff allegedly informed in October of 2003 that assets invested by Gilman reduced in value to $4,014.06). Because subsection (b)(1) concerns wrongful client conduct which may occur in the future, and because the Plaintiff alleges she now has only approximately four (4) thousand dollars left of savings, there is no "substantial" injury to prevent, even assuming all the allegations against Gilman and the Defendant companies as true.

## 2.    Rectify client fraud (Rule 1.6(b)(3))

Under Rule 1.6(b)(3), a lawyer is permitted to disclose information he "reasonably believes" is necessary to rectify fraud committed by his client with his services. The commentary to the Rules does not fully explain the limits of this exception. See S.J.C. Rule 3:07, Mass.R.Prof.Conduct 1.6, Comment [12A](stating only that "[w]hen the lawyer's services have been used by the client to perpetrate a fraud, that is a perversion of the lawyer-client relationship and Rule 1.6(b)(3) permits the lawyer to reveal confidential information necessary to rectify the fraud."). The Plaintiff has cited both Rule 1.6(b)(3) and Rule 4.1(b) of the Massachusetts Rules of Professional Conduct as constituting an exception to the prohibition against disclosure in Rule 1.6. See id., MassR.Prof.Conduct 1.6(b)(3); id., Mass.R.Prof.Conduct 4.1(b).

Under Rule 4.1(b), "[I]n the course of representing a client a lawyer shall not knowingly . . fail to disclose a material fact . . . when . . . necessary to avoid assisting a . . . fraudulent act by a client, unless disclosure is prohibited by Rule 1.6." Id., Mass.R.Prof.Conduct 4.1(b). Rule 4.1(b) has no applicability, however, because according to its plain language, it is only applicable in situations where the attorney is actively engaged in representing the client. See id. ("In the course of representing a client . . . ."). It does not apply to this case because Scoll is not currently representing Gilman or the Defendant companies.

Under Rule 1.6(b)(3), Scoll "may" reveal information "to the extent . . . [he] reasonably believes necessary to rectify client fraud in which the lawyer's services have been used . . . ." Id., Mass.R.Prof.Conduct 1.6(b)(3). There is no basis at this point for Scoll to reasonably believe Gilman or the Defendant companies committed fraud with Scoll's legal services sufficient to risk sanctions by the Supreme Judicial Court in revealing confidential client information. Furthermore, this exception to the client confidentiality rule is permissive not mandatory. There

- 12 -

30102.1

is no affirmative duty by Scoll to divulge client confidences, especially where Scoll does not have enough information to reasonably believe Gilman or any of the Defendant companies committed fraud. See, e.g., Sloan v State Bar of Nevada, 726 P.2d 330, 334-35 (Nev. 1986)(rule stating attorney "may" reveal client confidences to prevent or rectify client fraud is permissive).

      G.    **Because Massachusetts narrowly construes exceptions to ethical rules and because the Plaintiff is attempting to obtain confidential client information <u>from attorney files rather than directly from the Defendants themselves</u>, this Court should deny the Plaintiff's Motion to Compel.**

"Massachusetts narrowly construes the exceptions to an attorney's duty to guard client confidences." Seidle v Putnam Inv. Inc., 147 F.3d 7, 11 (1st Cir. 1998); Ploof v Cornu-Schaab Prop., Inc., 1993 Mass.Super.LEXIS 232, at * 7 (Mass.Super.Ct. Nov. 4, 1993)(citing Colonial Gas Co. v Aetna Cas. & Surety Co., 139 F.R.D. 269, 273 (D.Mass. 1991)). Furthermore, a federal court exercising diversity jurisdiction must refrain from expanding state law beyond parameters set by precedent. See id. at 11-12 (citing Carlton v Worcester Ins. Co., 923 F.2d 1, 3 (1st Cir. 1991).

The Plaintiff has not demonstrated that she cannot obtain the desired information directly from the Defendants themselves or the various Secretaries of State. She rests on the fact that Gilman and the Defendant companies have not defended in this action. Despite this fact, however, she is still free to seek to compel discovery responses from the Defendants rather than do a wholesale review of attorney files. See, e.g., Pl.'s Req. for Prod., Exh. A, Req. # 19 ("All documents relating to or concerning the provision of legal and/or other services and advice to T. Gene Gilman, including but not limited to, correspondence, memoranda, notes, legal research, timekeeper records, and bills or invoices and all documents reflecting payment of same"). Moreover, she has not explained why she did not attempt to obtain corporate information from governmental sources in this case.

30102.1

> **H.     The Plaintiff cannot meet her burden in justifying piercing the attorney-client privilege, the work product privilege, and the client confidentiality rule.**

Because Scoll has demonstrated the documents requested are covered by one or more privilege, and because he risks discipline if he divulges confidential client information, the burden is on the Plaintiff, see Ogden Corp., 202 F.3d at 460, to justify compelling Scoll to produce documents in response to broad and burdensome discovery requests. Compelling such disclosure will have the effect of chilling attorney-client contact and communications in the future.

The First Circuit would not find the circumstances in this case justify piercing the privileges and ethical rules which are relevant. In exploring various jurisdictions' treatment of the automatic waiver rule pertaining to the attorney-client privilege, the First Circuit in Greater Newburyport Clamshell Alliance v Public Svce. Co., 838 F.2d 13, 17-20 (1st Cir. 1988) recognized that disclosure of privileged information is too harsh where there has been no showing or minimal showing that the requested discovery materials are significant to the party seeking disclosure. See id. at 20.  In this case, the Plaintiff is not even alleging any waiver of the attorney-client privilege. Even if she did allege waiver, she has not stated with any specificity how obtaining entire attorney files are significant to one or more of her claims. See, e.g., id. at 17-20. Moreover, where, as in this case, the party seeking disclosure is affirmatively making claims rather than defending claims, there is even less justification for requiring disclosure of such materials. See Seidle, 147 F.3d at 11 (exception to confidentiality rule functions as shield not as sword). In fact, there is cause to believe that, even if some exception to the confidentiality rule existed, it could not be used to compel disclosure of confidential material offensively by a litigant, especially in a case based upon a federal court's diversity jurisdiction. See id.

### III.     CONCLUSION

For all the foregoing reasons, the Court should deny the Plaintiff's Motion to Compel.

                          Respectfully submitted,
                          DAVID M. SCOLL
                          By his Attorneys,

                          /s/ Sara Discepolo
                          George C. Rockas, BBO # 544009
                          Sara Discepolo, BBO # 628721
                          WILSON, ELSER, MOSKOWITZ, EDELMAN &
                          DICKER LLP
                          155 Federal Street
                          Boston, MA  02110
                          (617) 422-5300

Dated: September 27, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on September 27, 2004, I electronically filed the foregoing *David M. Scoll's Opposition to Plaintiff's Motion to Compel Responses of Defendant David M. Scoll to Plaintiff's First Request for Production of Documents* and caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Kristin M. Knuuttila
Prince, Lobel, Glovsy & Tye LLP
585 Commercial Street
Boston, MA 02109

                                                    /s/ Sara Discepolo
                                                  Sara Discepolo

30102.1