UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH STEFFENBERG,<br>        Plaintiff,<br>vs.<br><br>T. GENE GILMAN, STEVEN<br>GILMAN, THE GILMAN INSURANCE<br>AGENCY, INC., DAVID M.<br>SCOLL, ARBOR SECURITIES,<br>LTD., ALLIANCE INVESTMENT<br>MANAGEMENT, COMMONWEALTH<br>FINANCIAL HOLDINGS, INC.,<br>FINANCIAL LINKS, INC., T.<br>GILMAN & CO., LTD., FIRST<br>ALLIED SECURITIES, INC.,<br>PENSION FINANCIAL SERVICES,<br>INC., AVIVA USA<br>CORPORATION, TRADETEK, LTD.<br>and TRADETEK LLC,<br>        Defendants, | CIVIL ACTION<br>NO. 04-40113-FDS |

**ORDER**
**December 28, 2004**

<u>Nature of the Proceeding</u>

This Order addresses the following non-dispositive motion which has been referred to me for disposition by Order of Reference dated October 7, 2004:

1. Plaintiff's Motion to Compel Responses of Defendant David M. Scoll to Plaintiff's First Request for Production of Documents (Docket No. 8).

<u>Nature of the Case</u>

This is an action by the Plaintiff, Elizabeth Steffenberg ("Ms. Steffenberg" or "Plaintiff"), to recover funds that were

allegedly misappropriated from her investment accounts by her financial advisor, defendant Gene Gilman.  Ms. Steffenberg has asserted claims against a number of defendants, including her lawyer, defendant David Scoll ("Mr. Scoll" or Defendant), who also represented Mr. Gilman.  This motion addresses Ms. Steffenberg's request that the Court order Mr. Scoll to produce documents from his files that relate to his dealings with Mr. Gilman.  Mr. Scoll has refused to produce the requested documents, contending that the documents are privileged under either the attorney-client or work product privilege.

According to the complaint, Ms. Steffenberg seeks to recover over $1 million allegedly misappropriated by Mr. Gilman from her and her late husband's investment accounts.  Ms. Steffenberg alleges that Mr. Gilman converted the assets to his own use or to the use of entities under his control or ownership, including, among others, defendants Gilman Insurance Agency, Inc., Commonwealth Financial Holdings, Inc., Financial Links, Inc., T.Gilman & Co., Ltd and TradeTek, LLC.  Ms. Steffenberg learned of her alleged losses in or about late October 2003.  Ms. Steffenberg also allegedly learned at that time that her lawyer, Mr. Scoll, had simultaneously represented her and Mr. Steffenberg and Mr. Gilman and his business entities.

Discussion

Plaintiff seeks to compel Mr. Scoll to produce all documents

from his attorney files concerning his representation of Mr. Gilman and Mr. Gilman's various businesses.[1] Mr. Scoll has refused to produce any of the requested documents, claiming they are privileged under the attorney-client privilege, the work product doctrine or because they constitute confidential materials which he is prohibited from disclosing pursuant to the Massachusetts Rules of Professional Conduct ("Mass. Rules"). At the time that Plaintiff filed her motion, counsel for Mr. Scoll had not produced a privilege log. However, a well-detailed privilege log was produced contemporaneously with Mr. Scoll's opposition to the motion and provided to the Court at the hearing.

## The Attorney-Client Privilege

The attorney-client privilege protects communications made between an attorney and a client for the sake of obtaining legal advice. Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677 (1981). Mr. Scoll contends that the attorney-client privilege applies to the majority of the documents requested by Plaintiff. In asserting the privilege, Mr. Scoll has the burden of establishing that the privilege attaches to the requested documents. FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).

---

[1] Specifically, Ms. Steffenberg is seeking to compel Mr. Scoll to produce the documents requested in Request Nos. 19-32, 34-35 and 38-39 from her First Request for Production of Documents. See Exhibits Attached to Memorandum in Support of Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production of Documents to Defendant David M. Scoll (Pl.'s Exs.), Exhibit B (Ex. B.), Plaintiff's First Request for Production of Documents to Defendant David M. Scoll (Pl.'s First Req. for Docs.).

Once established, the burden shifts to the discovering party to show that an exception to the privilege exists. <u>Id.</u>

In order to establish the attorney-client privilege in Massachusetts,[2] a party must show, "(1) the communications were received from a client during the course of the client's search for legal advice from the attorney in his or her capacity as such; (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived." <u>In re Reorganization of Electric Mutual Liability Insurance Company, Ltd.</u>, 425 Mass. 419, 420, 681 N.E.2d 838 (1997). The privilege "extends to all communications made to an attorney or counsellor, duly qualified and authorized as such, and applied to by the party in that capacity, with a view to obtain his advice and opinion in matters of law, in relation to his legal rights, duties and obligations." <u>Id.</u>, quoting <u>Hatton v. Robinson</u>, 31 Mass. 416, 14 Pick. 416, 421 (1833).

