UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| ELIZABETH R. STEFFENBERG,<br>    Plaintiff<br><br>v.<br><br>T. GENE GILMAN, et al. | CIVIL ACTION<br>NO. 04-40113-FDS |

**DEFENDANT AVIVA LIFE INSURANCE COMPANY'S
MOTION TO DISMISS THE PLAINTIFF'S CLAIMS AGAINST IT OR, IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

The Defendant Aviva Life Insurance Company ("Aviva Life") moves to dismiss the plaintiff Elizabeth R. Steffenberg's claims against it on the grounds that even a cursory review of the Second Amended Complaint reveals that Mrs. Steffenberg has failed to allege sufficient facts to support any claim against Aviva Life.

This matter arises out of the alleged misappropriation of Mrs. Steffenberg and her late husband Arthur Steffenberg's personal finances that were managed by their financial planning and investment advisor, T. Gene Gilman. While the Second Amended Complaint is replete with factual allegations that Mr. Gilman and others acting on his behalf diverted or participated in the diversion of the Steffenberg's funds to offshore accounts, Mrs. Steffenberg does not assert a single factual allegation that Aviva Life misappropriated or participated, in any way, in the misappropriation of her funds.

In fact, Mrs. Steffenberg alleges only two "facts" against Aviva Life. First, she identifies Aviva Life's address for jurisdiction purposes. Second, she concludes, without providing any additional grounds, that "upon information and belief", Mr. Gilman directed the diversion of her

funds while he was an insurance "agent with Aviva Life."  Resting her legal claims on these two "facts", Mrs. Steffenberg literally tacks on Aviva Life to several counts in her Second Amended Complaint at the end of a string of defendants whose alleged culpability is identified.

The fraud (Count V), negligence (Counts VI, VIII, and XIII) contract (Count IX), conversion (Count X), and 93A § 11 (Count XII) claims against Aviva Life are legally and factually deficient and in no way rise to the level of notice or particularity pleading required by the rules.  As such, this Court should dismiss all claims against Aviva Life pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  Alternatively, Mrs. Steffenberg should be ordered to provide to Aviva Life a more definite statement of each of her claims against it, as provided by Fed. R. Civ. P. 12(e).

Moreover, Mrs. Steffenberg's G.L.c. 93A, § 11 (Count XII) claim should be dismissed as she has no legal standing to assert it.  She has not alleged to be nor is she engaged in trade or commerce, the statutory prerequisite to a Section 11 claim.

In further support of this Motion, Aviva Life submits the attached Memorandum of Law, which is incorporated by reference hereto.

<u>REQUEST FOR ORAL ARGUMENT</u>

Aviva Life requests oral argument on its Motion to Dismiss.

Respectfully submitted,

AVIVA LIFE INSURANCE COMPANY

By its attorneys,

<u>/s/Kristin M. Knuuttila</u>
Rhonda L. Rittenberg, BBO# 550498
Kristin M. Knuuttila, BBO #633828
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Date: <u>February 4, 2005</u>

2