UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

_____
                                    )
ELIZABETH R. STEFFENBERG,            )
       Plaintiff                     )
                                    )    CIVIL ACTION
v.                                  )    NO. 04-40113-FDS
                                    )
T. GENE GILMAN, et al.              )
_____)

## DEFENDANT AVIVA LIFE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S CLAIMS AGAINST IT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Aviva Life Insurance Company ("Aviva Life") submits this Memorandum in support of its Motion to Dismiss filed herewith. As set forth more fully below, Mrs. Steffenberg's claims against Aviva Life should be dismissed as they are factually and legally insufficient and in no way rise to the level of notice or particularity pleading required by Fed. R. Civ. P. 12(b)(6) and 9(b). Alternatively, Mrs. Steffenberg should be ordered to provide a more definite statement of each of her claims against Aviva Life pursuant to Fed. R. Civ. P. 12(e).

Moreover, Mrs. Steffenberg is not a proper plaintiff pursuant to 93A, § 11 as she does not allege to be nor is she engaged in trade or commerce. She, therefore, lacks standing under the statute and her 93A, § 11 claim (Count XII) must be dismissed.

## **FACTUAL BACKGROUND**

**A.     The Steffenbergs Retain T. Gene Gilman as their Financial and Investment Advisor.**

Mrs. Steffenberg alleges that she and her late husband, "who had little prior investment experience" retained defendant Mr. Gilman, a registered securities broker, and his company, T. Gilman & Co., another defendant, to "provide them with investment advice and financial planning services." Plaintiff's Second Amended Complaint at ¶¶ 17,18. The Steffenbergs allegedly "developed a relationship of deep trust and confidence in [Mr.] Gilman such that they entrusted him with complete discretion and control over their investment portfolio", which comprised "their entire retirement savings," worth approximately $1.109 million Id. at ¶¶ 18, 20. As alleged, during the time that Mr. Gilman provided investment and financial planning advice to the Steffenbergs, he was a registered securities broker with three of the defendants: First Allied Securities, Gilman Insurance Agency and Financial Links. Id. at ¶ 21.

**B.     Gilman Allegedly Diverts the Steffenbergs' Funds.**

In approximately 1999, Mr. Gilman allegedly began to divert and convert for his own use monies from the Steffenbergs' investment and retirement accounts to defendant Arbor Securities, an offshore entity located in the Bahamas, and then to defendant TradeTek, a corporation owned by Mr. Gilman and for which he allegedly "serves as president, treasurer and registered agent." Id. at ¶¶ 22, 58, 65, 78, 87. Mrs. Steffenberg claims that Mr. Gilman "used" a variety of entities "to perpetrate" the alleged diversion, namely defendants Financial Links, Commonwealth Financial Holdings, Alliance Investment Management, Gilman Insurance Agency, and T. Gilman Co., and non-

2

defendants Edgewater Securities, LLC and The Leeward Financial Group. Id. at ¶ 23. Mr. Gilman allegedly "directed" his defendant son, Steven Gilman, representatives of defendants Financial Links and T. Gilman Co. and a representative of non-defendant Edgewater Securities, LLC to "assist in the diversion". Id. at ¶ 24.

In order to carry out the alleged "diversion" of the Steffenbergs' funds, Mr. Gilman purportedly created and mailed phony financial reports, investment statements and checks and persuaded Mrs. Steffenberg to liquidate two certificates of deposit (the proceeds of which he allegedly diverted) and "transfer the proceeds of Mr. Steffenberg's life insurance policy, worth approximately $220,000, to Arbor Securities, claiming that he would invest the funds for her." Id. at ¶ 26-30, 59-60, 66-67, 78-79, 83-84.

Mrs. Steffenberg alleges, in relevant part, that the "diversion" of her funds and subsequent attempted cover-up constitutes claims ranging in severity from negligence to civil RICO violations.

C. **Aviva Life Has No Involvement in the Alleged Diversion of Funds.**

Nowhere in the Second Amended Complaint does Mrs. Steffenberg state, or even suggest, that Aviva Life was one of the entities "used" or "directed" to "perpetrate" or "assist in" the alleged diversion of funds. The only apparent connection to Aviva Life is that Mr. Gilman was "upon information and belief" an insurance agent (as distinct from a registered securities broker) with Aviva Life at the time he purportedly "directed" the diversion of the Steffenbergs' funds. Id. at ¶ 25.

