UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

ELIZABETH R. STEFFENBERG,   )   (Christine S. Collins BBO#639293)
                            )
    Plaintiff,               )
                            )
v.                          )
                            )
T. GENE GILMAN, STEVEN GILMAN,   )
THE GILMAN INSURANCE            )
AGENCY, INC., DAVID M. SCOLL,   )
ARBOR SECURITIES, LTD.,         )
ALLIANCE INVESTMENT             )
MANAGEMENT, COMMONWEALTH        )
FINANCIAL HOLDINGS INC.,        )
FINANCIAL LINKS, INC.,          )
T. GILMAN & CO., LTD.,          )
AVIVA LIFE INSURANCE COMPANY,   )
TRADETEK, LTD., and             )
TRADETEK, LLC,                  )
                                )
    Defendants.                 )

**MOTION OF PLAINTIFF ELIZABETH R. STEFFENBERG FOR
DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55**

Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") hereby requests that this Court enter judgment by default and assess damages in the amount of $963,502.94 plus attorneys' fees and costs in the amount of $50,002.63[1], totaling **$1,013,505.50**, against Defendants, T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Commonwealth Financial Holdings Inc., Financial Links, Inc. T. Gilman & Co., Ltd., TradeTek, Ltd., and TradeTek, LLC in the above-captioned matter. In support of this Motion, Ms. Steffenberg relies on the Affidavits of Elizabeth R. Steffenberg ("Steffenberg Affidavit") and

---

[1] Ms. Steffenberg's attorneys' fees and costs are correct through February 16, 2005. However, Ms. Steffenberg continues to accrue additional expenses and attorneys' fees because efforts to obtain relief are ongoing.

{J:\CLIENTS\lit\303603\0001\00510769.DOC;1}

Christine S. Collins ("Collins Affidavit"), filed herewith, and the pleadings filed thus far in this matter. As grounds therefore, Ms. Steffenberg states as follows:

1. Ms. Steffenberg filed this action in Worcester Superior Court against her former investment advisor, Defendant T. Gene Gilman ("Gilman"), his son, Defendant Steven Gilman, and numerous corporate entities owned and/or operated by Gilman, Defendants the Gilman Insurance Agency, Arbor Securities Limited, and Commonwealth Financial Holdings, Inc., Financial Links, TradeTek, LLC. and TradeTek, Ltd. (the "Gilman Entities") to recover funds she and her now-deceased husband, Arthur J. Steffenberg, invested with Gilman and the Gilman Entities between 1994 to November 2003.

2. Ms. Steffenberg and her now deceased husband, Arthur J. Steffenberg (collectively referred to herein as the "Steffenbergs"), an elderly, retired couple, retained T. Gene Gilman in or about 1994 to provide them with investment advice and financial planning services. (See Steffenberg Affidavit at ¶ 1.)

3. The Steffenbergs had little prior investment experience and, over a period of years, they developed a relationship of deep trust and confidence with Gilman such that they entrusted him with complete discretion and control over their investment portfolio. Their investment portfolio comprised their entire retirement savings. (See id. at ¶ 2.)

4. In or about September, 1994, Gilman performed an investment summary and analysis of the Steffenbergs' investments which reflected that the Steffenbergs' assets with Gilman were worth approximately $1.109 million and their portfolio reflected their investment goals and objectives: safe, conservative investments which would generate income with which the couple could live through their retirement years. (See id. at ¶ 3.)

5. Upon information and belief, commencing in or about 1999, Gilman began to divert monies from the investment accounts of the Steffenbergs and his other clients to Arbor Securities, Ltd. ("Arbor Securities") an offshore entity located in the Bahamas. At no time did Gilman inform the Steffenbergs that their money was being invested overseas. (See id. at ¶ 4.)

