UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**DAVID M. SCOLL'S OPPOSITION TO
MOTION OF PLAINTIFF ELIZABETH R. STEFFENBERG FOR
DEFAULT JUDGMENT PURSUANT TO FED.R.CIV.P.55**

The Defendant, David M. Scoll (hereinafter "Scoll"), hereby submits, pursuant to Local Rule 7.1(B)(2) of the United States District Court for the District of Massachusetts (hereinafter "Local Rules") and Rule 54 and Rule 55 of the Federal Rules of Civil Procedure, his opposition to the Plaintiff's motion for a default judgment against the Gilman Defendants in the amount of $1,013.505.50.[1] See Mot. of Pl. Eliz. R. Steffenberg for Def. Judg. Pur. to Fed.R.Civ.P. 55 dated Feb. 18, 2005 (hereinafter "Motion for Default Judgment").

---

[1] "The Gilman Defendants" shall refer to the Defendants against whom the Plaintiff is currently seeking a default judgment: T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd., and TradeTek, LLC.

34969.1

I.      **BACKGROUND**

The Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), is suing Scoll, an attorney, as well as several of his former clients, also named as Defendants in this lawsuit. The Plaintiff contends that Gilman, as her investment advisor, transferred her assets to Arbor and TradeTek without her authorization, causing her to lose her entire life savings. See Pl.'s Second Amended Verified Compl. dated April 23, 2004 (hereinafter "Complaint"), ¶ 31. She further contends that Gilman used the Defendant companies[2] to further this allegedly fraudulent scheme. See id., ¶¶ 22-25.

The Plaintiff now seeks to hold Scoll liable for almost $1 million in monetary losses allegedly due to Gilman's wrongful conduct. Compare id., ¶¶19-20 (at time Gilman began to act as investment advisor, Plaintiff's assets allegedly worth $1.109 million) with id., ¶ 31 (the Plaintiff allegedly informed that assets invested by Gilman reduced in value to $4,014). The shaky basis for the Plaintiff's claims against Scoll is that Scoll allegedly knew of the Gilman Defendants' actions and omissions but failed to disclose the same to the Plaintiff, allowing the Gilman Defendants to get away with stealing approximately $ 1 million of the Plaintiff's savings. See id. Count II, III, and IV. Generous inferences from the allegations in the Complaint might lead to this interpretation of the Plaintiff's claims against Scoll.

---

[2] The "Defendant companies" shall refer to: The Gilman Insurance Agency, Inc., Arbor Securities, Ltd. (hereinafter "Arbor"), Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and TradeTek, LLC (hereinafter "TradeTek").

- 2 -

34969.1

## II.    ARGUMENT

**The preferred practice is to hold the Plaintiff's Motion for Default Judgment against the Gilman Defendants in abeyance until the conclusion of the case in order to avoid inconsistent judgments.**

In a multi-defendant case, if a default has entered against one of the defendants, the preferred practice is to withhold a default judgment against that defendant until the proceedings are over. See Frow v De La Vega, 82 U.S. 552, 553 (1872); Baker v Old Nat'l Bank, 91 F. 449, 450 (1st Cir. 1899); Gulf Coast Fans, Inc. v Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984); Exquisite Form Indus., Inc. v Exquisite Fabrics of London, 378 F.Supp. 403, 416 (S.D.N.Y. 1974). If the plaintiff then does not prevail on the merits with the remaining defendants, no default judgment should enter against the defaulted defendant. See id. Even when defendants are not jointly liable but are merely similarly situated this rule applies. See Gulf Coast, 740 F.2d at 1512 (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690 and 10 Moore Federal Practice para. § 55.10[1] n. 21); 10 Moore Federal Practice para. § 55.25 ("When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."). This is only fair, because if the plaintiff cannot make out her claims on the merits against some defendants, she should not be entitled to a default judgment against the others.

In this case, there is a real possibility that the Plaintiff will recover inconsistent judgments in this case against the Gilman Defendants on the one hand and Scoll on the other. The Plaintiff, for example, alleges that Scoll served simultaneously as attorney for Gene Gilman and TradeTek, as well as the Plaintiff. See Pl.'s Second Amended Verified Compl. dated April 23, 2004 (hereinafter the "Complaint"), ¶¶ 43, 50. According to the Plaintiff, this simultaneous

representation provided knowledge to Scoll that TradeTek was using the Plaintiff's investments without her knowledge. See id., ¶¶ 45, 51. At a trial on the merits, it is possible, that, for example, the Plaintiff will fail to make out her case against TradeTek and its illegal activities. This failure will necessarily require a verdict in favor of Scoll. Yet, if a default judgment enters against TradeTek, inconsistent verdicts will exist. In light of the possibility of inconsistent verdicts, the Court should defer entering a default judgment against the Gilman Defendants until a trial of this matter. Bonilla v Trebol Motors Corp., 150 F.3d 77, 82 n. 4 (1st Cir. 1998); Sack v Seid, 2002 U.S.Dist.LEXIS 20542, at * 3 (N.D.Ill. Oct. 23, 2002); Northland Ins. Co. v Cailu Title Corp., 204 F.R.D. 327, 329-30 (W.D.Mich. 2000). See also 6 Moore's Federal Practice, para. § 55.25.[3]

### III.  CONCLUSION

For all the foregoing reasons, the Court should deny the Plaintiff's Motion for Default Judgment and reserve a decision on said Motion until the resolution of this matter on the merits.

---

[3] As the Court in Frow stated:

> The question is, whether the court, in such case as this, could lawfully make a final decree against one defendant whilst the cause was proceeding undetermined against the others. If it could be done, than this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants, and another decree disaffirming the said charge, declaring it to be entirely unfounded and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case ... . Such a state of things is unseemly, and absurd, as well as unauthorized by law.

Frow v De La Vega, 82 U.S. 552, 554 (1872)(quoted by See 6 Moore's Federal Practice, para. § 55.25).

34969.1

Respectfully submitted,
DAVID M. SCOLL
By his Attorneys,


_/s/ Sara Discepolo_
George C. Rockas, BBO # 544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA  02110
(617) 422-5300

Dated: March 2, 2005

34969.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on March 2, 2005, I electronically filed the foregoing *David M. Scoll's Opposition to Motion of Plaintiff Elizabeth R. Steffenberg for Default Judgment Pursuant to Fed.R.Civ.P. 55* and caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Kristin M. Knuuttila
Prince, Lobel, Glovsy & Tye LLP
585 Commercial Street
Boston, MA 02109

                                                            /s/ Sara Discepolo
                                                            Sara Discepolo