UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO OPPOSITION OF DEFENDANT DAVID M. SCOLL TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55**

Plaintiff Elizabeth R. Steffenberg ("Mrs. Steffenberg") hereby requests that this Court grant her leave to file the Reply to the Opposition of Defendant David M. Scoll ("Scoll") to Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55 filed on February 18, 2005 which is attached hereto as Exhibit A. In further support thereof, Mrs. Steffenberg states as follows:

1.  Mrs. Steffenberg filed her Motion for Default Judgment against numerous Defendants, including T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc.,

Arbor Securities, Ltd., Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd., and TradeTek, LLC (the "Gilman Entities") in accordance with, and pursuant to, this Court's Standing Order dated January 10, 2005 which required the prompt filing of her Motion for Default Judgment after the Entry of Default.

2. Scoll filed an Opposition to Mrs. Steffenberg's Motion for Default Judgment, notwithstanding the fact that Mrs. Steffenberg did not seek a default judgment against Scoll in her Motion for Default Judgment and, in his Opposition, raised issues which were not addressed in Mrs. Steffenberg's Motion.

3. Therefore, Mrs. Steffenberg seeks the opportunity to address the arguments raised by Scoll in his Opposition.

4. Consideration of the Reply appended hereto as Exhibit A will not unduly delay resolution of this matter.

WHEREFORE, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court grant her leave to file the Reply which is attached hereto as Exhibit A.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

/s/ Christine S. Collins
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated: March 9, 2005

A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD., and TRADETEK, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY TO OPPOSITION OF DEFENDANT DAVID M. SCOLL TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Elizabeth R. Steffenberg ("Mrs. Steffenberg") submits this Reply to the Opposition of Defendant David M. Scoll ("Scoll") to Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P 55 filed on February 18, 2005. In further support therefor, Mrs. Steffenberg states as follows:

1. In his Reply, Scoll unjustly attempts to delay resolution of this matter and Mrs. Steffenberg's attempts to recover over $1 million in monies she and her now deceased husband, Arthur J. Steffenberg, invested with Defendants T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Commonwealth Financial Holdings Inc.,

Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd. and TradeTek, LLC (the "Defaulted Defendants").

2. First, Mrs. Steffenberg's Motion is procedurally proper. The Defaulted Defendants have had every opportunity to appear and/or otherwise defend this action but have failed to make <u>any</u> attempt to defend the substantial claims that Mrs. Steffenberg has asserted against them. Accordingly, Mrs. Steffenberg filed her Motion for Default Judgment against the Defaulted Defendants in accordance with, and pursuant to, this Court's Standing Order dated January 10, 2005 which <u>required</u> the prompt filing of her Motion after the Entry of Default.

3. Moreover, justice demands speedy resolution of Ms. Steffenberg's Motion for Default Judgment. At approximately 80 years of age, Mrs. Steffenberg is very elderly and wishes to commence collection proceedings against the Defaulted Defendants in order to recoup what monies she can from the Defaulted Defendants while she is physically and mentally able.

4. Finally, Scoll will not, in reality, be prejudiced by allowance of Mrs. Steffenberg's Motion for Default Judgment. As an initial matter, Scoll's opposition is based purely on theoretical speculation as to the likelihood of "inconsistent judgments", but the truth of the matter is that, in his Opposition, Scoll seeks to protect the <u>Defaulted Defendants</u>, not himself. Specifically, the essence of Scoll's argument is that Mrs. Steffenberg may be unsuccessful in proving her claims against him and, if, prior to that outcome, this Court allows Mrs. Steffenberg's Motion against the Defaulted Defendants, the <u>Defaulted Defendants</u> (not Scoll) will be left with a judgment against them. In addition, Mrs. Steffenberg has not asserted joint and several liability as to Scoll <u>and</u> the Defaulted Defendants and therefore, the judgment resulting from Mrs. Steffenberg's Motion will not be, and cannot be, against Scoll. Accordingly,

Scoll will simply not be prejudiced by allowance of Mrs. Steffenberg's Motion for Default Judgment.

5.  In sum, Scoll is making a thinly-veiled attempt to protect the Defaulted Defendants, parties to this action who have refused and/or failed to defend the serious claims Mrs. Steffenberg has asserted against them, while, on the other hand, Mrs. Steffenberg seeks only to pursue the legal remedies to which she, an elderly woman defrauded of over $1 million, is entitled. This Court should not permit Scoll to impede Mrs. Steffenberg's efforts to collect monies she is owed in which he has neither a legitimate nor an articulated interest.

WHEREFORE, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court allow her Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

/s/ *Christine S. Collins*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated: March 9, 2005