UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>     Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>     Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE DEFENDANT, DAVID SCOLL, TO COMPEL
THE PRODUCTION OF DOCUMENTS RESPONSIVE TO DAVID SCOLL'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
FROM THE PLAINTIFF, ELIZABETH STEFFENBERG**

Pursuant to Rule 37.1(B) of the Local Rules for the United States District Court, District of Massachusetts, and Rule 37(a) of the Federal Rules of Civil Procedure, the Defendant, David Scoll (hereinafter "Scoll") hereby submits the following memorandum of law in support of his motion to compel the Plaintiff to respond to Scoll's first document request. See Mot. of the Deft., David M. Scoll, to Compel the Prod. of Docs. Responsive to David Scoll's First Req. for Prod. of Docs. to the Pl. Elizabeth Steffenberg dated March 14, 2005.

Scoll has received documents and written responses from the Plaintiff to his first document request, however, they are deficient. See Deft. David M. Scoll's First Req. for Prod. of Docs. to the Pl. dated Sept. 13, 2004 (hereinafter "Scoll's Requests")(copy attached hereto as

Exhibit "A"); Mrs. Steffenberg's Resp. to Deft. David M. Scoll's First Req. for Prod. of Docs.
dated Oct. 27, 2004 (hereinafter "Plaintiff's Responses")(copy attached hereto as Exhibit "B").
In her written responses, the Plaintiff objects to 18 out of 24 separate Requests based upon the
attorney-client privilege and the work product doctrine. See Pl.'s Resp. Nos. 2-9, 11-19, and 24.
Despite this assertion of privileges, however, she has not provided a privilege log for the
withheld documents. Yet the Plaintiff, as the party asserting the privilege, has the initial burden
to show that the shielded documents are in fact privileged.  See, e.g., FDIC v Ogden Corp., 202
F.3d 454, 460 (1st Cir. 2000)(party asserting privilege bears initial burden to show it applies and
may do so by use of privilege log). This maybe done by providing a privilege log for the
withheld documents. Allmerica Fin. Corp. v Certain Underwriters at Lloyd's, 2004
Mass.Super.LEXIS 182, at * 8 (Mass.Super.LEXIS May 19, 2004)(citing Federal Rules); In re
Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001)(privilege logs proper in federal
court). The purpose for requiring such substantiation is so that the requesting party may test the
claim to privilege which bars his access to the withheld documents. See id.

Because the Plaintiff has failed to substantiate the withholding of documents responsive
to Scoll's Requests Nos. 2-9, 11-19, and 24 on the basis of privilege, this Court should compel
her to produce those documents within ten (10) days hereof.

### Discovery Conference Certification: Local Rule 37.1(B)

The parties conducted a discovery conference by telephone on March 9, 2005 for
approximately thirty (30) minutes, but were unable to resolve their differences concerning this
matter.

Respectfully submitted,
DAVID M. SCOLL
By his Attorneys,


/s/ Sara Discepolo
George C. Rockas, BBO # 544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA  02110
(617) 422-5300

Dated: March 14, 2005

35507.1

# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.

CIVIL ACTION NO. 03-2519C

ELIZABETH R. STEFFENBERG,

Plaintiff

v.

T. GENE GILMAN, STEVEN GILMAN,
THE GILMAN INSURANCE AGENCY, INC.,
DAVID M. SCOLL, ARBOR SECURITIES, LTD.,
ALLIANCE INVESTMENT MANAGEMENT,
COMMONWEALTH FINANCIAL HOLDINGS, INC.,
FINANCIAL LINKS, INC., T. GILMAN & CO., LTD.,
FIRST ALLIED SECURITIES, INC.,
PENSON FINANCIAL SERVICES, INC.,
AVIVA USA CORPORATION, AVIVA LIFE
INSURANCE COMPANY, ONEBEACON AMERICA
INSURANCE COMPANY, TRADETEK, LTD.,
TRADETEK, LLC, and IVY HELIX, LLC.

Defendants

## DEFENDANT DAVID M. SCOLL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, the Defendant, David M. Scoll (hereinafter the "Defendant"), hereby requests that the Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), produce for inspection, examination and copying the documents listed below within thirty (30) days of service of this request at the offices of George C. Rockas, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 155 Federal Street, Boston, MA 02110.

## DOCUMENTS REQUESTED

1.    All pleadings, depositions, correspondence, notes and any other documents relating to the Middlesex County Superior Court case referenced on page 5 of Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction dated March 18, 2004.

2.    All documents that support or relate to the damages you are seeking in this case against the Defendant.

3.    All documents that support or relate to the damages you are seeking in this case against the named Defendants other than the Defendant, David M. Scoll.

