UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>　　Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>　　Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE DEFENDANT, DAVID SCOLL, TO COMPEL
THE PLAINTIFF TO ANSWER SCOLL'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 37.1(B) of the Local Rules for the United States District Court, District of Massachusetts, and Rule 37(a) of the Federal Rules of Civil Procedure, the Defendant, David Scoll (hereinafter "Scoll") hereby submits the following memorandum of law in support of his motion to compel the Plaintiff to answer Scoll's first set of interrogatories. See Mot. of the Deft., David M. Scoll, to Compel the Pl. to Ans. Scoll's First Set of Interrs. dated March 14, 2005.

Scoll has received the Plaintiff's answers to his first set of interrogatories but the Plaintiff's answers to Interrogatories # 23 and 26 are evasive and deficient. See Deft. David M. Scoll's First Req. Set of Interrs. to the Pl. dated Sept. 13, 2004 (hereinafter "Scoll's Interrogatories")(copy attached hereto as Exhibit "A"); Pl.'s Answers to Deft. David M. Scoll's First Set of Interrs. dated Nov. 11, 2004 (hereinafter "Plaintiff's Answers")(copy attached hereto as Exhibit "B"); Pl.'s Supplemental Answers to Deft. David M. Scoll's First Set of Interrs. dated

35527.1

Dec. 23, 2004 (hereinafter "Plaintiff's Supplemental Answers")(copy attached hereto as Exhibit "C").

Interrogatory # 23

In Interrogatory # 23, Scoll seeks an itemization and description of all damages the Plaintiff is seeking in this action against him. See Scoll's Interr. # 23 (attached hereto as Exhibit "A"). In response, the Plaintiff claims such information is protected as privileged. Pl.'s Ans. to Interr. # 23 (attached hereto as Exhibit "B"). She then merely states that her damages have not yet been "ascertained." See id.

Scoll needs to assess the Plaintiff's claims against him, including the extent of damages she is seeking in order to properly defend himself. According to the Plaintiff's Complaint, the Plaintiff may be seeking over $ 1 million in damages and the Plaintiff has named multiple Defendants. Compare Pl.'s Second Amended Verified Compl. dated April 13, 2004, ¶ 30 with id., ¶ 33.[1] The only allegations the Plaintiff makes against Scoll is that by representing the Plaintiff at the same time Scoll was also representing T. Gene Gilman and the other Defendant companies alleged to be owned or controlled by T. Gene Gilman (hereinafter collectively referred to as the "Gilman Defendants"), Scoll "knew" or "should have known" of the Gilman Defendants' unauthorized use and dissipation of the Plaintiff's funds. See Pl.'s Second Amended Verified Compl. dated April 13, 2004 (hereinafter "Plaintiff's Complaint"), ¶¶ 41-58. The Plaintiff asserts that "[a]s a result of Attorney Scoll's conduct, Mrs. Steffenberg has been harmed in an amount to be determined at trial." Id., ¶¶ 49, 54; see also id., ¶ 58.

It can hardly be seriously maintained that this Interrogatory requesting the total amount of damages and itemization for them could be privileged. The Plaintiff not only fails to itemize

her damages, but she refuses to even state the total amount of damages against Scoll in this action. The Plaintiff's response to this Interrogatory is essentially a non-Answer. It should be stricken as non-responsive. The Plaintiff is not only failing to answer an Interrogatory which obviously does not call for privileged information, but is refusing to provide any notice whatsoever as to the total amount of damages at stake for the Plaintiff's claims against Scoll. As a result, the Court should compel the Plaintiff to provide both an amount of total damages she is seeking against Scoll, as well as a complete and specific itemization of said total amount of damages.

Interrogatory # 26

In Interrogatory # 26, Scoll asks the Plaintiff to state what Scoll should have done and/or not have done to prevent the Plaintiff's damages. See Scoll's Interrogatory # 26 (attached hereto as Exhibit "A"). Instead of responding to this simple Interrogatory, the Plaintiff objects based upon the attorney-client privilege and the work product doctrine and refers Scoll to her Answers to Interrogatories # 2, 4, 6, 8, 9 and 16. See Pl.'s Supp. Ans. # 26.

First, this Interrogatory is straightforward and does not call for privileged information. Second, the Plaintiff's Answers to Interrogatories # 2, 4, 6, 8, 9 and 16 merely describe Scoll's alleged conduct. Those Answers do not provide any glimmer of information as to what Scoll should have done differently to avoid damage to the Plaintiff. The information sought by Scoll through this Interrogatory is crucial to his defense. Simultaneous representation in this case cannot as a matter of law be the basis for any cause of action against Scoll. See, e.g., Fishman v Brooks, 396 Mass. 643, 649 (1986)("A violation of a canon of ethics or a disciplinary rule . . ., is

---

( . . . continued)
[1] The Court has made a finding that the April 13, 2004 Second Amended Verified Complaint is the current pleadings in this case, despite the Notice of Removal which attaches a different version of the Plaintiff's Complaint.

- 3 -

35527.1

not itself an actionable breach of duty to a client."). In light of this, he is entitled to a detailing of any of his acts or omissions other than such alleged simultaneous representation that could possibly form the basis of the claims against him. If the Plaintiff were to actually answer this Interrogatory, her answer would demonstrate that the Plaintiff's claims against Scoll in this case are frivolous and illusory.

Because the information sought is not privileged and especially because the allegations of the Complaint cannot form the basis of any liability against Scoll, the Court should compel the Plaintiff to answer this Interrogatory fully and completely. If the Plaintiff maintains an evasive and incomplete response to this request for information, this Court should then dismiss the Plaintiff's flimsy claims against Scoll outright.

### Discovery Conference Certification: Local Rule 37.1(B)

The parties conducted a discovery conference by telephone on March 9, 2005 for approximately thirty (30) minutes and on March 14, 2005 for approximately fifteen (15) minutes, but were unable to resolve their differences concerning this matter.

                                                  Respectfully submitted,
                                                  DAVID M. SCOLL
                                                  By his Attorneys,

                                                  /s/ Sara Discepolo
                                                George C. Rockas, BBO # 544009
                                                Sara Discepolo, BBO # 628721
                                                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                                155 Federal Street
                                                Boston, MA 02110
                                                (617) 422-5300

Dated: March 14, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on March 14, 2005, I electronically filed the foregoing *Memorandum of Law in Support of Motion of the Defendant, David Scoll, to Compel the Plaintiff to Answer Scoll's First Set of Interrogatories* and on March 15, 2005 caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Kristin M. Knuuttila
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

                                              /s/ Sara Discepolo
                                              Sara Discepolo

35527.1