# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.

CIVIL ACTION NO. 03-2519C

ELIZABETH R. STEFFENBERG,

Plaintiff

v.

T. GENE GILMAN, STEVEN GILMAN,
THE GILMAN INSURANCE AGENCY, INC.,
DAVID M. SCOLL, ARBOR SECURITIES, LTD.,
ALLIANCE INVESTMENT MANAGEMENT,
COMMONWEALTH FINANCIAL HOLDINGS, INC.,
FINANCIAL LINKS, INC., T. GILMAN & CO., LTD.,
FIRST ALLIED SECURITIES, INC.,
PENSON FINANCIAL SERVICES, INC.,
AVIVA USA CORPORATION, AVIVA LIFE
INSURANCE COMPANY, ONEBEACON AMERICA
INSURANCE COMPANY, TRADETEK, LTD.,
TRADETEK, LLC, and IVY HELIX, LLC.

Defendants

## DEFENDANT DAVID M. SCOLL'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure and Rule 30 of the Superior Court Rules, the Defendant, David M. Scoll (hereinafter the "Defendant"), hereby requests that the Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), answer the following interrogatories:

1.   State your name, address, date of birth, social security number, occupation and business address.

2.   Describe in detail the factual basis for your contention in paragraph 42 of the Plaintiff's Second Amended Verified Complaint dated April 13, 2004 (hereinafter "Second Amended Complaint") that the Defendant was your personal attorney. If your answer includes

Case 4:04-cv-40113-FDS    Document 53-2    Filed 03/14/2005    Page 3 of 8

any legal matters for which the Defendant was retained or gave advice, for each matter listed: 1) state the time period for which the Defendant provided legal services giving exact dates for when the services commenced and ended; 2) state whether the legal services were provided to both you and Arthur J. Steffenberg or only you; 3) describe the legal services provided; 4) describe the facts or circumstances giving rise to your need for legal services; 5) state the outcome of the legal matter, if any; and 6) state the amount of any legal fee paid.

3.      Identify by date, title, and location any and all document(s), which form the basis of your allegation in paragraph 43 of the Second Amended Complaint that in or about October 3, 2003 you gave the Defendant power of attorney over your affairs in the event of your incapacity.

4.      State in detail how the Defendant's alleged knowledge of TradeTek's operations as described by you in paragraph 47 of the Second Amended Complaint caused the Plaintiff harm.

5.      State in detail how the Defendant's conduct you allege in paragraph 48 of the Second Amended Complaint caused the Plaintiff harm.

6.      State in detail why you believe the Defendant's alleged simultaneous representation of the Plaintiff and the Defendants, service as Trustee, and/or service as attorney-in-fact to the Plaintiff, all as described in paragraph 48 of the Second Amended Complaint, constituted a breach of the Defendant's fiduciary duty to the Plaintiff. If your answer is based on an alleged conflict of interest as between two common clients of the Defendant, state the date when you allege the Defendant first became aware of the conflict, the factual basis for your belief that he was aware of it, and how the conflict of interest caused you damage.

7.      State in detail the facts which support your allegation in paragraph 47 of the Second Amended Complaint that the Defendant knew or reasonably should have known that

-2-

TradeTek's operations were being financed by the Steffenberg's investments without their knowledge or authorization.

8.      Give the specific date by day, month and year when you are alleging the Defendant's knowledge and/or imputed knowledge, as described paragraph 47 of the Second Amended Complaint, first existed and the factual basis for your contention that said knowledge or imputed knowledge began on such date.

9.      Identify the specific legal matter(s) for which the Defendant was retained by the Plaintiff and for which, according to paragraph 51 of the Second Amended Complaint, the Defendant failed to exercise reasonable care, stating for the legal matter(s) identified: 1) the time period for which the Defendant provided legal services giving exact dates for when the services commenced and ended; 2) whether the legal services were provided to both you and Mr. Steffenberg or only to you; 3) a description of the legal services provided in detail; 4) a description of the facts or circumstances giving rise to your need for legal services; 5) the reason why the legal services were deficient; 6) the outcome of the legal matter, if any; 7) the amount of any legal fee paid; and 8) the date when such legal fee was paid.

10.     Describe in detail how the Defendant's alleged knowledge of T. Gene Gilman's conduct, as described in paragraph 53 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff in each of the legal matters identified by you in your Answer to the preceding Interrogatory.

