**EXHIBIT "B"**

28624.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> T. GENE GILMAN, STEVEN GILMAN, ) <br> THE GILMAN INSURANCE ) <br> AGENCY, INC., DAVID M. SCOLL, ) <br> ARBOR SECURITIES, LTD., ) <br> ALLIANCE INVESTMENT ) <br> MANAGEMENT, COMMONWEALTH ) <br> FINANCIAL HOLDINGS INC., ) <br> FINANCIAL LINKS, INC., ) <br> T. GILMAN & CO., LTD., ) <br> AVIVA USA CORPORATION, ) <br> TRADETEK, LTD., and ) <br> TRADETEK, LLC, ) <br> ) <br> Defendants. ) | (Christine S. Collins BBO#639293) <br><br><br><br><br><br><br><br> PLAINTIFF'S ANSWERS TO <br> DEFENDANT DAVID M. SCOLL'S <br> FIRST SET OF INTERROGATORIES |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg"), responds to and reserves the right to supplement her responses to Defendant David M. Scoll's ("Scoll") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Mrs. Steffenberg objects to each and every interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

2. Mrs. Steffenberg objects to each and every interrogatory to the extent that it purports to establish a continuing duty to supplement, or seeks to impose a duty beyond those imposed by the Federal Rules of Civil Procedure.

{J:\CLIENTS\lit\303603\0001\00474195.DOC;3}

3. Each of the General Objections shall be deemed to apply to each of Scoll's separate interrogatories.

4. As used herein, the term "Steffenberg File" refers to those documents produced by Mrs. Steffenberg to Scoll on or about October 27, 2004 in connection with Scoll's First Request for Production of Documents and in supplemental document productions.

5. Mrs. Steffenberg objects to each and every interrogatory that cites specific paragraphs of Mrs. Steffenberg's Second Amended Verified Complaint (the "Second Amended Complaint") on the grounds that Scoll's characterizations thereof misstate the allegations contained in the referenced paragraphs of the Second Amended Complaint.

## SPECIFIC RESPONSES

### Interrogatory No. 1

State your name, address, date of birth, social security number, occupation and business address.

### ANSWER NO. 1

Name: Elizabeth Steffenberg

Address: 70 Briarwood Circle, Apartment No. 226, Worcester, MA 01606

Date of birth: May 23, 1926

Occupation: Retired

### Interrogatory No. 2

Describe in detail the factual basis for your contention in paragraph 42 of the Plaintiff's Second Amended Verified Complaint dated April 13, 2004 (hereinafter "Second Amended Complaint") that the Defendant was your personal attorney. If your answer includes any legal matters for which the Defendant was retained or gave advice, for each matter listed: 1) state the time period for which the Defendant provided legal services giving exact dates for when the services

commended and ended; 2) state whether the legal services were provided to both you and Arthur J. Steffenberg or only you; 3) describe the legal services provided; 4) describe the facts or circumstances giving rise to your need for legal services; 5) state the outcome of the legal matter, if any; and 6) state the amount of any legal fee paid.

**ANSWER NO. 2**

Mrs. Steffenberg objects to Interrogatory No. 2 on the grounds that it is overbroad, burdensome and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg answers as follows: My husband and I retained Scoll as our attorney in or about 1992 or 1993. He served as our attorney until late November, 2003. Scoll was referred to us by Defendant, T. Gene Gilman ("Gilman"). Over the years, Scoll represented both me and my husband in all situations where we required legal assistance, including, but not limited to, preparing and updating of our estate plans; annually preparing our federal and state tax returns; and handling the purchase and sale of our homes in Maine and Massachusetts, as well as the details of our move to the Briarwood Retirement Community. We also asked him to act as the trustee of our life insurance trust, and to serve as attorney-in-fact in the event of my incapacity. Scoll is the only attorney that my husband and I used after we retained him over ten (10) years ago. Whenever we needed legal assistance of any kind, we always called him because we perceived him as our attorney and placed an enormous amount of trust in him.

Further answering, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 3**

Identify by date, title, and location any and all document(s), which form the basis of your allegation in paragraph 43 of the Second Amended Complaint that in or about October 3, 2003 you gave the Defendant power of attorney over your affairs in the event of your incapacity.

**ANSWER NO. 3**

Mrs. Steffenberg objects to Interrogatory No. 3 on the grounds that it is overbroad and burdensome. Mrs. Steffenberg further objects to Interrogatory No. 3 because it misstates the allegations contained in Paragraph 43 of the Second Amended Complaint, and is therefore unanswerable in its present form.

