UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION OF PLAINTIFF ELIZABETH R. STEFFENBERG TO DEFENDANT DAVID M. SCOLL'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RESPONSIVE TO DAVID M. SCOLL'S FIRST REQUEST TO PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF, ELIZABETH R. STEFFENBERG

Pursuant to United States District Court Local Rule 7.1(B)(2), Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") submits this Opposition to Defendant David M. Scoll's ("Mr. Scoll") Motion to Compel the Production of Documents Responsive to Mr. Scoll's First Request for Production of Documents.

Mr. Scoll complains that Ms. Steffenberg has failed to substantiate the withholding of documents on the basis of the attorney-client-privilege or the work product doctrine in her Responses to Mr. Scoll's First Request for Production of Documents. However, as counsel for

Ms. Steffenberg indicated to Mr. Scoll's counsel on March 9, 2005 during their discovery conference, to date Ms. Steffenberg has not withheld documents on either attorney-client-privilege or work product doctrine grounds. Counsel for Ms. Steffenberg sent correspondence to counsel for Mr. Scoll stating as such on March 18, 2005, a true and accurate copy of which is attached hereto as Exhibit A.

Therefore, since Ms. Steffenberg has, in fact, affirmatively stated, in writing, that she is not withholding documents on the basis of either the attorney-client-privilege or the work product doctrine, Mr. Scoll's Motion is moot and should therefore be denied.

WHEREFORE, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court deny the Motion of Defendant David M. Scoll to Produce Documents Responsive to his First Request for Production of Documents.

Respectfully Submitted
ELIZABETH R. STEFFENBERG,
By Her Attorneys,

/s/ *Christine S. Collins*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
(508) 929-3041

Dated: March 25, 2005

## CERTIFICATE OF SERVICE

    I, Christine S. Collins, hereby certify that I have this 25th day of March, 2004 served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to counsel of record.

                                                 /s/ *Christine S. Collins*
                                                 Christine S. Collins

# EXHIBIT A

{J:\CLIENTS\lit\303603\0001\00522291.DOC;1}



**Bowditch &Dewey**
ATTORNEYS

Direct telephone:(508) 926-3441
Direct facsimile: (508) 929-3041
Email: ccollins@bowditch.com

March 18, 2005

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
155 Federal Street
Boston, MA 02110

RE:  **Elizabeth R. Steffenberg v. T. Gene Gilman, et al.**
     **U.S. District Court Civil Action No. 04-CV-40113-FDS**

Dear Attorney Discepolo:

I write in furtherance of our Rule 37.1 conference on March 9, 2005. As I stated during our discussion, Ms. Steffenberg is not withholding any documents pursuant to either the attorney-client privilege or the work product doctrine.

Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Christine S. Collins

CSC/

cc:   Kristin M. Knuuttila, Esquire

{J:\CLIENTS\lit\303603\0001\00521274.DOC;1}