UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | **OPPOSITION OF PLAINTIFF** |
| AGENCY, INC., DAVID M. SCOLL, ) | **ELIZABETH R. STEFFENBERG TO** |
| ARBOR SECURITIES, LTD., ) | **THE MOTION OF THE DEFENDANT,** |
| ALLIANCE INVESTMENT ) | **DAVID M. SCOLL, TO COMPEL THE** |
| MANAGEMENT, COMMONWEALTH ) | **PLAINTIFF TO ANSWER SCOLL'S** |
| FINANCIAL HOLDINGS INC., ) | **FIRST SET OF INTERROGATORIES** |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") hereby opposes the Motion of the Defendant, David M. Scoll ("Mr. Scoll") to Compel Ms. Steffenberg to answer two of Scoll's First Set of Interrogatories. As grounds therefor, Ms. Steffenberg states as follows:

1.  In his Motion, Mr. Scoll contends that Ms. Steffenberg has failed to fully and completely answer his Interrogatories No. 23 and 26. Mr. Scoll's Motion is unfounded and should be denied.

2.  First, in Interrogatory No. 23, Mr. Scoll requests that Ms. Steffenberg "[i]temize and describe all damages [Ms. Steffenberg is] seeking in this action against the Defendant." Ms. Steffenberg has already agreed during counsels' March 14, 2005 telephone discovery

conference to supplement her response to Interrogatory No. 23, and, attached hereto as Exhibit A, is Ms. Steffenberg's Second Supplemental Answers to Interrogatories in which she does so by itemizing and describing the damages she seeks against Mr. Scoll in this action. Therefore, Mr. Scoll's Motion as to Ms. Steffenberg's Answer to Interrogatory No. 23 is properly denied by this Court.

3. Interrogatory No. 26 asks "[t]o the extent not already stated in your previous Answers, what should the Defendant have done or not have done which would have prevented your alleged damages?" (Emphasis added.) This interrogatory requests Ms. Steffenberg to add new information to her prior Answers if they did not already provide the requested information, with details as to what would have prevented Ms. Steffenberg's damages. In her Answer to Interrogatory No. 26, Ms. Steffenberg refers Mr. Scoll to her Answers to Interrogatory Nos. 2, 4, 6, 8, 9, and 16, in which she provides exhaustive answers to those Interrogatories, including what, in her view, Mr. Scoll should have done differently in order to prevent her damages. There is simply no further information available and Mr. Scoll's counsel has been told this repeatedly.

4. Further, the responses provided by Ms. Steffenberg fully answer Interrogatory No. 26. In her Supplemental Answer to Interrogatory No. 4, Ms. Steffenberg provides a description of how Mr. Scoll was counsel to many of the defendants, including but not limited to Gene Gilman, Tradetek, Arbor Securities, Commonwealth Financial Holdings, Gilman Insurance Agency, T. Gilman & Co., and Financial Links, while a director of Trade Tek and Commonwealth Financial Holdings, at the same time that he and Gene Gilman were working together to manage the Steffenberg's investments and estate plan. She then states:

> As the Steffenbergs' attorney, Trustee of their Trust and attorney-in-fact, Scoll was required to exercise reasonable and prudent judgment towards the Steffenbergs, including to act with undivided loyalty and in their best interest at all times, to represent them zealously, and to fully and fairly

> disclose to them all facts material to their interests, including actual or potential conflicts of interest. Scoll was also bound to inform the Steffenbergs of any actual or potential conflict of interest which might arise during the course of his representation of them.

(See a true and accurate copy of Plaintiff's Supplemental Answers to Defendant David M. Scoll's First Set of Interrogatories attached to Mr. Scoll's Motion as Exhibit C at p. 8.)

