UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

_____
                                                                    )
ELIZABETH R. STEFFENBERG,             )
    Plaintiff                                            )
                                                                    )
v.                                                                )   CIVIL ACTION NO. 04-40113-FDS
                                                                    )
T. GENE GILMAN, et. al.                            )
    Defendants.                                      )
_____)

# JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION OF PLAINTIFF AND DEFENDANT AVIVA LIFE INSURANCE COMPANY TO DISMISS CLAIMS WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(2), the Plaintiff, Elizabeth R. Steffenberg ("Steffenberg") and the Defendant, Aviva Life Insurance Company ("Aviva Life") jointly move to dismiss with prejudice all claims against Aviva Life and Aviva USA Corporation (previously dismissed without prejudice). As set forth more fully below, Steffenberg and Aviva Life reached a good faith settlement of all claims against Aviva Life. The Defendant, David M. Scoll ("Scoll"), who has no cross-claims against Aviva Life or Aviva USA Corporation and will suffer no prejudice as a result of dismissal, refuses to assent to a stipulation of dismissal with prejudice as to the claims against Aviva Life and Aviva USA Corporation. Accordingly, Steffenberg and Aviva Life have been forced to file this joint motion with the Court.

## BACKGROUND

This action has been pending since April 13, 2004 against, *inter alia*, Aviva Life, Aviva USA Corporation ("Aviva USA") and David M. Scoll ("Scoll").[1] On January 11, 2005, the Court dismissed all claims against Aviva USA, without prejudice, on counsel's representation that Aviva Life, and not Aviva USA, was the proper party. Critically, although Aviva USA, Aviva Life and Scoll have all been parties to this action for over one year, Scoll has never asserted a cross-claim against either Aviva Life or Aviva USA.

Steffenberg and Aviva Life have reached a good-faith settlement of this matter and prepared a stipulation of dismissal with prejudice in accordance Fed. R. Civ. P. 41(a)(1)(ii). Scoll refuses to execute the stipulation of dismissal with prejudice, citing no legitimate grounds for such a position.

## ARGUMENT

Under Fed. R. Civ. P. 41(a)(2),[2] in the absence of extraordinary circumstances not present here, a court ordinarily *must* grant a motion to dismiss with prejudice brought by the plaintiff. Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (Freedman, C.J.) (citing Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964)). Common sense plainly dictates that this Court should not force Steffenberg to sustain claims against Aviva Life which she does not want to prosecute. Nor should this Court require Steffenberg to reserve her rights to prosecute such claims when she has voluntarily waived those rights as an essential part of a good-faith settlement. See id. As this Court (Freedman, C.J.) aptly stated:

---

[1] The action against Scoll has been pending since March 16, 2004. When first filed on March 16, 2004, Plaintiff's First Amended Verified Complaint improperly named Aviva USA as a defendant. Aviva Life was substituted as a party on or about May 3, 2004 in Plaintiff's Second Amended Verified Complaint.

[2] Scoll's refusal to sign the stipulation forecloses any voluntary dismissal by stipulation. Fed. R. Civ. P. 41(a)(1).

2

> Further, it is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice. Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it? Though these questions prove vexatious, the Court need not ponder them at length. Suffice it to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.

Id. Where, as here, a non-settling defendant has no cross claims against the settling defendant, the non-settling defendant should not be allowed to impede a settlement by refusing to execute a stipulation of dismissal with prejudice. Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001); Shephard, 767 F. Supp. at 1167. Under such circumstances, the Court should dismiss with prejudice the claims against the settling defendants. Id.

The only potential exception to this rule is where dismissal of claims against one defendant will cause "plain legal prejudice" to the non-settling defendant. See id.; Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000) (Purpose of Rule 41(a)(2) "is to permit the plaintiff, with approval of the court . . . voluntarily to dismiss an action as long as 'no other party will be prejudiced'") (quoting Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)); County of Santa Fe v. Public Serv. Co., 311 F. 3d 1031, 1049 (10th Cir. 2002); Waller v. Financial Corp. of America, 828 F.2d 579, 582 (9th Cir. 1987) ("In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result"); Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983) ("just as a court has no justification for interfering in the plaintiff's initial choice of the parties it will sue (absent considerations of necessary parties), the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice."). "Plain legal prejudice" amounts to substantially more than "a showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical

advantage…" Quad/Graphics, 724 F.2d at 1233 (and cases cited). See also Chapman, 198 F.R.D. 575, 579 (D. Mass. 2001) (where non-settling defendant's cross-claim for contribution was extinguished by co-defendant's good-faith settlement with plaintiff, he would suffer no legal prejudice by dismissal of settling defendant with prejudice). Indeed, courts have acknowledged that it would be a "rare circumstance where dismissal with prejudice of a plaintiff's claims" would cause legal prejudice to another party to the litigation. County of Santa Fe, 311 F. 3d at 1049.

This case is not a "rare circumstance". Most notably, this matter has been pending against Scoll and Aviva Life or Aviva USA since March 16, 2004, with ongoing discovery taking place, and Scoll has not asserted any cross-claims against either Aviva Life or Aviva USA. Therefore, dismissing with prejudice Steffenberg's claims against Aviva Life (and the previously dismissed claims against Aviva USA) will have no prejudicial effect upon Scoll's position in this case. Chapman, 198 F.R.D. at 579.[3] Scoll should not be permitted unnecessarily and without justification from impeding a reasonable settlement reached in good faith between Aviva Life and Steffenberg.

For the same reasons, this Court should also require Scoll to pay Aviva Life's and Steffenberg's costs and attorneys' fees incurred in connection with this Motion. Put simply, there was (and continues to be) no valid reason for Scoll's withholding his assent to the stipulation of dismissal with prejudice. As such, Steffenberg, Aviva Life and, indeed, this Court, have incurred an unnecessary expense of time and effort in requiring Scoll to do what he should have done voluntarily.

---

[3] G. L. c. 231B, § 4(b), provides that when a release is given in good faith by a plaintiff to one of several joint tortfeasors, the release "shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." Even if Scoll had cross-claims for contribution against Aviva Life, Scoll would only have standing to object to the settlement as made in bad faith, a standard which Scoll would not be able to meet. See Chapman, 198 F.R.D. at 579.

4

WHEREFORE, for the reasons stated above, the Plaintiff, Elizabeth Steffenberg and the Defendant, Aviva Life Insurance Company, respectfully request that this Court:

(1)  Allow the Joint Motion and dismiss with prejudice all claims against Aviva Life Insurance Company and Aviva USA Corporation in this action;

(2)  Order that Defendant David M. Scoll pay to the Plaintiff, Elizabeth R. Steffenberg and the Defendant, Aviva Life Insurance Company, their costs and reasonable attorneys' fees incurred in the preparation, filing and hearing of this motion.

| ELIZABETH R. STEFFENBERG | AVIVA LIFE INSURANCE COMPANY |
|---|---|
| By her attorneys, | By its attorneys, |
| /s/ Christine Collins | /s/ Rhonda Rittenberg |
| Louis M. Ciavarra, BBO #546481 | Rhonda R. Rittenberg, BBO #550498 |
| Christine S. Collins, BBO #639293 | Joshua A. Lewin, BBO #658299 |
| Bowditch & Dewey, LLP | Prince, Lobel, Glovsky & Tye LLP |
| 311 Main Street, P. O. Box 15156 | 585 Commercial Street |
| Worcester, MA 01615-0156 | Boston, MA 02109 |
| (508) 926-3441 | (617) 456-8000 |

DATED: May 6, 2005