UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**DAVID M. SCOLL'S OPPOSITION TO
JOINT MOTION OF PLAINTIFF AND DEFENDANT AVIVA LIFE
INSURANCE COMPANY TO DISMISS CLAIMS WITH PREJUDICE
And Alternatively,
MOTION FOR DISCLOSURE AND CONDITIONS**

    The Defendant, David M. Scoll (hereinafter "Scoll"), hereby submits, pursuant to Local Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts (hereinafter "Local Rules"), his opposition to the joint motion to dismiss Aviva Life Insurance Company (hereinafter "Aviva") with prejudice filed by the Plaintiff, Elizabeth Steffenberg (hereinafter the "Plaintiff") and Aviva. See Jt. Mot. of Pl. and Deft. Aviva Life Insur. Co. to Dismiss Claims with Prej. dated May 6, 2005 (hereinafter "Joint Motion"). Alternatively, Scoll moves for disclosure of the parties' settlement agreement and for conditions to be imposed on any dismissal.

38220.1

## REQUEST FOR ORAL ARGUMENT

Scoll also requests the opportunity to be heard at oral argument prior to the Court's decision on the Joint Motion. Scoll not only seeks a disclosure of the terms of the Plaintiff's and Aviva's settlement agreement to discern if he will suffer legal prejudice from the requested dismissal, but he also seeks to appear in person to oppose the other parties' frivolous and bad faith argument that he should somehow be responsible for paying the other parties' attorneys' fees and costs.

## I.    BACKGROUND

The Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), claims that her former financial adviser, T. Gene Gilman (hereinafter "Gilman"), and his various companies are responsible for her financial losses. She bootstrapped on to her complaint claims against Scoll, an attorney who provided legal services to Gilman and the Plaintiff on discrete matters, for the purported reason that he allegedly simultaneously represented her and Gilman. She, through counsel, has at times in these proceedings made the unfounded claim that Scoll was a director and officer of Gilman's companies and that he was deliberately keeping information from her. These wild allegations, however, do not appear anywhere in her pleadings.

Apparently the Plaintiff and co-Defendant Aviva (hereinafter collectively referred to as the "other parties" or the "parties") have entered into a settlement agreement. See Jt. Mot., p. 2. Subsequently, they demanded that Scoll stipulate to a dismissal of Aviva with prejudice. See Emails by R. Rittenberg dated April 29, 2005 (attached as Exhibit "A"). This demand was accompanied with the threat that if Scoll did not sign a Stipulation of Dismissal with prejudice, the parties would seek to hold him responsible for the parties' attorneys' fees and costs. See id. True to their word, the parties are now seeking to have this Court assess attorneys' fees and costs

on Scoll for refusing to sign a Stipulation of Dismissal as to Aviva with prejudice. Ironically, it is the Plaintiff's original decision to file claims against Aviva which has resulted in the instant Motion, not any refusal by Scoll to sign off on a document which he believes is contrary to his interest.

## II.   ARGUMENT

### A.   The parties' attempt to fine Scoll for refusing to sign a document contrary to his interest constitutes an effort at bullying which should not be countenanced by this Court.

Incredibly, the Plaintiff and Aviva argue that Scoll *was required to sign* a Stipulation of Dismissal, dismissing Aviva with prejudice, and that by refusing to affix his signature thereto, he should have to pay for the other parties' attorneys' fees in bringing their voluntary dismissal motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure. They take this position despite citing to cases in their own joint brief standing for the proposition that a non-settling defendant has every right to object to a dismissal if it may result in prejudice to him. See Jt. Mem. in Supp. of Jt. Mot. of Pl. and Deft. Aviva Life Ins. Co. to Dismiss with Prej. dated May 6, 2005.

This writer could find no case, whether in the First Circuit or any other jurisdictions, requiring a third-party, non-settling co-defendant to pay the settling parties' fees and costs. Although courts sometimes might impose fees and costs when a plaintiff seeks a voluntary dismissal of a defendant, imposition of such fees and costs is generally and universally imposed upon the plaintiff, not a third party co-defendant, where the defendant has expended significant resources in defending against the soon-to-be dismissed claims. See, e.g., Puerto Rico Maritime Shipping Auth. v Leith, 668 F.2d 46, 51 (1st Cir. 1981)(considering whether to impose fees and costs on plaintiff for bringing Rule 41(a)(2) motion to dismiss); see also Hudson Engineering Co.

v Bingham Pump Co., 298 F.Supp. 387, 388 (S.D.N.Y. 1969)("the purpose of Rule 41(a) was to eliminate the evils resulting from the unqualified right of a plaintiff to take a voluntary nonsuit at any stage of the proceeding before pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights.")(internal citation and quotation omitted).

Scoll has been willing to sign a Stipulation of Dismissal to dismiss Aviva *without* prejudice. See Email dated April 29, 2005 (attached hereto as Exhibit "A"). The other parties' demand that Scoll sign a Stipulation *with* prejudice, their threat to hold him responsible for the attorneys' fees and costs, and their Joint Motion amount to legal bullying. The other parties' demand that Scoll's counsel acquiesce and sign documents which are contrary to Scoll's interest essentially demands that Scoll's counsel act contrary to the interests of counsel and commit malpractice. Their attempts to fine Scoll for that demand is improper and should be rejected.

**B.  The Court must exercise its discretion in deciding the other parties' Joint Motion by assessing any prejudice which may arise to Scoll in allowing a dismissal of Plaintiff's claims against Aviva with prejudice.**

It is well established that a Court must exercise its discretion in considering a motion to dismiss under Rule 41(a)(2), whether the request is for dismissal with or without prejudice. See Hudson, 298 F.Supp. at 388-89; Bragg v Robertson, 54 F.Supp.2d 653, 661 (D.W.Va. 1999).This is especially the case where the request is for dismissal with prejudice, effecting a final adjudication of the merits, and where other parties remain in the lawsuit. See id.

Caselaw in this circuit is contrary to the parties' contention that this Court lacks discretion in considering their Joint Motion. The First Circuit requires a court to exercise its discretion in deciding a Rule 41(a)(2) motion. See Puerto Rico Maritime, 668 F.2d at 49 (motion under Rule 41(a)(2) reviewed for abuse of discretion). In exercising that discretion, the First

38220.1

Circuit requires the court to deny a Rule 41(a)(2) motion if any other party to the action will be prejudiced by the dismissal. Id. at 50 ("(t)he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an *action so long as no other party will be prejudiced.*")(quoting LeCompte v Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)(emphasis added). When other parties would remain in the case, the Court is duty-bound to assess any prejudicial impact on those remaining litigants. See Doe v Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000)(citing Alamance Indus, Inc. v Filene's, 291 F.2d 142, 146 (1st Cir. 1961)).

The fact that a plaintiff may request dismissal with prejudice as opposed to without prejudice makes no difference in determining the applicable standard for considering a Rule 41(a)(2) motion. The Tenth Circuit has already rejected the contention that a plaintiff's Rule 41(a)(2) motion to dismiss with prejudice, in a vacuum, denies a court of discretion and requires it to grant the motion. See County of Santa Fe v Public Svce Co. of New Mexico, 311 F.3d 1031 (10th Cir. 2002). The cases relied upon by the other parties for the proposition that a motion to dismiss with prejudice deprives this court of discretion are inapposite to the case at bar. The cases cited by the other parties do not involve third party litigants remaining in a lawsuit, as would be the case here. See, e.g., Smoot v Fox, 340 F.2d 301 (6th Cir. 1964)(refusal by trial court to grant Rule 41(a)(2) motion to dismiss with prejudice was abuse of discretion where it would accomplish a compete adjudication of the litigation). The reasoning in Smoot is recognized as having no applicability where other third parties remain in a lawsuit and may be affected by the dismissal. See, e.g., Hudson Engineering Co. v Bingham Pump Co., 298 F.Supp. 387, 388 (S.D.N.Y. 1969)(Smoot limited to instances where dismissal would resolve all issues and claims in a case and reasoning not applicable where other parties remain); see also Beaver Assocs. V Cannon, 59 F.R.D. 508, 510 (S.D.N.Y. 1973)("a motion by the plaintiff for a voluntary dismissal

38220.1

of a suit . . . calls for the exercise of judicial discretion to avoid an unfair effect on anyone else incident upon such a termination of the suit. *The fact that the suit will be dismissed with prejudice to the plaintiff is not the only consideration before the Court; the possible effect on others must be considered.*")(emphasis added).

### C. A dismissal with prejudice of the Plaintiff's claims against Aviva would prejudice Scoll.

The Plaintiff and Aviva seek a dismissal of Aviva from this lawsuit with prejudice, which would effect a final adjudication on the merits of those claims. See Hudson, 298 F.Supp. at 389. Because Scoll may have claims against Aviva, such as contribution claims, (see below) a dismissal with prejudice would detrimentally affect his defense. In addition, in the event Scoll is held liable for all or a portion of the damages sought by the Plaintiff in this case, which Scoll denies, any liability must be apportioned with co-Defendant Aviva. As a result, dismissal of claims against Aviva with prejudice at this point in the proceedings would permanently prejudice Scoll in preparing his defense.

#### 1. Gilman was an agent of Aviva.

The essence of Plaintiff's complaint is that Gilman, the Plaintiff's financial advisor, made unauthorized diversions of her assets while Gilman was an agent with Aviva Life Insurance Company. See, e.g., Pl.'s Second Amended Verified Compl. dated April 23, 2004, ¶ 25. She also alleges that Aviva failed to supervise Gilman. See id., Count XIII. The few documents produced by Aviva in this lawsuit confirm that Gilman was an agent of Aviva. See General Agents Agreement dated Aug. 16, 1991 (attached hereto as Exhibit "B").

In light of the Plaintiff's allegations and documents produced by Aviva, Aviva may be, at a minimum, vicariously liable for all or a portion of Gilman's activities.

38220.1

### 2. Because Aviva has failed to comply with discovery obligations, Scoll is unable to determine if he has any contribution claims against Aviva.

It is unfair for the Plaintiff and Aviva to claim that Scoll has no basis to object to Aviva's dismissal from this litigation when Aviva has refused to comply with its discovery obligations in this case.

The Plaintiff served Aviva with a deposition notice and written interrogatories and requests for production of documents. See Not. of Taking Rule 30(b)(6) Depo. of Aviva Life Insur. Co. dated Mar. 18, 2005; Pl.'s First Req. for Prod. of Docs. to Deft. Aviva Life Insur. Co. dated Mar. 18, 2005; Pl.'s First Set of Interrs. to Deft. Aviva Life Insur. Co. dated Mar. 18, 2005 (attached hereto as Exhibit "C"). While Scoll was waiting to attend the deposition and receive Aviva's written discovery responses, the Plaintiff and Aviva were apparently involved in settlement negotiations. For that reason, the Plaintiff cancelled Aviva's deposition and never sought to compel Aviva to respond to written discovery requests. It is possible and even likely that any discovery sought by the Plaintiff was produced "informally" by Aviva during those negotiations and without the benefit of disclosure to Scoll. Now the parties not only seek to keep Scoll in the dark about Aviva's involvement in this matter, but also, in effect, chastise him for refusing to sign a stipulation of dismissal with prejudice.[1]

In light of the lack of discovery available to Scoll pertaining to the Plaintiff's claims against Aviva, and any cross claims Scoll may against Aviva, the Court should deny the parties' Joint Motion.

---

[1] Scoll's attempts to obtain discovery from Aviva also bore no fruit. See Let. from K. Knuuttila dated Dec. 7, 2005 (claiming Aviva was not bound by automatic disclosure requirements or required to formally respond to Scoll's written discovery requests)(attached hereto as Exhibit "D"); Deft. Aviva Life Insur. Co.'s Resp. to Deft. David Scoll's Second Req. for Prod. of Docs to Co-Deft. Aviva Life Insur. Co. dated April 8, 2005 (attached hereto as Exhibit "E").

38220.1

> 3. **Scoll objects to the parties' settlement agreement to the extent it deprives him of any right to contribution from Aviva.**

According to Section 4 of chapter 231B of the Massachusetts General Laws, a good faith settlement and release of one tortfeasor will have the effect of discharging that tortfeasor from cross claims for contribution from other tortfeasors in the same litigation. See Mass.Gen.Laws ch. 231B, § 4; Chapman v Bernard's Inc., 198 F.R.D. 575, 577 (D.Mass.2001). As a result, if the parties entered into their settlement agreement in good faith, Scoll would be foreclosed from asserting any contribution claims against Aviva. Assuming *arguendo* that the parties' entered their agreement in good faith, Scoll objects to their settlement because it legally prejudices his rights to assert claims in these proceedings. See, e.g., Quad/Graphics, Inc. v Fass, 724 F.2d 1230, 1232-33 (7th Cir. 1983).

> 4. **If the Court accepts the parties' settlement agreement but does not order disclosure of its terms, Scoll maintains his right to assert contribution claims against Aviva.**

In this case, the apparent basis of the parties' Joint Motion is their settlement agreement and the Plaintiff's release of her claims against Aviva. See Jt. Mot., p. 2 ("Steffenberg and Aviva Life have reached a good-faith settlement of this matter . . . ."). Because Scoll has not been given information or access to the parties' settlement agreement, he maintains his right to file a cross-claim against Aviva for contribution.

Scoll's right to assert a cross-claim for contribution cannot be denied to him based upon the parties' settlement agreement. As stated above, Section 4 of chapter 231B of the Massachusetts General Laws, may vitiate any claim of contribution he might have against Aviva if the parties entered their settlement agreement in good faith. See Mass.Gen.Laws ch. 231B, § 4; Chapman v Bernard's Inc., 198 F.R.D. 575, 577 (D.Mass.2001). Yet the burden is on the Plaintiff and Aviva to demonstrate that their settlement was effected in good faith. See Chapman,

198 F.R.D. at 578. "That burden is satisfied by showing that a settlement has been agreed upon and by describing its nature and terms." Id. The burden is also met if the parties' provide a copy of the settlement agreement. Yet the parties have refused to provide a copy of that settlement agreement to Scoll. See Emails (attached hereto as Exhibit "A"). Without such evidence, Scoll has the continued right to assert cross claims against Aviva.

Because the parties have not met their burden in showing their settlement agreement was in good faith and that it thus deprives Scoll of a contribution claim, cf. id. at 579 (because parties met burden in showing good faith settlement, negating contribution claims, no prejudice resulting to third party defendant remaining in the case), a dismissal with prejudice of Aviva at this juncture would permanently prejudice his ability to pursue such claims. It would, thus, be an abuse of discretion for the Court to grant the Joint Motion, especially where Scoll has not been given any information whatsoever concerning the terms of the parties' agreement and was denied discoverable information which may bear upon any contribution claims he may have against Aviva.[2]

### D. Scoll moves for disclosure of the parties' settlement agreement and alternatively for conditions imposed on the granting of the Joint Motion.

The Plaintiff's entire action seeking to recoup over $ 1 million in financial assets is premised upon Gilman's alleged diversion of the Plaintiff's assets over a period of time. It is unclear to what extent the Plaintiff has been compensated by Aviva according to their settlement agreement. To the extent the Plaintiff has received some payment from Aviva, she should be

---

[2] It is well known that non-settling parties have standing to object to a partial settlement which purports to strip it of a legal claim or cause of action, such as a contribution or indemnity claim. See Waller v Fin. Corp. of America, 828 F.2d 579, 583 (9th Cir. 1987). Without access to the settlement agreement, Scoll also objects to the parties' agreement.

38220.1

required to reduce her total amount of requested damages against Scoll.[3] To the extent Scoll is entitled to an apportionment of liability with Aviva for fault attributable to each, see, e.g., Atwood v Pacific Maritime Assoc., 432 F.Supp. 491, he will be prejudiced by any dismissal with prejudice of the Plaintiff's claims against Aviva. At a minimum, the parties should disclose the amount of payment made by Aviva to the Plaintiff and the Court should reduce any potential damages award by said amount.[4]

Alternatively, if the Court grants dismissal of Aviva from this action with prejudice, the Court should order conditions on such dismissal. The purpose of Rule 41(a)(2) is to prevent a dismissal which unfairly impacts another party *and to permit the imposition of conditions*. See Operating Eng'Rs Local No. 101 Pension Fund No. 101, 2004 U.S.Dist.LEXIS 7847, at * 2 (D.Kan.2004). At a minimum, the Court should order disclosure of the settlement agreement, as well as order the parties to furnish to Scoll copies of all documents and materials provided informally by Aviva to the Plaintiff. See Hudson Engineering Co. v Bingham Pump Co., 298 F.Supp. 387, 389 (S.D.N.Y. 1969)(imposing conditions). In addition, it should order Aviva to make available at trial and for interviews prior to trial for Scoll's benefit and expense those employees who may reasonably be requested to appear by Scoll. See id.

### III. CONCLUSION

For all the foregoing reasons, the Court should deny the parties' motion to dismiss Aviva with prejudice. Alternatively, the Court should order the parties to disclose the terms of their

---

[3] Through discovery Scoll has learned that the Plaintiff is seeking that entire amount from Scoll.
[4] Furthermore, without knowing the exact terms of the parties' settlement agreement, Scoll is unable to know how other aspects of the parties' settlement agreement may adversely impact him. See Chapman, 198 F.R.D. at 577-79.

38220.1

settlement agreement, produce Aviva documents and materials, and order Aviva to make itself available to Scoll for trial and pre-trial discovery.

Respectfully submitted,
DAVID M. SCOLL
By his Attorneys,

/s/ Sara Discepolo
George C. Rockas, BBO # 544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA  02110
(617) 422-5300

Dated: May 13, 2005