Ms. Steffenberg's requests fall into three categories, classified as such in her motion: (1) documents relating to legal

---

[2] In his response memorandum, Mr. Scoll applies Massachusetts law to determine the scope of the attorney-client privilege and federal law to determine the scope of the work product doctrine. In diversity cases such as this one, state law determines the scope and applicability of the attorney-client privilege. <u>See</u> <u>FDIC v. Ogden Corp.</u>, 202 F.3d 454, 460 (1st Cir. 2000) (citing Fed. R. Evid. 501). The work product doctrine, discussed <u>infra</u>, is a federal right derived from the Federal Rules of Civil Procedure and therefore, is resolved according to federal law. <u>See</u> <u>Ferrara & DiMercurio, Inc. v. St. Paul Mercury Insurance Co.</u>, 173 F.R.D. 7, 11 (D.Mass. 1997). The difference between the two types of privilege is that the work product doctrine may be overcome by a showing of need but the attorney-client privilege must be waived. <u>City of Springfield v. Rexnord Corp.</u>, 196 F.R.D. 7, 10 (D.Mass. 2000).

services provided by Mr. Scoll to Mr. Gilman and his business entities; (2) documents relating to the incorporation of the various Gilman entities; and (3) documents that contain communications between Mr. Scoll and Mr. Gilman and the Gilman business entities.

Ms. Steffenberg argues that the documents are relevant because they will reveal whether Mr. Scoll was concurrently representing the Steffenbergs and Mr. Gilman and will demonstrate the level and scope of his knowledge of Mr. Gilman's investment activities. Ms. Steffenberg contends, alternatively, that the attorney-client privilege does not apply because it was waived by virtue of Mr. Gilman's silence[3] and that even if the privilege was not waived, that the documents are not entitled to protection because they are subject to the crime-fraud exception to the attorney-client privilege.

The privilege log clearly establishes that the attorney-client privilege applies to many of the documents requested by the Plaintiff. The documents protected by the privilege are listed and described as communications that were made while Mr. Gilman was seeking advice from Mr. Scoll pertaining to matters within his competence as a lawyer. The burden then shifts to the Plaintiff to establish an exception to the privilege or to show that the

---

[3] Neither Mr. Gilman nor any of the Gilman entities have answered or otherwise appeared in this case.

privilege was waived.

Without actual or meaningful consent, Mr. Gilman's failure to appear or answer plaintiff's requests to discuss the matter does not waive the attorney-client privilege. See In Re John Doe Grand Jury Investigation, 408 Mass. 480, 483, 562 N.E.2d 69 (1990) (stating that an attorney cannot disclose a client communication without the consent of his client); Welch v. Paicos, 26 F. Supp.2d 244, 248 (D.Mass. 1998) (consent requires a meaningful consultation with the client). There is nothing in the record to suggest, nor has either party argued, that Mr. Gilman has communicated to Mr. Scoll concerning this litigation and stated whether he waives his attorney-client privilege. Therefore, I find that Mr. Gilman has not waived his attorney-client privilege concerning his communications with Mr. Scoll.

The plaintiff then suggests that the crime/fraud exception to the attorney-client privilege applies in this case. Plaintiff bears the burden on this issue. Purcell v. District Attorney for the Suffolk District, 424 Mass. 109, 113, 676 N.E.2d 436 (1997). Communications between an attorney and a client to further a fraud or crime are not privileged. In re John Doe, 408 Mass. at 486. Facts establishing the crime/fraud exception must be proven by a preponderance of the evidence. Purcell v. District Attorney, 424 Mass. at 113. Ms. Steffenberg suggests that if Mr. Scoll knew about Mr. Gilman's alleged fraudulent conduct with respect to the

Steffenberg's assets, the crime fraud exception imposes an obligation on Mr. Scoll to disclose Mr. Gilman's communications with him concerning this conduct.  Ms. Steffenberg has cited Mass. R. Prof. Conduct 1.6(b)(1) and 4.1(b) cmt. 3 in support of her argument, which collectively can be interpreted to state that an attorney is required to disclose information to third parties "when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client."  As this exception to the client confidentiality rule is permissive, rather than mandatory, the argument must fail.[4]  Further, disclosure of the requested documents at this time will not "avoid assisting a criminal or fraudulent act by a client."  Id.

Ms. Steffenberg has not produced any evidence on the record that would suggest that Mr. Scoll knew of Mr. Gilman's fraudulent activities at the time of his representation.  Ms. Steffenberg must show that Mr. Gilman sought the advice of Mr. Scoll "in furtherance of criminal conduct" or "for the purpose of obtaining advice in furtherance of a crime."  Purcell v. District Attorney, 424 Mass. at 115-116.  Absent such a showing, the exception does not apply to the documents requested.  Therefore, Plaintiff's motion to compel production of Mr. Scoll's attorney-client documents concerning his

---

[4] Mr. Scoll is not currently representing Mr. Gilman or any of Mr. Gilman's businesses.

representation of Mr. Gilman and his companies is denied.[5]

The Work Product Doctrine

The next issue I must address is whether the remaining documents requested by the Plaintiff are subject to the work product doctrine. The work product doctrine, codified in Fed. R. Civ. P. 26(b)(3), protects the following: (1) a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for a party's representative. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 604-605 (D.Mass. 1992); Amgen, Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 290 (D.Mass. 2000). To be classified as work product, the it must "... fairly be said that [the documents] were created 'because of' actual or impending litigation." In re Lernout & Hauspie Securities Litigation, 222 F.R.D. 29, 36 (D.Mass. 2004) quoting Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, *8 Federal Practice & Procedure* § 2024, at 346 (1994).

If the party opposing discovery establishes that each of these criteria exists, then the party seeking discovery can obtain the

---

[5] Although Plaintiff has not taken a position of the applicability of the common interest doctrine to this case, many of the requested documents, as designated in the privilege log, fall under the so-called joint defense privilege. A subset of the attorney-client privilege, the common interest doctrine arises when two or more clients consult or retain one attorney to assist the clients on a matter of common interest. Ken's Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 92 (D.Mass. 2002). The doctrine operates to maintain the attorney-client privilege over the communications between clients and the attorney, even though the communications were disclosed to a third party. Id.

documents or other tangible materials only upon a showing that such party has substantial need of the information contained in such documents and cannot obtain the equivalent without undue hardship. Colonial Gas v. Aetna Cas. and Sur., 144 F.R.D. at 605. If the party seeking discovery can show both a substantial need and that the equivalent cannot be obtained without undue hardship, then that party has a right to view the documents or other tangible materials to the extent they contain relevant and non-privileged facts. If the document is not discoverable (because the opposing party could not show undue hardship), the party opposing discovery can be deposed to obtain non-privileged factual information contained in such document. See Laxalt v. McClatchy, 116 F.R.D. 438, 442-443 (D.Nev. 1987); Carver v. AllState Ins. Co., 94 F.R.D. 131, 135-136 (S.D. Ga. 1982).[6]

The privilege log provided by Mr. Scoll presents detailed descriptions of documents and indicates the work product privilege as it applies to each document. In order to discover the documents, Ms. Steffenberg is required to show that she has a substantial need for the documents and that she cannot obtain the equivalent without undue hardship. I find that Ms. Steffenberg has

---

[6] Where the party seeking discovery could obtain such information by deposing the other party or its representative, many courts have held that the mere additional expense of deposing such party or its representative is not undue hardship and therefore, the document need not be produced. See Colonial Gas Co. v. Aetna Cas. & Sur., 139 F.R.D. at 275. However, the thoughts, opinions and mental impressions of the opposing party's attorneys, investigators, agents or other representatives are immune from discovery and cannot be obtained even on a showing of undue hardship. See Laxalt v. McClatchy, 116 F.R.D. at 441-442.

failed to meet her burden.

Although it may be difficult for Plaintiff to specify substantial need for each document or group of documents at this stage of the litigation, such a showing is required to overcome the privilege. Plaintiff's primary argument is that Mr. Gilman himself is under investigation by the Federal Bureau of Investigation and the United States Attorney's Office for his criminal activities and that Mr. Scoll is therefore the only source of obtaining this information. Even if this were the case for all of the documents at issue, it would not require an automatic release of any and all information that would otherwise fall under one of the privileges discussed here. While Plaintiff cites to a case that holds that the attorney-client relationship is not one that creates "a cloak of protection ... draped around all occurrences in conversations which have any bearing, direct or indirect, upon the relationship of the attorney with his client," In re Fidelity Guarantee Mortgage Corp., 150 B.R. 864, 869 (Bankr.D.Mass. 1993) (internal quotation omitted), it remains true that Massachusetts narrowly construes exceptions to a lawyer's duty to guard client confidences. See Siedle v. Putnam Investments, Inc., 147 F.3d 7, 11 (1st Cir. 1998). Furthermore, taking a overly broad approach to obtaining documents that may support her claims, by requesting all of Mr. Scoll's files pertaining to Mr. Gilman and all of his communication with Mr. Gilman over a period of time, misconstrues the purpose of the

discovery process. Finally, the category of materials that Plaintiff requested concerning incorporation materials of the various Gilman entities would be available as public information through the Secretary of State's office.

While the majority of the documents Mr. Scoll claims are protected by the work product privilege are clearly designated as documents prepared for the party in anticipation of litigation, the remaining documents that are not classified as "ordinary" work product fall under the opinion work product privilege. Opinion work product revealing an attorney's mental impressions and strategies receives heightened protection. See In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1014-15 (1st Cir. 1988). Opinion work product cannot be discovered even upon a showing of undue hardship. See Laxalt v. McClatchy, 116 F.R.D. at 441-442. The documents listed in Mr. Scoll's privilege log as opinion work product are protected from discovery. Accordingly, Plaintiff's motion to compel production of Mr. Scoll's work product documents concerning his representation of Mr. Gilman and his companies is denied.

## Conclusion

Plaintiff's Motion to Compel Responses of Defendant David M. Scoll to Plaintiff's First Request for Production of Documents (Docket No. 8) is denied.

```
                              /s/Charles B.Swartwood, III
                              CHARLES B. SWARTWOOD, III
                              MAGISTRATE JUDGE
```