Nevertheless, Mrs. Steffenberg has tacked on Aviva Life as a defendant at the end of a string of defendants, all of whose culpability is identified, in six of the fourteen counts in her Second Amended Complaint, namely fraud (count V), negligent misrepresentation

3

(count VI), negligence (count VIII) breach of contract (count IX), conversion (count X), violation of G. L. c. 93A, § 11 (Count XII), and negligent supervision (court XIII). Importantly, Mrs. Steffenberg originally asserted RICO against Aviva Life, but voluntarily dismissed that claim when Aviva Life removed this matter from state to federal court. Mrs. Steffenberg continues to assert RICO violations against other defendants. See Count XI. Within the text of each count against Aviva Life, Mrs. Steffenberg fails to state any additional factual allegations against Aviva Life, except to state that the specified defendants committing the acts complained of were "upon information and belief" "operating under the auspices" of First Allied Securities, Penson Financial Services and Aviva Life. Id. at ¶¶ 58-60, 65-67, 78-79, 83-84.

## ARGUMENT

**A.    The Plaintiff's Claims Against Aviva Life should be Dismissed as She Failed to State any Claim Upon which Relief May be Granted.**

    **1.    Plaintiff Fails to Allege A Factual Predicate Concrete Enough to Warrant Further Proceedings.**

"[W]hile a complaint 'need not include evidentiary detail,' it must nonetheless 'allege a factual predicate concrete enough to warrant further proceedings.' Thus, even under the liberal pleading requirements of Rule 8(a), a plaintiff must 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.' Simply parroting the language of a statutory cause of action, without some factual support, is not sufficient to state a claim." United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 240 (1st Cir. 2004) (citations omitted). Courts will reject "claims that are made in the complaint if they are 'bald assertions or unsupportable conclusions.'" Id. at 224. (citations omitted). A

4

court's "objective is 'to determine whether the complaint … alleges facts sufficient to make out a cognizable claim.'" Id. (citations omitted).

Mrs. Steffenberg fails to allege a factual predicate concrete enough to support any of her claims against Aviva Life and, thus, she should be precluded from proceeding with them.  The basis of Mrs. Steffenberg's Second Amended Complaint is that Mr. Gilman, a registered securities broker, provided to her financial and investment advice.  In his capacity as investment adviser, Mr. Gilman allegedly convinced Mrs. Steffenberg to transfer and/or liquidate her investments, which he then diverted.  Throughout her Second Amended Complaint, Mrs. Steffenberg alleges that while Mr. Gilman was the mastermind, many of the defendants participated, in some meaningful way, in diverting her investments.  Aviva Life is never linked in any way to the diversion scheme.  Mrs. Steffenberg merely claims that Mr. Gilman was an Aviva Life insurance agent, which, as alleged, has absolutely no bearing on Mr. Gilman's conduct as a registered securities broker who provided financial and investment advice to the Steffenbergs and later defrauded them of their life savings.

Indeed, and by way of example, Mrs. Steffenberg fails to identify any duty Aviva Life owed to her to support her negligence count.  Similarly, Mrs. Steffenberg fails to allege what contract between her and Aviva Life was breached to support her breach of contract claim.  Mrs. Steffenberg also fails to assert that Aviva Life converted her funds for its own use, an essential element of a conversion claim.  In fact, she alleges nothing that Aviva Life did that would amount to fraud, negligent misrepresentation or an unfair or deceptive trade practice under G. L. c. 93A, § 11.

Mrs. Steffenberg's single, unsupported, and conclusory allegation that Mr. Gilman was Aviva Life's agent is insufficient to sustain claims against Aviva Life and, therefore, the Second Amended Complaint against Aviva Life should be dismissed under Fed. R. Civ. P. 12(b)(6) and 9(b).

Alternatively, "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). If the Court does not dismiss Mrs. Steffenberg's claims against Aviva Life, Mrs. Steffenberg should, at a minimum, be ordered to provide a more definite statement of all claims against Aviva Life pursuant to Fed. R. Civ. P. 12(e).

### 2. The Fraud-Related Claims Against Aviva Life Lack Any Particularity.

Claims of fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The particularity requirement is strictly construed in this circuit." Shamsi v. Dean Witter Reynolds, Inc., 743 F. Supp. 87, 90 (D. Mass. 1989). To satisfy Rule 9(b), "the complaint must give the time, place, and contents of the alleged misrepresentation or omissions. Karvelas, 360 F.3d at 226 (citations omitted). Stated another way, Rule 9(b) requires an "averment of the who, what, where, and when of the allegedly false or fraudulent representations." Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004) (citations omitted). "Conclusory allegations of fraud are insufficient

under the Rule." Alton v. Prudential Bache Securities, Inc., 753 F. Supp. 39, 42 (D. Mass. 1990) (citations omitted).

Under Rule 9(b), a plaintiff may make allegations of fraud on the basis of personal knowledge or on "information and belief," but "information and belief" allegations remain subject to the particularity requirements of Rule 9(b). Karvelas, 360 F.3d at 226 (citations omitted). Allegations of fraud made on information and belief are also subject to the additional requirement that "the complaint set[] forth the facts on which the belief is founded." Id. (citations omitted).

"The purpose of Rule 9(b)'s particularity requirement is to (1) place the defendant on notice and enable him or her 'to prepare a meaningful defense to fraud; (2) to prevent the use of conclusory allegations of fraud as a basis for strike suits and fishing expeditions; and (3) to protect defendants from groundless charges which tend to damage their reputations.'" Alton, 753 F. Supp. at 42 (citations omitted). Where there are allegations of a fraudulent scheme with multiple defendants, as is the case here, the Complaint must inform each defendant of the specific fraudulent acts constituting the basis of the action against that particular defendant. See Goebel v. Schmid Bros., Inc., 871 F. Supp. 68, 72-73 (D. Mass. 1994).

Here, Mrs. Steffenberg fails to state with particularity the circumstances supporting the fraud, intentional misrepresentation and conversion counts against Aviva Life. Her Second Amended Complaint is utterly devoid of facts indicating the time, place, and contents of Aviva Life's, as opposed to Mr. Gilman and the other defendants', alleged wrongful acts.

Moreover, the only existing allegation against Aviva Life – that is, Mr. Gilman was an Aviva Life insurance agent – is based on Mrs. Steffenberg's "information and belief." This single allegation is not supported by any fact upon which her belief is founded.

Because of Mrs. Steffenberg's unexplained and unsubstantiated fraud, intentional misrepresentation and conversion claims against Aviva Life, Aviva Life cannot prepare a meaningful defense. Mrs. Steffenberg's fraud-related claims (Count V - Fraud/Intentional Misrepresentation and Count X - Conversion) should be dismissed. Driscoll v. Landmark Bank for Savings, et al., 758 F. Supp. 48, 51 n.2 (D. Mass. 1991) ("Motions to dismiss for failure to satisfy Rule 9(b)'s particularity requirement may properly be characterized as motions to dismiss for failure to state a claim, pursuant to Rule 12(b)(6).") (citations omitted).

**B.     Plaintiff Lacks Standing to Sue Under G. L. c. 93A, § 11.**

Mrs. Steffenberg fails to allege that she is engaged in trade or commerce, as required by G. L. c. 93A, § 11.[1] Instead, she alleges that she and her husband were consumers who "had little prior investment experience" and retained Mr. Gilman's services to manage their personal investments and plan for their retirement. Under these circumstances, Mrs. Steffenberg lacks standing to bring her claim under G. L. c. 93A, § 11, which pertains exclusively to business-related claims. Her claim should, therefore, be dismissed.

---

[1] G. L. c. 93A, § 11 provides that "[a]ny person who engages in the conduct of trade or commerce" may bring an action. Section 1(b) of G. L. c. 93A defines "trade" or "commerce" as including:

> the advertising, the offering for sale, rent or lease, the sale, rent lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security as defined in [c. 100A, § 401(k)] and any contract for sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth.

8

## **CONCLUSION**

For the foregoing reasons, the defendant Aviva Life Insurance Company hereby requests that this Court dismiss with prejudice all claims (Counts V, VI, VIII, IX, X, XII, and XIII) against it. In the alternative, Aviva Life respectfully requests an order requiring the plaintiff to provide a more definite statement on all counts against it.

Respectfully submitted,

AVIVA LIFE INSURANCE COMPANY

By its attorneys,

/s/Kristin M. Knuuttila
Rhonda L. Rittenberg, BBO# 550498
Kristin M. Knuuttila, BBO #633828
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Date: February 4, 2005