6. Upon information and belief, over the following several years, Gilman transferred the Steffenbergs' funds from Arbor Securities to TradeTek, LLC and/or TradeTek, Ltd. (TradeTek, LLC and TradeTek, Ltd. shall collectively be referred to herein as "TradeTek") corporations he owns and holds officer-level positions. At no time did Gilman advise the Steffenbergs that their money was being invested in TradeTek. (See id. at ¶ 5.)

7. Upon information and belief, Gilman, in conjunction with his son, Defendant Steven Gilman, used a variety of entities to perpetrate the diversion of his clients' account monies to Arbor Securities and TradeTek, including but not limited to Financial Links, Inc., Commonwealth Financial Holdings, Ltd. The Gilman Insurance Agency, and T. Gilman & Co. (See id. at ¶ 6.)

8. Based on information Gilman's representations to the Steffenbergs, the value of their investments in Arbor Securities, Ltd. in June 2000 was **$649,278.89**. (See id. at ¶ 7.)

9. In August, 2003, just prior to the death of Mr. Steffenberg, Gilman persuaded the Steffenbergs to liquidate two Certificates of Deposit worth **$252,355.74** and to transfer the proceeds to him, claiming he would invest the proceeds for them. Instead, upon information and belief, Gilman caused the proceeds to be transferred to Arbor Securities and, ultimately, TradeTek. (See id. at ¶ 8.)

10. Shortly after the death of Mr. Steffenberg in late August, 2003, Gilman persuaded an emotionally and mentally fragile Ms. Steffenberg to transfer the proceeds of Mr.

Steffenberg's life insurance policy, worth **$220,000**, to Arbor Securities, claiming that he would invest the funds for her. Upon information and belief, these proceeds were ultimately diverted to TradeTek. (See id. at ¶ 9.)

11. On or about October 31, 2003, Ms. Steffenberg learned that she had been defrauded of her and her husband's entire life savings by Gilman and the Gilman Entities when she received her monthly statement from Financial Links which reflected a remaining balance in her investment accounts of $4,014.06. She later recovered an additional $154,117.63 at Penson Financial Services, Inc. (See id. at ¶ 10.)

12. Ms. Steffenberg initiated this action against The Gilman Insurance Agency, Inc. in Worcester Superior Court on or about December 31, 2003. (See Collins Affidavit at ¶ 3.)

13. The Gilman Insurance Agency, Inc. was served with a copy of the Summons and Complaint on January 30, 2004. (See id. at ¶ 4.)

14. On or about March 19, 2004, Gilman, Defendants Steven Gilman, the Gilman Insurance Agency, Inc., Arbor Securities, Commonwealth Financial Holdings Inc., T. Gilman & Co., Ltd., and Tradetek were served with a copy of the First Amended Verified Complaint. Defendant Financial Links, Inc. was served with a copy of the First Amended Verified Complaint on March 24, 2004. (See id. at ¶ 5.)

15. On or about April 23, 2004, Gilman, Defendants Steven Gilman, the Gilman Insurance Agency, Arbor Securities, Commonwealth Financial Holdings Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and Tradetek were served with a copy of the Second Amended Verified Complaint. (See id. at ¶ 6.)

16. On or about June 14, 2004, Defendant, Aviva Life Insurance Company of America, removed this action to United States District Court for the Central District of Massachusetts, Civil Action No. 04-40113-FDS. (See id. at ¶ 7.)

17. Neither Gilman nor the Gilman Entities answered any complaint or amended complaint filed in this matter within the requirements of Mass. R. Civ. P. 12(a). (See id. at ¶ 8.)

18. Accordingly, on or about November 4, 2004, this Court entered its Default Order pursuant to Mass. R. Civ. P. 55(a). (See Collins Affidavit at ¶ 9 and Exhibit 1 thereto.)

19. The attorneys' fees and costs incurred by Ms. Steffenberg through February 16, 2005 in connection with the above-captioned matter total **$50,002.63**. (See Collins Affidavit at ¶ 10 and Exhibit 2 thereto.)

**WHEREFORE,** Plaintiff Elizabeth R. Steffenberg requests that this Court enter Default Judgment against Defendants, T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Commonwealth Financial Holdings Inc., Financial Links, Inc. T. Gilman & Co., Ltd., TradeTek, Ltd., and TradeTek, LLC in the amount of $963,502.94 plus attorneys' fees and costs in the amount of $50,002.63[2], totaling **$1,013,505.55**

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

/s/ Christine S. Collins
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated: February 18, 2005

---

[2] Ms. Steffenberg's attorneys' fees and costs are correct through February 16, 2005. However, Ms. Steffenberg continues to accrue additional expenses and attorneys' fees because efforts to obtain relief are ongoing.

{J:\CLIENTS\lit\303603\0001\00510769.DOC;1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD., and TRADETEK, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 18th day of February, 2005 served the foregoing by mailing copy thereof, via first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

/s/ Christine S. Collins
Christine S. Collins

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD., and TRADETEK, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ELIZABETH R. STEFFENBERG

I, Elizabeth R. Steffenberg, on oath depose and state as follows:

1. I and my now deceased husband, Arthur J. Steffenberg, retained T. Gene Gilman to provide them with investment advice and financial planning services.

2. My husband and I had little prior investment experience and, over a period of years, we developed a relationship of deep trust and confidence in Gilman such that we entrusted him with complete discretion and control over our investment portfolio. Our investment portfolio comprised our entire retirement savings.

{J:\CLIENTS\lit\303603\0001\00510770.DOC;1}

3. In or about September, 1994, Gilman performed an investment summary and analysis of our investments which reflected that our assets with Gilman were worth approximately $1.109 million and our portfolio reflected our investment goals and objectives: safe, conservative investments which would generate income with which we could live through our retirement years.

4. Upon information and belief, commencing in or about 1999, Gilman began to divert monies from our investment accounts to Arbor Securities, Ltd. ("Arbor Securities") an offshore entity located in the Bahamas. At no time did Gilman inform us that our money was being invested overseas.

5. Upon information and belief, over the following several years, Gilman transferred our funds from Arbor Securities to TradeTek, LLC and/or TradeTek, Ltd. (TradeTek, LLC and TradeTek, Ltd. shall collectively be referred to herein as "TradeTek") corporations he owns and holds officer-level positions. At no time did Gilman advise us that our money was being invested in TradeTek.

6. Upon information and belief, Gilman, in conjunction with his son, Defendant Steven Gilman, used a variety of entities to perpetrate the diversion of our account monies to Arbor Securities and TradeTek, including but not limited to Financial Links, Inc., Commonwealth Financial Holdings, Ltd. The Gilman Insurance Agency, and T. Gilman & Co.

7. Based on Gilman's representations to me and my husband, the value of our investments in Arbor Securities, Ltd. in June, 2000 was $649,278.89.

8. Subsequently, in August, 2003, just prior to the death of my husband, Gilman persuaded me and my husband to liquidate two Certificates of Deposit worth $252,355.74 and to transfer the proceeds to him, claiming he would invest the proceeds for us. Instead, upon

information and belief, Gilman caused the proceeds to be transferred to Arbor Securities and, ultimately, TradeTek.

9. Shortly after the death of Mr. Steffenberg in late August, 2003, Gilman persuaded me to transfer the proceeds of Mr. Steffenberg's life insurance policy, worth $220,000, to Arbor Securities, claiming that he would invest the funds for me. Upon information and belief, these proceeds were ultimately diverted to TradeTek.

10. On or about October 31, 2003, I learned that I had been defrauded of my and my husband's entire life savings by Gilman and the various entities and individuals with whom he had been working when I received my monthly statement from Financial Links which reflected a remaining balance in my investment accounts of $4,014.06. I later recovered an additional $154,117.63 at Penson Financial Services, Inc.

Signed under the pains and penalties of perjury this 18th day of February, 2005.

/Elizabeth R. Steffenberg/