4.    All documents, which support your contention in paragraph 42 of the Second Amended Complaint that the Defendant was your personal attorney, including but not limited to any documents related to legal matters described in your Answer to Interrogatory # 2 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

5.    All documents identified by you in your Answer to Interrogatory # 3 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

6.    All documents which support your contention that the Defendant knew or reasonably should have known that TradeTek's operations were being financed by the Steffenberg's investments without their knowledge or authorization according to paragraph 47 of the Second Amended Complaint, including but not limited to any documents related to your Answer to Interrogatory # 11 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

7.    All documents reflecting or supporting your contention that the Defendant knew of T. Gene Gilman's conduct as described in paragraph 53 of the Second Amended Complaint.

8.    All documents related to the Defendant's role as Trustee of the Steffenberg's Trust as described in the Second Amended Complaint.

9.    All documents identified by you in your Answer to Interrogatory # 19 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

-2-

10.    All documents related to any oral agreement referenced in your Answer to Interrogatory # 21 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

11.    All documents related to any consultations or legal matters described in your Answer to Interrogatory # 22 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

12.    All documents identified by you in your Answer to Interrogatory # 23 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

13.    All account statements received by you from T. Gene Gilman and/or T. Gilman & Co. Ltd. concerning your assets prior to September 30, 1994.

14.    All other documents concerning the handling of your assets by Gene Gilman and/or T. Gilman & Co. Ltd. other than account statements, including but not limited to notes, correspondence, memoranda, computer files, recordings, and graphs.

15.    All account statements concerning your assets received by you from Financial Links, Inc. from September 30, 1994 to the present.

16.    All other documents related to Financial Links, Inc.' involvement with your assets from September 30, 1994 to the present, other than account statements, including but not limited to notes, correspondence, memoranda, computer files, recordings and graphs.

17.    All account statements from September 30, 1994 through the present concerning your assets from any other source other than Financial Links, Inc., T. Gene Gilman, and T. Gilman & Co. Ltd.

18.    All statements by you concerning this action or its subject matter previously made by you. "Statement" shall mean (A) a written statement signed or otherwise adopted or approved by you, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription

-3-

thereof, which is a substantially verbatim recital of an oral statement by you and contemporaneously recorded.

19.    All statements by Arthur J. Steffenberg concerning this action or its subject matter previously made by him. "Statement" shall mean (A) a written statement signed or otherwise adopted or approved by him, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by him and contemporaneously recorded.

20.    Any statements by any named Defendants other than David Scoll, including their agents, servants, employees or attorneys concerning this action or its subject matter previously made by the person. "Statement" shall mean (A) a written statement signed or otherwise adopted or approved by the person, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person and contemporaneously recorded.

21.    All documents identified by you in your Answer to Interrogatory # 25.d. of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

22.    All documents identified by you in your Answer to Interrogatory # 26.d. of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

23.    Any and all reports by the expert(s) identified by you in your Answer to Interrogatory # 28 of Defendant David M. Scoll's First Set of Interrogatories to the Plaintiff.

-4-

25527.1

24.    All documents relating to W.S. Clearing and/or Cygnet Securities, Inc.

DAVID M. SCOLL,

By his attorney,

George C. Rockas, BBO#544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing
pleading on all parties by mailing same, postage
prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

DATED: ___9/13/04___

-5-

EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | MRS. STEFFENBERG'S RESPONSE TO |
| FINANCIAL HOLDINGS INC., | ) | DEFENDANT DAVID M. SCOLL'S |
| FINANCIAL LINKS, INC., | ) | FIRST REQUEST FOR PRODUCTION |
| T. GILMAN & CO., LTD., | ) | OF DOCUMENTS |
| FIRST ALLIED SECURITIES, INC., | ) | |
| PENSON FINANCIAL SERVICES, INC., | ) | |
| AVIVA USA CORPORATION, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Mrs. Steffenberg, Elizabeth R. Steffenberg ("Mrs. Steffenberg"), responds to Defendant, David M. Scoll's ("Scoll") First Request for Production of Documents as follows:

Mrs. Steffenberg will permit inspection and copying of documents requested by Scoll to the extent that such documents are within its possession, custody, and control at the office of Bowditch & Dewey, LLP in Worcester, Massachusetts except as limited by the objections stated herein.

04-40113-FDS

{J:\CLIENTS\lit303603\0001\00474167.DOC;1}

## GENERAL OBJECTIONS

1.    Mrs. Steffenberg objects to each and every request to the extent that it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. In the event any privileged document is produced by Mrs. Steffenberg, its production is inadvertent and does not constitute a waiver of any privilege.

2.    Mrs. Steffenberg objects to each and every request to the extent that it purports to demand production of any documents containing confidential, proprietary or commercial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

3.    A response below that Mrs. Steffenberg will produce the requested documents is not intended as a representation that such documents exist or that Mrs. Steffenberg has all such requested documents, but only that Mrs. Steffenberg will produce responsive documents that are within her possession, custody, or control, and can be found in a reasonable search.

4.    Mrs. Steffenberg objects to each and every request to the extent that it purports to establish a continuing duty to supplement, or seeks to impose a duty beyond those imposed by the Massachusetts Rules of Civil Procedure.

5.    Mrs. Steffenberg objects to the production of any documents falling within one of the General Objections set forth above or within one of the specific objections set forth below. In the event any document falling within such an objection is produced by Mrs. Steffenberg, its production does not constitute waiver of the objection.

6.    Each of the General Objections shall be deemed to apply to each of the Mrs. Steffenberg's separate requests.

04-40113-FDS

2

{J:\CLIENTS\lit\303603\0001\00474167.DOC;1}

## **SPECIFIC RESPONSES**

### Request No. 1

All pleadings, depositions, correspondence, notes and any other documents relating to the Middlesex County Superior Court case referenced on page 5 of Mrs. Steffenberg's Memorandum of Law in Support of Motion for Preliminary Injunction dated March 18, 2004.

### Response No. 1

Mrs. Steffenberg objects to Request No. 1 to the extent that it is overly broad in time and/or scope and unduly burdensome.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

### Request No. 2

All documents that support or relate to the damages you are seeking in this case against the Defendant.

### Response No. 2

Mrs. Steffenberg objects to Request No. 2 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

### Request No. 3

All documents that support or relate to the damages you are seeking in this case against the named Defendants other than the Defendant, David M. Scoll.

**Response No. 3**

Mrs. Steffenberg objects to Request No. 3 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 4**

All documents, which support your contention in paragraph 42 of the Second Amended Complaint that the Defendant was your personal attorney, including but not limited to any documents related to legal matters described in your Answer to Interrogatory #2 of Defendant David M. Scoll's First Set of Interrogatories to the Mrs. Steffenberg.

**Response No. 4**

Mrs. Steffenberg objects to Request No. 4 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

04-40113-FDS

{J:\CLIENTS\lh\303603\0001\00474167.DOC;1}

**Request No. 5**

All documents identified by you in your Answer to Interrogatory #3 of Defendant David

M. Scoll's First Set of Interrogatories to the ~~Mrs. Steffenberg.~~

**Response No. 5**

Mrs. Steffenberg objects to Request No. 5 to the extent that it is overly broad in time

and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the

extent that it seeks information and materials protected by the attorney-client privilege and/or the

work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states

that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 6**

All documents which support your contention that the Defendant knew or reasonably

should have known that TradeTek's operations were being financed by the Steffenberg's

investments without their knowledge or authorization according to paragraph 47 of the Second

Amended Complaint, including but not limited to any documents related to your Answer to

Interrogatory #11 of Defendant David M. Scoll's First Set of Interrogatories to the Mrs.

Steffenberg.

**Response No. 6**

Mrs. Steffenberg objects to Request No. 6 to the extent that it is overly broad in time

and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the

extent that it seeks information and materials protected by the attorney-client privilege and/or the

work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 7

All documents reflecting or supporting your contention that the Defendant knew of T. Gene Gilman's conduct as described in paragraph 53 of the Second Amended Complaint.

## Response No. 7

Mrs. Steffenberg objects to Request No. 7 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 8

All documents related to the Defendant's role as Trustee of the Steffenberg's Trust as described in the Second Amended Complaint.

## Response No. 8

Mrs. Steffenberg objects to Request No. 8 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 9**

All documents identified by you in your Answer to Interrogatory #19 of Defendant David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

**Response No. 9**

Mrs. Steffenberg objects to Request No. 9 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 10**

All documents related to any oral agreement referenced in your Answer to Interrogatory #21 of Defendant David M. Scolls' First Set of Interrogatories to Mrs. Steffenberg.

**Response No. 10**

Mrs. Steffenberg objects to Request No. 10 as it is incomprehensible. Interrogatory No. 21 of Defendant, David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg does not reference, relate or refer to any oral agreement(s).

**Request No. 11**

All documents related to any consultations or legal matters described in your Answer to Interrogatory #22 of Defendant David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

**Response No. 11**

Mrs. Steffenberg objects to this Request to the extent that it is overly broad in time and/or scope, unduly burdensome, and impossibly vague. Mrs. Steffenberg further objects to this

04-40113-FDS

7

Request to the extent that it seeks information and materials protected by attorney-client privilege and/or work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 12**

All documents identified by you in your Answer to Interrogatory #23 of Defendant David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

**Response No. 12**

Mrs. Steffenberg objects to Request No. 12 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

**Request No. 13**

All account statements received by you from T. Gene Gilman and/or T. Gilman & Co. Ltd. concerning your assets prior to September 30, 1994.

**Response No. 13**

Mrs. Steffenberg objects to Request No. 13 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 14

All other documents concerning the handling of your assets by Gene Gilman and/or T. Gilman & Co. Ltd. other than account statements, including but not limited to notes, correspondence, memoranda, computer files, recordings, and graphs.

## Response No. 14

Mrs. Steffenberg objects to Request No. 14 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 15

All account statements concerning your assets received by you from Financial Links, Inc. from September 30, 1994 to the present.

## Response No. 15

Mrs. Steffenberg objects to Request No. 15 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 16

All other documents related to Financial Links, Inc.'s involvement with your assets from September 30, 1994 to the present, other than account statements, including but not limited to notes, correspondence, memoranda, computer files, recordings and graphs.

## Response No. 16

Mrs. Steffenberg objects to Request No. 16 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 17

All account statements from September 30, 1994 through the present concerning your assets from any other source other than Financial Links, Inc., T. Gene Gilman, and T. Gilman & Co. Ltd.

## Response No. 17

Mrs. Steffenberg objects to Request No. 17 to the extent that it is overly broad in time and/or scope and unduly burdensome. Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession for the time period of September 30, 1994 through November 30, 2003.

extent that it seeks information and materials protected by the attorney-client privilege and/or the work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

## Request No. 20

Any statements by any named Defendants other than David Scoll, including their agents, servants, employees or attorneys concerning this action or its subject matter previously made by the person. "Statement" shall mean (A) a written statement signed or otherwise adopted or approved by the person, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person and contemporaneously recorded.

## Response No. 20

Mrs. Steffenberg objects to this Request because it is so overly broad in time and/or scope, unduly burdensome and vague as to be unanswerable.

## Request No. 21

All documents identified by you in your Answer to Interrogatory #25.d. of Defendant David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

## Response No. 21

Mrs. Steffenberg objects to Request No. 21 because it is incomprehensible. There is no Interrogatory #25.d. of Defendant, David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

## Request No. 22

All documents identified by you in your Answer to Interrogatory #26.d. of Defendant David M. Scoll's First Set of Interrogatories to ~~Mrs. Steffenberg.~~

**Response No. 22**

Mrs. Steffenberg objects to Request No. 22 because it is incomprehensible.  There is no Interrogatory #26.d. of Defendant, David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

**Request No. 23**

Any and all reports by the expert(s) identified by you in your Answer to Interrogatory #28 of Defendant David M. Scoll's First Set of Interrogatories to ~~Mrs. Steffenberg.~~

**Response No. 23**

Mrs. Steffenberg objects to Request No. 23 because it is incomprehensible.  There is no Interrogatory #28 of Defendant, David M. Scoll's First Set of Interrogatories to Mrs. Steffenberg.

**Request No. 24**

All documents relating to W.S. Clearing and/or Cygnet Securities, Inc.

**Response No. 24**

Mrs. Steffenberg objects to Request No. 24 to the extent that it is overly broad in time and/or scope, unduly burdensome and impossibly vague.  Mrs. Steffenberg further objects to this Request to the extent that it seeks information and materials that are protected by the attorney-client privilege and/or work product doctrine.

Subject to the foregoing objections and the General Objections, Mrs. Steffenberg states that she will produce copies of non-privileged, responsive documents that are in her possession.

04-40113-FDS

13

{J:\CLIENTS\lit\303603\0001\00474167.DOC;1}

ELIZABETH R. STEFFENBERG,
By Her Attorneys,


Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
(508) 929-3041

Dated:  October 27, 2004


## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 27th day of October, 2004 served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to counsel of record.


Christine S. Collins


04-40113-FDS

14

{J:\CLIENTS\lit\303603\0001\00474167.DOC;1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

## CERTIFICATE OF SERVICE

I, Sara Discepolo, hereby certify that on March 14, 2005, I electronically filed the foregoing *Memorandum of Law in Support of Motion of the Defendant, David Scoll, to Compel the Production of Documents Responsive to David Scoll's First Request for Production of Documents From the Plaintiff, Elizabeth Steffenberg* and caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Kristin M. Knuuttila
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

/s/ Sara Discepolo
Sara Discepolo

35507.1