11.     Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff in each of the legal matters identified by you in your Answer to Interrogatory # 13.

-3-

25499.1

12.    Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff as Trustee of the Steffenbergs' Trust.

13.    Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff as attorney-in-fact in the event of Mrs. Steffenbergs' incapacity.

14.    Describe in detail how the acts or omissions of the Defendant described in Count III of the Second Amended Complaint caused the Plaintiff to incur a loss, including but not limited to a description of what you believe the Defendant should have done differently at a particular point in time.

15.    Describe and identify by date, title and location any documents which form the basis for your allegations in paragraph 56 of the Second Amended Complaint that the Defendant agreed to exercise reasonable and prudent judgment and to act in good faith in his capacities as counsel to the Steffenbergs, Trustee for the Trust and attorney-in-fact in the event of Mrs. Steffenberg's incapacity.

16.    Identify the legal matter by description and date for which you allege the Plaintiff and Defendant had a binding agreement according to terms described in paragraph 56 of the Second Amended Complaint.

17.    Do you contend that the Defendant orally agreed to the terms alleged by you in paragraph 56 of the Second Amended Complaint? If your answer is yes, identify the location, time, date and persons present at the time of the oral agreement(s).

-4-

18.    Identify all attorneys retained by you and/or Mr. Steffenberg or whom you consulted for legal advice from January 1, 1994 through the present, providing: the attorney's name, firm name if any, business address, business telephone number, a description of the legal matter for which you retained the attorney or for which the attorney gave you advice, the dates of said retention/consultation, and the amount of legal fee paid if any.

19.    From September 30, 1994 through the present, identify by title and period ending date all account statements you received from T. Gene Gilman and/or T.Gilman & Co. Ltd. which showed a decrease in your total assets from the previous statement received from Gene Gilman and/or T Gilman & Co. Ltd.

20.    From September 30, 1994 through the present, identify by title and date all statements you received from Financial Links, Inc. which showed a decrease in your total assets from the previous statement you received from Financial Links, Inc.

21.    If you had any conversation relating to or concerning the decrease of your assets alleged in the Second Amended Complaint with any person, including, but not limited to, any other financial advisor, Arthur J. Steffenberg, or any of the Defendants named in the Second Amended Complaint, or their agents, servants or employees, please state:

a.    The date of each such communication;

b.    The manner in which each such communication was made on each of the dates listed in your answer to subpart (a) of this interrogatory, for example, whether by telephone, telegram, letter or face-to-face conversation, etc.;

c.    The name and present address of all persons who engaged in or in any way participated in each such communication made on each of the dates listed in you answer to subpart (a) of this interrogatory; and

d.    In full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your

-5-

answer to subpart (c) of this interrogatory. If any of these communications were in written form, identify said document(s) by date, title and location.

22.     If you had any conversation relating to or concerning the alleged improper conduct of the Defendant as described in Counts II through IV of the alleged in the Second Amended Complaint with any person, including, but not limited to, any other financial advisor, Arthur J. Steffenberg or any of the Defendants named in the Second Amended Complaint, or their agents, servants or employees, please state:

   a.     The date of each such communication;

   b.     The manner in which each such communication was made on each of the dates listed in your answer to subpart (a) of this interrogatory, for example, whether by telephone, telegram, letter or face-to-face conversation, etc.;

   c.     The name and present address of all persons who engaged in or in any way participated in each such communication made on each of the dates listed in you answer to subpart (a) of this interrogatory; and

   d.     In full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart (c) of this interrogatory. If any of these communications were in written form, identify said document(s) by date, title and location.

23.     Itemize and describe all damages you are seeking in this action against the Defendant.

24.     Please identify by full name, residential address, name of employer, and business address each person whom you expect to call as an expert witness at trial and state as to each such person:

   a.     The subject matter on which each such expert is expected to testify;

   b.     The substance of the facts to which each such expert is expected to testify;

   c.     The substance of opinions to which each such expert is expected to testify; and

-6-

d.    A summary of the grounds for each opinion to which each such expert is expected to testify.

25.    Please identify by full name, residential address, name of employer, business address, home telephone number, and business telephone number any person with personal knowledge of your allegations against the Defendant contained in your Second Amended Complaint.

26.    To the extent not already stated in your previous Answers, what should the Defendant have done or not have done which would have prevented your alleged damages?

DAVID M. SCOLL,

By his attorney,

George C. Rockas, BBO#544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury
DATED: 9/13/04

-7-