Subject to and without waiving the foregoing objections and the General Objections, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 4**

State in detail how the Defendant's alleged knowledge of TradeTek's operations as described by you in paragraph 27 of the Second Amended Complaint caused the Plaintiff harm.

**ANSWER NO. 4**

Mrs. Steffenberg objects to Interrogatory No. 4 on the grounds that it is overbroad and burdensome. Mrs. Steffenberg further objects to Interrogatory No. 4 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine and calls for a legal conclusion. Mrs. Steffenberg also objects to Interrogatory No. 4 on the grounds that it misstates the allegations contained in Paragraph 27 of the Second Amended Complaint, and is therefore unanswerable in its present form.

### Interrogatory No. 5

State in detail how the Defendant's conduct you allege in paragraph 48 of the Second Amended Complaint caused the Plaintiff harm.

### ANSWER NO. 5

Mrs. Steffenberg objects to Interrogatory No. 5 on the grounds that it is overbroad and burdensome. Mrs. Steffenberg further objects to Interrogatory No. 5 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine and calls for a legal conclusion. Mrs. Steffenberg also objects to Interrogatory No. 5 on the grounds that it misstates the allegations contained in Paragraph 48 of the Second Amended Complaint and is therefore unanswerable in its present form.

### Interrogatory No. 6

State in detail why you believe the Defendant's alleged simultaneous representation of the Plaintiff and the Defendants, service as Trustee, and/or service as attorney-in-fact to the Plaintiff, all as described in paragraph 28 of the Second Amended Complaint, constituted a breach of the Defendant's fiduciary duty to the Plaintiff. If your answer is based on an alleged conflict of interest as between two common clients of the Defendant, state the date when you allege the Defendant first became aware of the conflict, the factual basis for your belief that he was aware of it, and how the conflict of interest caused you damage.

### ANSWER NO. 6

Mrs. Steffenberg objects to Interrogatory No. 6 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 6 on the grounds that it misstates the

allegations contained in Paragraph 28 of the Second Amended Verified Complaint, and is therefore unanswerable in its present form.

**Interrogatory No. 7**

State in detail the facts which support your allegation in paragraph 47 of the Second Amended Complaint that the Defendant knew or reasonably should have known that TradeTek's operations were being financed by the Steffenberg's investments without their knowledge or authorization.

**ANSWER NO. 7**

Mrs. Steffenberg objects to Interrogatory No. 7 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 7 on the grounds that it misstates the allegations contained in Paragraph 47 of the Second Amended Complaint, and is therefore unanswerable in its present form.

Subject to and without waiving the foregoing objections and the General Objections, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 8**

Give the specific date by day, month and year when you are alleging the Defendant's knowledge and/or imputed knowledge, as described paragraph 47 of the Second Amended Complaint, first existed and the factual basis for your contention that said knowledge or imputed knowledge began on such date.

**ANSWER NO. 8**

Mrs. Steffenberg objects to Interrogatory No. 8 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion.

Mrs. Steffenberg further objects to Interrogatory No. 8 on the grounds that it misstates the allegations contained in Paragraph 47 of the Second Amended Complaint, and is therefore unanswerable in its present form.

Subject to and without waiving the foregoing objections and the General Objections, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 9**

Identify the specific legal matter(s) for which the Defendant was retained by the Plaintiff and for which, according to paragraph 51 of the Second Amended Complaint, the Defendant failed to exercise reasonable care, stating for the legal matter(s) identified: 1) the time period for which the Defendant provided legal services giving exact dates for when the services commenced and ended; 2) whether the legal services were provided to both you and Mr. Steffenberg or only to you; 3) a description of the legal services provided in detail; 4) a description of the facts or circumstances giving rise to your need for legal services; 5) the reason why the legal services were deficient; 6) the outcome of the legal matter, if any; 7) the amount of any legal fee paid; and 8) the date when such legal fee was paid.

**ANSWER NO. 9**

Mrs. Steffenberg objects to Interrogatory No. 9 on the grounds that it is overbroad, burdensome and seeks information protected by the attorney-client privilege and/or work product doctrine. Mrs. Steffenberg further objects to Interrogatory No. 9 on the grounds that it misstates the allegations contained in Paragraph 51 of the Second Amended Complaint, and is therefore unanswerable in its present form.

Subject to and without waiving the foregoing objections and the General Objections, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 10**

Describe in detail how the Defendant's alleged knowledge of T. Gene Gilman's conduct, as describe in paragraph 53 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff in each of the legal matters identified by you in your Answer to the preceding Interrogatory.

**ANSWER NO. 10**

Mrs. Steffenberg objects to Interrogatory No. 10 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 10 on the grounds that it misstates the allegations contained in Paragraph 53 of the Second Amended Complaint, and is therefore unanswerable in its present form.

**Interrogatory No. 11**

Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff in each of the legal matters identified by you in your Answer to Interrogatory #13.

**ANSWER NO. 11**

Mrs. Steffenberg objects to Interrogatory No. 11 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 11 on the grounds that it

misstates the allegations contained in Paragraph 52 of the Second Amended Complaint and the information requested in Interrogatory No. 13, and is therefore unanswerable in its present form.

**Interrogatory No. 12**

Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff as Trustee of the Steffenberg's Trust.

**ANSWER NO. 12**

Mrs. Steffenberg objects to Interrogatory No. 12 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 12 on the grounds that it misstates the allegations contained Paragraph 52 of the Second Amended Complaint and is therefore unanswerable in its present form.

**Interrogatory No. 13**

Describe in detail how the Defendant's simultaneous representation and role as Trustee and attorney-in-fact, all as alleged in paragraph 52 of the Second Amended Complaint, constituted a failure to exercise reasonable care owed to the Plaintiff as attorney-in-fact in the event of Mrs. Steffenberg's incapacity.

**ANSWER NO. 13**

Mrs. Steffenberg objects to Interrogatory No. 13 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 13 on the grounds that it misstates the allegations contained Paragraph 52 of the Second Amended Complaint, and is therefore unanswerable in its present form.

### Interrogatory No. 14

Describe in detail how the acts or omissions of the Defendant described in Count III of the Second Amended Complaint caused the Plaintiff to incur a loss, including but not limited to a description of what you believe the Defendant should have done differently at a particular point in time.

### ANSWER NO. 14

Mrs. Steffenberg objects to Interrogatory No. 14 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion.

### Interrogatory No. 15

Describe and identify by date, title and location any documents which form the basis for your allegations in paragraph 56 of the Second Amended Complaint that the Defendant agreed to exercise reasonable and prudent judgment and to act in good faith in his capacities as counsel to the Steffenbergs, Trustee for the Trust and attorney-in-fact in the event of Mrs. Steffenberg's incapacity.

### ANSWER NO. 15

Mrs. Steffenberg objects to Interrogatory No. 15 on the grounds that it is overbroad, burdensome. Mrs. Steffenberg further objects to Interrogatory No. 15 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections and the General Objections, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

**Interrogatory No. 16**

Identify the legal matter by description and date for which you allege the Plaintiff and Defendant had a binding agreement according to terms described in paragraph 56 of the Second Amended Complaint.

**ANSWER NO. 16**

Mrs. Steffenberg objects to Interrogatory No. 16 on the grounds that it is overbroad and burdensome. Mrs. Steffenberg further objects to Interrogatory No. 16 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg also objects to Interrogatory No. 16 on the grounds that it misstates the allegations contained in paragraph 56 of the Second Amended Verified Complaint, and is therefore unanswerable in its present form.

**Interrogatory No. 17**

Do you contend that the Defendant orally agreed to the terms alleged by you in paragraph 56 of the Second Amended Complaint? If your answer is yes, identify the location, time, date and persons present at the time of the oral agreement(s).

**ANSWER NO. 17**

Mrs. Steffenberg objects to Interrogatory No. 17 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion. Mrs. Steffenberg further objects to Interrogatory No. 17 on the grounds that it misstates the allegations contained in Paragraph 56 of the Second Amended Verified Complaint, and is therefore unanswerable in its present form.

**Interrogatory No. 18**

Identify all attorneys retained by you and/or Mr. Steffenberg or whom you consulted for legal advice from January 1, 1994 through the present, providing: the attorney's name, firm name if any, business address, business telephone number, a description of the legal matter for which you retained the attorney or for which the attorney gave you advice, the dates of said retention/consultation, and the amount of legal fees paid if any.

**ANSWER NO. 18**

Mrs. Steffenberg objects to Interrogatory No. 18 on the grounds that it is overbroad and burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg refers Scoll to her Answer to Interrogatory No. 2 and, pursuant to Fed. R. Civ. P. 33(d), to the Steffenberg File.

**Interrogatory No. 19**

From September 30, 1994 through the present, identify by title and period ending date all account statements you received from T. Gene Gilman and/or T. Gilman & Co. Ltd. which showed a decrease in your total assets from the previous statement received from Gene Gilman and/or T. Gilman & Co. Ltd.

**ANSWER NO. 19**

Mrs. Steffenberg objects to Interrogatory No. 19 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, and, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

### Interrogatory No. 20

From September 30, 1994 through the present, identify by title and date all statements you received from Financial Links, Inc. which showed a decrease in your total assets from the previous statement you received from Financial Links, Inc.

### ANSWER NO. 20

Mrs. Steffenberg objects to Interrogatory No. 20 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections and, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

### Interrogatory No. 21

If you had any conversation relating to or concerning the decrease of your assets alleged in the Second Amended Complaint with any person, including, but not limited to, any other financial advisor, Arthur J. Steffenberg, or any of the Defendants named in the Second Amended Complaint, or their agents, servants or employees, please state:

    a.    The date of each such communication;

    b.    The manner in which each such communication was made on each of the dates listed in your answer to subpart (a) of this interrogatory, for example, whether by telephone, telegram, letter or face-to-face conversation, etc.;

    c.    The name and present address of all persons who engaged in or in any way participated in each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory; and

    d.    In full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your

answer to subpart (c) of this interrogatory. If any of these communications were in written form, identify said document(s) by date, title and location.

## ANSWER NO. 21

Mrs. Steffenberg objects to Interrogatory No. 21 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg states that she has discussed the decrease in her assets on numerous occasions with her daughter, Nancy Maloughney and her two (2) sons, William Steffenberg and Arthur Steffenberg; and she briefly consulted with two financial advisors, Steve Moses and Wayne Carney, after learning of the decrease in her assets. Further answering, pursuant to Fed. R. Civ. P. 33(d), Mrs. Steffenberg refers Scoll to the Steffenberg File.

### Interrogatory No. 22

If you had any conversation relating to or concerning the alleged improper conduct of the Defendant as described in Counts II through IV of the alleged in the Second Amended Complaint with any person, including, but not limited to, any other financial advisor, Arthur J. Steffenberg or any of the Defendants named in the Second Amended Complaint, or their agents, servants or employees, please state:

    a.    The date of each such communication;

    b.    The manner in which each such communication was made on each of the dates listed in your answer to subpart (a) of this interrogatory, for example, whether by telephone, telegram, letter or face-to-face conversation, etc.;

    c.    The name and present address of all persons who engaged in or in any way participated in each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory; and

    d.    In full and complete detail, the entire contents of each such communication made on each of the dates listed in your answer to subpart (a) of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart (c) of this interrogatory. If any of these communications were in written form, identify said document(s) by date, title and location.

## ANSWER NO. 22

Mrs. Steffenberg objects to Interrogatory No. 21 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg refers Scoll to her Answer to Interrogatory No. 21 and, pursuant to Fed. R. Civ. P. 33(d), to the Steffenberg File.

## Interrogatory No. 23

Itemize and describe all damages you are seeking in this action against the Defendant.

## ANSWER NO. 23

Mrs. Steffenberg objects to Interrogatory No. 23 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg states that the full extent of her damages have not yet been ascertained.

## Interrogatory No. 24

Please identify by full name, residential address, name of employer, and business address each person whom you expect to call as an expert witness at trial and state as to each such person:

    a.    The subject matter on which each such expert is expected to testify;

    b.    The substance of the facts to which each such expert is expected to testify;

c. The substance of opinions to which each such expert is expected to testify; and

d. A summary of the grounds for each opinion to which each such expert is expected to testify.

## ANSWER NO. 24

Mrs. Steffenberg objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objection and the General Objections, Mrs. Steffenberg states that she has not yet determined which expert(s), if any, she will call to testify at trial of this matter.

### Interrogatory No. 25

Please identify by full name, residential address, name of employer, business address, home telephone number, and business telephone number any person with personal knowledge of your allegations against the Defendant contained in your Second Amended Complaint.

## ANSWER NO. 25

Mrs. Steffenberg objects to Interrogatory No. 25 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg refers Scoll to her Answer to Interrogatory No. 21 and, pursuant to Fed. R. Civ. P. 33(d), to the Steffenberg File.

### Interrogatory No. 26

To the extent not already stated in your previous Answers, what should the Defendant have done or not have done which would have prevented your alleged damages?

## ANSWER NO. 26

Mrs. Steffenberg objects to Interrogatory No. 26 on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for legal conclusions. Mrs. Steffenberg further objects to Interrogatory No. 26 on the grounds that it exceeds the number of interrogatories permissible under Fed. R. Civ. P. 33(a).

Signed under the pains and penalties of perjury this 11TH day of November, 2004.

*Elizabeth R. Steffenberg*
Elizabeth R. Steffenberg

AS TO OBJECTIONS:

Dated: November 11, 2004

*Louis M. Ciavarra*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
(508) 929-3041

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 11th day of November, 2004 served the foregoing by mailing copy thereof, via first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
155 Federal Street
Boston, MA 02110

Christine S. Collins