5. Similarly, also in her Answer to Interrogatory No. 4, Ms. Steffenberg states, in relevant part, that:

> In the numerous capacities that Scoll served the Steffenbergs, Gene Gilman and his companies, Scoll knew or should have known the nature and sources of Trade Tek's financing, as well as the nature of the activities of Arbor Securities, Commonwealth Financial Holdings, Gilman Insurance Agency, T. Gilman & Co., and Financial Links, particularly as they related to the Steffenbergs' investments. He knew or should have known that Trade Tek was being financed by offshore accounts, including but not limited to, those of Mrs. Steffenberg, using Arbor Securities, Commonwealth Financial Holdings, Gilman Insurance Agency, T. Gilman & Co., and Financial Links. If Scoll did know that the Steffenbergs' investments were being used to fund a company for which he served as counsel and a director, he failed to disclose this information to the Steffenbergs and/or to withdraw as their counsel. (See id at p. 9.)

This paragraph plainly provides at least three (3) examples of what Mr. Scoll should have done differently in connection with his representation of the Steffenbergs.

6. Yet another example of the detail Ms. Steffenberg has already given in her prior Answers to Mr. Scoll's Interrogatories as to Ms. Scoll's lapses in representing the Steffenbergs is in her Supplemental Answer No. 6, in which she states, in pertinent part, that:

> Scoll was required to inform the Steffenbergs of any conflict of interest, potential or existing, during the course of his representation. Scoll did not advise the Steffenbergs that he represented Gene Gilman personally, as well as many of the companies Gene Gilman founded and/or controlled, including Arbor Securities, Commonwealth Financial Holdings, Gilman Insurance Agency, T. Gilman & Co., Financial Links and Trade Tek, although Scoll's ability to effectively represent the Steffenbergs was compromised because of the possibility that their interest would differ from those of Gene Gilman and his companies. In addition, in or about July, 1997, the Steffenbergs disclosed to Scoll that Gene Gilman had

failed to repay them in accordance with the terms of a promissory note between Mr. Steffenberg and Gene Gilman, and that the final payment was due in December, 1997. When the Steffenbergs informed him of their dispute with Gene Gilman, Scoll still did not disclose the full nature and extent of his representation of Gene Gilman, Gilman Insurance Agency and T. Gilman & Co. at that time despite the existence of a direct conflict of interest. Nor did Scoll ever inform the Steffenbergs that he represented almost all of the companies that Gene Gilman was using to invest the Steffenbergs' assets at any time. (See id at pp. 11-12.)

7. It is perfectly clear from the Supplemental Answers to Interrogatories provided above by way of example, as well as in Supplemental Answer to Interrogatory No. 11 (not detailed here), that Ms. Steffenberg has set forth ample specifics as to what Mr. Scoll, her former attorney, should have done to protect her interests and prevent her damages. Further answers, therefore, were not, and are not, needed as to Interrogatory No. 26. As such, this Court should deny Mr. Scoll's Motion to Compel as to Interrogatory No. 26.

WHEREFORE, Ms. Steffenberg respectfully requests that this Court <u>deny</u> Mr. Scoll's Motion to Compel the Plaintiff to Answer Scoll's First Set of Interrogatories.

Respectfully Submitted
ELIZABETH R. STEFFENBERG,
By Her Attorneys,

/s/ *Christine S. Collins*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
(508) 929-3041

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 30th day of March, 2005, served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to counsel of record.

/s/ *Christine S. Collins*
Christine S. Collins

# EXHIBIT A



# Bowditch & Dewey
ATTORNEYS

Direct telephone: (508) 926-3441
Direct facsimile: (508) 929-3041
Email: ccollins@bowditch.com

March 29, 2005

*VIA FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL*

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz,
   Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

Re:   <u>Elizabeth R. Steffenberg v. T. Gene Gilman, et al.</u>
      United States District Court Civil Action No. 04-40113-FDS

Dear Attorney Discepolo:

Enclosed please find Plaintiff's Second Supplemental Answers to Defendant David M. Scoll's First Set of Interrogatories. I believe this supplementation renders moot your Motion to Compel as to Interrogatory No. 23.

Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Christine S. Collins

CSC/cad
Enclosure

cc:   Rhonda L. Rittenberg, Esquire - *Via Facsimile Transmission and First Class Mail*

{J:\CLIENTS\lit\303603\0001\00524790.DOC;1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN,<br>THE GILMAN INSURANCE<br>AGENCY, INC., DAVID M. SCOLL,<br>ARBOR SECURITIES, LTD.,<br>ALLIANCE INVESTMENT<br>MANAGEMENT, COMMONWEALTH<br>FINANCIAL HOLDINGS INC.,<br>FINANCIAL LINKS, INC.,<br>T. GILMAN & CO., LTD.,<br>AVIVA LIFE INSURANCE COMPANY,<br>TRADETEK, LTD., and<br>TRADETEK, LLC,<br><br>    Defendants. | (Christine S. Collins BBO#639293)<br><br><br><br><br><br><br><br>PLAINTIFF'S SECOND<br>SUPPLEMENTAL ANSWERS TO<br>DEFENDANT DAVID M. SCOLL'S<br>FIRST SET OF INTERROGATORIES |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Elizabeth R. Steffenberg ("Mrs. Steffenberg"), hereby supplements her Answers to Defendant, David M. Scoll's ("Scoll") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND DEFINITIONS

1. Mrs. Steffenberg objects to each and every interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

2. Mrs. Steffenberg objects to each and every interrogatory to the extent that it purports to establish a continuing duty to supplement, or seeks to impose a duty beyond those imposed by the Federal Rules of Civil Procedure.

3.  Each of the General Objections shall be deemed to apply to each of Scoll's separate interrogatories.

4.  As used herein, the term "Steffenberg File" refers to those documents produced by Mrs. Steffenberg to Scoll on or about October 27, 2004 in connection with Scoll's First Request for Production of Documents and in supplemental document productions.

## SPECIFIC RESPONSES

### Interrogatory No. 23

Itemize and describe all damages you are seeking in this action against the Defendant.

### ANSWER NO. 23

Mrs. Steffenberg objects to Interrogatory No. 23 on the grounds that it is overbroad, burdensome, and seeks information protected by the attorney-client privilege and/or work product doctrine, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections and the General Objections, Mrs. Steffenberg states that the full extent of her damages have not yet been ascertained.

### SUPPLEMENTAL ANSWER NO. 23

Subject to and without waiving the General Objections, Mrs. Steffenberg states as follows:
Based on the information available to Ms. Steffenberg to date, Ms. Steffenberg has been damaged in the amount of $963,502.94, comprised of losses in the value of her investments with T. Gene Gilman of $649,278.89, two Certificates of Deposit worth $252,355.74, and insurance policy proceeds valued at $220,000. Ms. Steffenberg was later able to recover approximately $158,131.69.

Signed under the pains and penalties of perjury this 24th day of March, 2005.

*Elizabeth R. Steffenberg*
Elizabeth R. Steffenberg

AS TO OBJECTIONS:

Dated: March 29, 2005

*Louis S. Collins*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO #639293)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
(508) 929-3041

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 29th day of March, 2005 served the foregoing by mailing copy thereof, via first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
155 Federal Street
Boston, MA 02110

*Christine S. Collins*
Christine S. Collins

```
***************************
***   MULTI TX/RX REPORT   ***
***************************

TX/RX NO              2132
PGS.                  5
TX/RX INCOMPLETE      -----
TRANSACTION OK        (1)  16174236917#
                      (2)  16174568100
ERROR INFORMATION     -----
```



Bowditch
&Dewey
ATTORNEYS

Direct telephone: (508) 926-3441
Direct facsimile: (508) 929-3041
Email: ccollins@bowditch.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | | FAX NUMBER: | PHONE NUMBER: |
|---|---|---|---|
| | Sara Discepolo, Esquire | (617) 423-6917 | (617) 422-5300 |
| CC: | | FAX NUMBER: | PHONE NUMBER: |
| | Rhonda L. Rittenberg, Esquire | (617) 456-8100 | (617) 456-8000 |
| DATE: | March 29, 2005 | | |
| FROM: | Christine S. Collins, Esquire | TOTAL NO. OF PAGES INCLUDING COVER: 5 | |
| RE: | Steffenberg v. Gilman, et als. | CLIENT/MATTER NUMBER: 303603.0001 | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE