**EXHIBIT A**

**Discepolo, Sara**

From:          Discepolo, Sara
Sent:          Thursday, May 12, 2005 7:59 PM
To:            'Rittenberg, Rhonda L.'
Cc:            Collins, Christine Smith
Subject:       RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e Insurance Company


I'm going to assume from this exchange that you are declining to provide me a copy of the settlement agreement or any information concerning its terms. If you will be providing a copy/info. just let me know your change of mind. Thanks.

-----Original Message-----
From: Rittenberg, Rhonda L. [mailto:RLRittenberg@plgt.com]
Sent: Thursday, May 12, 2005 7:51 PM
To: Discepolo, Sara; Rittenberg, Rhonda L.
Cc: Collins, Christine Smith
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e Insurance Company


Do you have any reason to believe that the parties entered into their settlement other than in good faith?

-----Original Message-----
From: Discepolo, Sara [mailto:DiscepoloS@WEMED.com]
Sent: Thursday, May 12, 2005 7:42 PM
To: Rittenberg, Rhonda L.
Cc: Collins, Christine Smith
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e Insurance Company

I'm trying to discern whether the Plaintiff and Aviva entered into their settlement in good faith as alleged in your Joint Motion.

-----Original Message-----
From: Rittenberg, Rhonda L. [mailto:RLRittenberg@plgt.com]
Sent: Thursday, May 12, 2005 4:50 PM
To: Discepolo, Sara
Cc: Collins, Christine Smith
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e Insurance Company


Sara,

On what basis do you believe you are entitled to a copy of the agreement?

Regards, Rhonda

-----Original Message-----
From: Discepolo, Sara [mailto:DiscepoloS@WEMED.com]
Sent: Thursday, May 12, 2005 2:24 PM
To: Collins, Christine Smith; Rittenberg, Rhonda L.
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e Insurance Company



Please provide me with a copy of the settlement agreement between the Plaintiff and Aviva.

1

Sara Discepolo
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Tel (617) 422-5300
Fax (617) 423-6917
DiscepoloS@WEMED.com
www.WEMED.com


-----Original Message-----
From: Collins, Christine Smith [mailto:CCOLLINS@bowditch.com]
Sent: Friday, April 29, 2005 4:00 PM
To: Discepolo, Sara
Cc: Rockas, George; 'Rittenberg, Rhonda L.'; Lewin, Joshua
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva
Lif e Insurance Company


Sara:

Frankly, I don't recall Judge Saylor (or you) articulating any legitimate
reason for not allowing the dismissal of the other Aviva parties with
prejudice at the hearing.  Furthermore, even assuming the reasons were
either articulated or legtimate, Scoll's rationale for preventing Aviva
Life, which is the proper party to this action, to be dismissed out with
prejudice at this juncture, in light of a settlement and in the absence of
any crossclaims against Aviva Life by him is lost on me.

Christine

-----Original Message-----
From: Rittenberg, Rhonda L. [mailto:RLRittenberg@plgt.com]
Sent: Friday, April 29, 2005 3:36 PM
To: 'Discepolo, Sara'; 'Collins, Christine Smith'
Cc: 'Rockas, George'
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva
Lif e Insurance Company


Than you Sara.  I'll speak with Christine. In the meantime, you can plan on
us taking the matter up with the judge.  Naturally, Aviva reserves all
rights, including recovery of costs and attorney fees in having to bring
this matter before the court in this manner.

Rhonda

 -----Original Message-----
From:      Discepolo, Sara [mailto:DiscepoloS@WEMED.com]
Sent: Fri Apr 29 15:24:03 2005
To:    Rittenberg, Rhonda L.; Collins, Christine Smith
Cc:    Rockas, George
Subject:    RE: Steffenberg v. Gilman, et al: Stipulation of
Dismissal/Aviva Lif e Insurance Company

Actually,

The Judge enlightened everyone about Scoll's right not to do so at the last
hearing. Maybe Christine can fill you in.

Sara Discepolo
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Tel (617) 422-5300
Fax (617) 423-6917
DiscepoloS@WEMED.com

www.WEMED.com


-----Original Message-----
From: Rittenberg, Rhonda L. [mailto:RLRittenberg@plgt.com]
Sent: Friday, April 29, 2005 3:22 PM
To: Discepolo, Sara; 'Collins, Christine Smith'
Cc: Rockas, George
Subject: RE: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva
Lif e Insurance Company


Sara,

Your client has no basis to refuse to sign a stipulation dismissing Aviva
with prejudice.  Please enlighten me.

Rhonda

  -----Original Message-----
From:        Discepolo, Sara [mailto:DiscepoloS@WEMED.com]
Sent: Fri Apr 29 15:06:30 2005
To:    Collins, Christine Smith
Cc:    RLRittenberg@plgt.com; Rockas, George
Subject:    RE: Steffenberg v. Gilman, et al: Stipulation of
Dismissal/Aviva Lif e Insurance Company

We will not be signing a stipulation of dismissal with prejudice. We would
be willing to do so without prejudice.

Sara Discepolo
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Tel (617) 422-5300
Fax (617) 423-6917
DiscepoloS@WEMED.com
www.WEMED.com

-----Original Message-----
From: Collins, Christine Smith [mailto:CCOLLINS@bowditch.com]
Sent: Friday, April 29, 2005 3:02 PM
To: Discepolo, Sara
Cc: 'RLRittenberg@plgt.com'
Subject: Steffenberg v. Gilman, et al: Stipulation of Dismissal/Aviva Lif e
Insurance Company


Sara:

Attached is the Stipulation of Dismissal as to Aviva Life Insurance Company
of America in the above-mentioned matter.  Please let me know whether you
will be signing the Stipulation on behalf of Attorney Scoll.  If not, we
will be filing an assented-to motion asking the court to dismiss Aviva out
with prejudice.

Thanks,
Christine

<<Stipulation of Dismissal -- Aviva Life (00535701).PDF>>

Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441

3

(508) 929-3041 (fax)

This e-mail message is generated from the law firm of
Bowditch & Dewey, LLP and contains information that is
confidential and may be privileged as an attorney/client
communication or as attorney work product. The information
is intended to be disclosed solely to the addressee(s). If
you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of
this email information is prohibited. If you have received
this email in error, please notify the sender by return email
and delete it from your computer system. For more information
about Bowditch & Dewey, please visit our web site at
www.bowditch.com

WEMED LLP - CONFIDENTIALITY NOTICE: This electronic
message is intended to be viewed only by the individual or
entity to whom it is addressed. It may contain information
that is privileged, confidential and exempt from
disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly
prohibited without our prior permission. If the reader of
this message is not the intended recipient, or the
employee or agent responsible for delivering the message
to the intended recipient, or if you have received this
communication in error, please notify us immediately by
return e-mail and delete the original message and any
copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz,
Edelman & Dicker LLP (WEMED), please see our website at
www.wemed.com or refer to any WEMED office. Thank you.

This e-mail message is generated from the law firm of
Bowditch & Dewey, LLP and contains information that is
confidential and may be privileged as an attorney/client
communication or as attorney work product. The information
is intended to be disclosed solely to the addressee(s). If
you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of
this email information is prohibited. If you have received
this email in error, please notify the sender by return email
and delete it from your computer system. For more information
about Bowditch & Dewey, please visit our web site at
www.bowditch.com

**EXHIBIT B**

# Commercial Union Life
### Insurance Company of America

## GENERAL AGENT'S AGREEMENT

AGENT: _Thurston Gene Gilman_     CODE NO.: _14081_

DATE OF AGREEMENT: _5-16-91_

(In this agreement, "we", "us", "our", and "CU Life" refer to Commercial Union Life Insurance Company of America. "You" and "your" refer to the Agent. "Boston office" means our Executive Office at One Beacon Street, Boston, MA 02108. "Designated agents" means those agents contracted by you under authority given in this agreement.)

**I. APPOINTMENT.** We hereby appoint you as our general agent subject to the provisions and limitations of this agreement.

**2. AUTHORITY.** You are authorized to (a) obtain and forward applications for policies to our Boston office for evaluation; (b) deliver policies, premium receipts and other items; (c) collect monies on our behalf and only when our rules governing delivery and collection have been complied with; and (d) promptly send all monies collected to our Boston office.

**3. ADDITIONAL AUTHORITY.** You are also authorized, subject to our written approval in each case, to select and appoint designated agents to act as our representatives.

**4. LIMITATIONS OF AUTHORITY.** This agreement does not give you the authority to act on our behalf to change or delete any question, statement or answer on any application; to change or delete any provisions of any policy or other contract issued by us; to waive forfeitures; to extend the time for paying any premium; to quote rates other than those published by us; to accept notes; to circulate any advertisements or literature not provided or previously approved by us; to spend or agree to spend our monies; or to obligate us in any way not specifically authorized by this agreement or in writing by our Boston office.

**5. RELATIONSHIP.** You will comply with the instructions we may, from time to time, issue for the conduct of our business. The relationship as between you and us in the performance of all acts under this agreement will be that of an independent contractor.

L39103-2

A0001

**6. EXPENSES.** You will be responsible for all expenses incurred by you in the performance of this agreement.

**7. TERRITORY.** The territory covered by this agreement is those states in which you are licensed to represent us. This territory is not exclusively assigned to you.

**8. DELIVERIES.** You will not deliver any policy except during the proposed insured's good health unless the first premium has been paid in full.

**9. COMPENSATION.** While this agreement remains in force, you will be paid, for all of your services and expenses as our general agent, compensation as set forth in the attached General Agent's Commission Schedule less any compensation paid directly to designated agents.

**10. COMMISSION REFUNDS.** If, for any reason, we return a part or all the premiums on a policy or cancel a policy, you will repay us the amount of commissions received by you on account of such policy or premiums.

**11. INDEBTEDNESS.** We may offset against any payment due you under this agreement any past, present or future debts that you owe us, whether arising out of this agreement or otherwise. Such indebtedness will be on a first lien on any payments due you and binding on your assigns, executors and administrators. You will pay any outstanding indebtedness on demand.

**12. CONVERSIONS, CHANGES, REPLACEMENTS, WAIVERS AND LAPSES.** Payment for your services on the following will be governed by the procedures we from time to time adopt: (a) conversions of term policies and other changes in policy plans; (b) policies which, in our judgment, take or are to take the place of other insurance on the same life; (c) reinstatements of lapsed policies; (d) policies on which the premiums have been waived; and (e) any new policies where a policy issued by us on the same life has been terminated or surrendered within one year prior to the date of application for the new policy.

**13. VESTING.** Upon termination of this agreement, commissions on individual life insurance policies will continue to be payable to you as set forth in the General Agent's Commission Schedule on a fully vested basis. Service fees will be payable only if the contract is in force. After this General Agent's Agreement is terminated, no service fees will be payable. If at any time the total of commissions and service fees payable in a calendar year are less than $250, then we reserve the right to terminate this agreement and issue a single payment equal to the commuted value of the remaining commissions.

**14. REJECTION, MODIFICATION.** We may reject or require the amendment of any insurance application.

**15. AGREEMENT CHANGES.** We may, from time to time, change the provisions of this agreement. Changes will become effective when mailed to you at your last address appearing on our records. Changes of commissions will apply only to insurance issued on applications that are thereafter received by us.

**16. ACCOUNTING.** You will be responsible to us for all monies received by you on our behalf. All money belonging to us will be held in trust for us, and not be combined with your own money. You will report to us at our Boston office, as requested, on all business under your charge. You will be responsible to us for the acts and collections of the designated agents and for policies and other of our forms and supplies in the possession of such agents.

A0002

**17. DESIGNATED AGENTS.** You may appoint designated agents by written contract and upon forms furnished by us. Such forms will be signed and submitted to us at our Boston office for our written approval prior to becoming effective. You may terminate the contract of any designated agent appointed by you under authority of this agreement. You will forward to us at our Boston office, a signed copy of the letter terminating the designated agent's contract. Upon termination of this agreement you will no longer be a party to contracts of designated agents appointed under this agreement. We reserve the right to (1) recontract with any designated agent in the same or a different capacity and (2) terminate the contract of any designated agent according to the terms of his contract with us.

**18. COMPLIANCE.** You will comply with the insurance laws and regulations of the states in which you are licensed to represent us.

**19. ASSIGNMENT.** You may not assign any of your rights under this agreement without our written consent.

**20. WAIVER.** Our failure to enforce any of the provisions of this agreement will not constitute a waiver by us of such provisions.

**21. SUSPENSION.** If your license to act as our representative is suspended, revoked or not renewed by any state, your right to act as our representative in that state will be suspended until such time as your license is reinstated or renewed.

**22. TERMINATION.** This agreement may be terminated by either you or us by sending a notice in writing to the other, mailed to the other's last address at least sixty days prior to the date of termination. We may terminate this agreement immediately for cause. Cause includes but is not limited to fraud, misrepresentation, misappropriating funds from any policy or contract owner of CU Life, acting to prejudice materially the interest of CU Life, or otherwise acting in breach of this contract. If we do not terminate this contract for any such cause, a waiver of termination of rights shall not result, and this contract may be terminated under this subparagraph for any subsequent cause.

**23. ARBITRATION.** If any dispute or disagreement shall arise in connection with any interpretation of this agreement, its performance or non-performance, or the figures and calculations used, the parties shall make every effort to meet and settle their dispute in good faith informally. If the parties cannot agree on a written settlement to the dispute within fourteen (14) days after it arises, or within a longer period agreed upon by the parties, then the matter in controversy shall be settled by arbitration, in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

The parties may agree to submit the dispute to one (1) arbitrator; otherwise, there shall be three (3), one named in writing by each party within ten (10) days after notice of arbitration is served by either party upon the other, and a third arbitrator selected by these two arbitrators within fifteen (15) days thereafter. If the arbitrators are unable to agree upon a third arbitrator, then the third arbitrator shall be chosen impartially by the American Arbitration Association. The determination of the arbitrator(s) shall be final and binding on all parties, provided such determination is made in writing and signed by a majority of the arbitrator(s). Where arbitration results in an award, such award shall include interest in the amount of five (5) percent per annum running from the date when the amount that is the subject of the award first became due. The costs of arbitration shall be borne equally by the parties.

**24. EFFECT ON PREVIOUS AGREEMENTS.** This agreement voids all previous general agency agreements between you and us, it being understood that all obligations created under previous agreements still exist except as specified in this agreement.

A0003

**25. EFFECTIVE DATE, LAW, ACCEPTANCE.** This agreement, when signed and countersigned by our authorized representatives, will become effective as of the Date of Agreement stated above. This agreement will be construed in accord with the laws of the Commonwealth of Massachusetts. Your acceptance of the terms of this agreement is indicated by your signature set forth below.

COMMERCIAL UNION LIFE INSURANCE
COMPANY OF AMERICA

By: _____

_____
Countersigned for C.U. Life

_____
AGENT:

A0004

-4-

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF AVIVA LIFE INSURANCE COMPANY

TO:   Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109

PLEASE TAKE NOTICE, that commencing at **10:00 a.m.** on **April 6, 2005**, at the

offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, Massachusetts, the Plaintiff in

this action, Elizabeth R. Steffenberg, by her attorney, will take the deposition upon oral

examination of **AVIVA LIFE INSURANCE COMPANY**, pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of

{J:\CLIENTS\lit\303603\0001\00520107.DOC;1}

Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Aviva Life Insurance Company shall designate one or more officers, agents or other persons who can testify on its behalf with respect to the specific matters set forth in Exhibit A attached hereto.

ELIZABETH R. STEFFENBERG
By her attorneys,

Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated: March 18, 2005

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 18th day of March, 2005 served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

Christine S. Collins

{J:\CLIENTS\lit\303603\0001\00520107.DOC;1}

## EXHIBIT A

1.  The relationship between T. Gene Gilman and Aviva Life Insurance Company ("Aviva") or Commercial Union Life Insurance Company of America ("CU") (Aviva and CU shall be referred to collectively herein as "Aviva").

2.  Commissions paid to T. Gene Gilman.

3.  Insurance policies issued by Aviva to, or on behalf of, Elizabeth R. Steffenberg.

4.  Insurance policies issued by Aviva to, or on behalf of, Arthur J. Steffenberg.

5.  Requests for life insurance benefits by Elizabeth R. Steffenberg and/or Arthur J. Steffenberg.

6.  Aviva's knowledge concerning Steven Gilman, the Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Alliance Investment Management, Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd. and TradeTek, LLC.



*Bowditch*
*&Dewey*
ATTORNEYS

Direct telephone: (508) 926-3441
Direct facsimile: (508) 929-3041
Email: ccollins@bowditch.com

March 18, 2005

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Kristin M. Knuutilla, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Re:    **Elizabeth R. Steffenberg v. T. Gene Gilman, et al.**
       **United States District Court Civil Action No. 04-40113-FDS**

Dear Attorney Knuuttila:

Enclosed please find the following documents in reference to the above-captioned matter:

1.    Notice of Taking Rule 30(b)(6) Deposition of Aviva Life Insurance Company;

2.    Plaintiff's First Set of Interrogatories to Defendant Aviva Life Insurance
      Company; and

3.    Plaintiff's First Request for Production of Documents to Defendant Aviva Life
      Insurance Company.

Thank you for your attention to this matter.

Very truly yours,

Christine S. Collins

cc:    Sara Discepolo, Esquire



RECEIVED
MAR 2 1 2005
BY

{J:\CLIENTS\lit303603\0001\00521135.DOC;1}
BOWDITCH & DEWEY, LLP   311 MAIN STREET   PO BOX 15156   WORCESTER, MA 01615-0156
T 508 791 3511   F 508 756 7636   www.bowditch.com

*Boston  Framingham  Worcester*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AVIVA LIFE INSURANCE COMPANY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rules 26.1 through 26.5 and 34.1 of the Local Rules of the United States District Court, District of Massachusetts, Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg"), requests that Defendant Aviva Life Insurance Company ("Aviva") produce for inspection and copying the documents described below at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, Massachusetts, within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

2.      As used herein, the terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party such as "you " or "your" means the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives and all other persons acting or purporting to act on its behalf.

3.      If any documents responsive to this request have been destroyed, please describe such documents and state: (a) the date of the destruction of such documents; (b) the names of the persons who destroyed such documents; and (c) the reasons why such documents were destroyed.

4.      If you contend that any requested document is privileged or is otherwise not subject to discovery, please:

     (a)      state the name of each signatory to the document and the capacity in which each signed;

     (b)      state the date of the document;

     (c)      state the name of each addresser of the document and the capacity in which each was acting at the time he or she addressed the document;

     (d)      state the name of each addressee of the document (including all persons to whom copies were sent) and the capacity in which each such addressee was addressed;

(e)    set forth the subject matter of the document; and

(f)    set forth the specific grounds or reasons asserted for withholding the document.

5.    Unless otherwise specified herein, the period covered by this Request is from January 1, 1990 to the present.

6.    This First Request for Production of Documents shall be deemed continuing so as to require an immediate supplemental response to the extent required by Fed. R. Civ. P. 26(e).

## DOCUMENT REQUESTS

1.    Any and all documents concerning or relating to T. Gene Gilman ("Gilman"), including but not limited to agency agreements or contracts and commission payments.

2.    Any and all documents constituting communications between Gilman and/or Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Alliance Investment Management, Commonwealth Financial Holdings Inc., Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd. and/or TradeTek, LLC (the "Gilman Entities") on the one hand, and Aviva Life Insurance Company ("Aviva") and/or Commercial Union Life Insurance Company of America ("CU") (Aviva and CU shall collectively be referred to herein as "Aviva"), on the other.

3.    Any and all documents concerning, relating or referring to Elizabeth R. Steffenberg.

4.    Any and all documents concerning, relating or referring to Arthur J. Steffenberg.

5.    Any and all documents concerning, relating to or referring to Aviva Policy No. 1OUL 338667.

6. Any and all documents concerning, relating or referring to Aviva Policy No. UL 320349.

7. Any and all documents which evidence, reflect or reference request(s) for payment of life insurance policy benefits by Elizabeth R. Steffenberg and/or Arthur J. Steffenberg.

8. Any all documents concerning, relating or referring to Steven Gilman.

9. Any all documents concerning, relating or referring to The Gilman Insurance Agency, Inc.

10. Any all documents concerning, relating or referring to David M. Scoll.

11. Any and all documents constituting communications between David M. Scoll, and Aviva.

12. Any all documents concerning, relating or referring to Arbor Securities, Ltd.

13. Any all documents concerning, relating or referring to Alliance Investment Management.

14. Any all documents concerning, relating or referring to Commonwealth Financial Holdings, Inc.

15. Any all documents concerning, relating or referring to Financial Links, Inc.

16. Any all documents concerning, relating or referring to T. Gilman & Co., Ltd.

17. Any all documents concerning, relating or referring to TradeTek, Ltd.

18. Any all documents concerning, relating or referring to TradeTek, LLC.

ELIZABETH R. STEFFENBERG
By her attorneys,


Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated:  March 18, 2005

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 18th day of March, 2005 served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110


Christine S. Collins

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (Christine S. Collins BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AVIVA LIFE INSURANCE COMPANY

Now comes Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") and propounds the following interrogatories which are to be answered within 30 days of service by Defendant Aviva Life Insurance Company ("Aviva") under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rules 26.1 through 26.5 and 33.1 of the Local Rules of the United States District Court, District of Massachusetts.

## INSTRUCTIONS

1.    In answering these interrogatories, Aviva must furnish all requested information, not subject to objection, that is known by, possessed by, or available to Aviva or any of Aviva's attorneys, consultants, representatives, agents, and all others acting on behalf of Aviva.

2.    If Aviva is unable to answer fully any of these interrogatories, Aviva must answer them to the fullest extent possible, specifying the reason(s) for its inability to answer the remainder and stating whatever information, knowledge or belief it has concerning the unanswerable portion.  An evasive or incomplete answer may be deemed to be a failure to answer, in that it may render Aviva and/or its attorney(s) liable for the expenses of a motion to compel a responsible or complete answer, including reasonable attorneys' fees.

3.    Each subpart of a numbered interrogatory is to be considered a sub-interrogatory for the purpose of answering or objecting.  Aviva must object separately to each subpart, and if Aviva objects to less than all the subparts of the numbered interrogatory, then he must answer the remaining subparts.  In addition, if Aviva objects to an interrogatory or subpart thereof as calling for information which is beyond the scope of discovery (e.g., "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "attorney-client privilege," etc.) Aviva must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not objectionable.

4.    All of the following interrogatories call for continuous answers and, as such, require timely supplemental answers by Aviva in the event that, prior to final disposition of this action, additional relevant information comes to the attention of, or becomes available to Aviva, its attorney(s), consultants, representatives, agents or any other person acting on behalf of Aviva. Without being requested by Ms. Steffenberg, Aviva must promptly amend any answer when it is

discovered to have been incorrect when made, or it is discovered to be no longer true and circumstances are such that a failure to amend is in substance a knowing concealment.

5.    For each interrogatory and subpart of each interrogatory, if the information furnished in your answers is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

6.    Unless otherwise specified herein, the time period for these Interrogatories is from January 1, 1991 to the present.

## DEFINITIONS

The full text of the definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court, District of Massachusetts, are deemed incorporated by reference into all interrogatories contained herein.

## INTERROGATORIES

Interrogatory No. 1

If you intend to call as a witness in the trial of this matter any expert witnesses:

a.    Identify the expert witness, including but not limited to his or her educational, technical and experiential background;

b.    State in detail the subject matter on which it is expected the expert witness will testify;

c.    State in detail the substance of the facts and opinions to which he or she is expected to testify; and

d.    State in detail a summary of the grounds for each such opinion and state in detail the substance of all facts on which each opinion is based.

Interrogatory No. 2

Identify each person from whom you or your attorney or any other individual acting on your behalf has obtained a written or orally recorded statement regarding any discoverable matter.

ELIZABETH R. STEFFENBERG
By her attorneys,

Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3441
Facsimile (508) 929-3041

Dated:  March 18, 2005

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 18th day of March, 2005 served the foregoing by facsimile and by mailing a copy thereof, first class mail, postage prepaid, to the following:

Kristin M. Knuuttila, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

Christine S. Collins

# EXHIBIT D

**Prince, Lobel, Glovsky & Tye LLP**
Attorneys at Law

585 Commercial Street
Boston, MA 02109-1024

(617) 456.8000 Tel
(617) 456.8100 Fax
www.plgt.com

December 7, 2004

Sara Discepolo, Esq.
WILSON, ELSER, MOSKOWIZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110

Re:    Steffenberg v.
       Gillman Insurance Agency, Inc., et al.
       <u>Civil Action No. WOCV2003-02519</u>

Dear Ms. Discepolo:

Enclosed please find copies of documents from Aviva's files bearing Bates Nos. A0001 to A0033, which were produced to the plaintiff in response to her request for certain documents from Aviva's files. As we discussed and as Judge Saylor acknowledged yesterday, these documents do not constitute Aviva's formal disclosure in this litigation. In fact, as Judge Saylor ordered, Aviva is under no obligation to produce its initial disclosure documents until January 11, 2005.

After the scheduling conference yesterday, we received defendant Scoll's requests for production of documents. The enclosed documents are fully responsive to defendant Scoll's request. As Judge Saylor indicated yesterday, Aviva is under no obligation to participate in discovery until January 11, 2005; therefore, we do not intend to submit to you written responses.

If you have any questions or concerns, please feel free to contact me.

Very truly yours,

Kristin M. Knuuttila

KMK/cs
Enclosures
cc – R. L. Rittenberg, Esq.

PRINCE ▴ LOBEL ▴ GLOVSKY & TYE LLP

# EXHIBIT E

**Prince, Lobel, Glovsky & Tye LLP**
Attorneys at Law

585 Commercial Street
Boston, MA 02109-1024

(617) 456.8000 Tel
(617) 456.8100 Fax
www.plgt.com

April 8, 2005

George Rockas, Esq.
Sara Discepolo, Esq.
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP
155 Federal Street
Boston, MA  02110

Christine Smith Collins, Esq.
Bowditch & Dewey, LLP
311 Main Street
P. O. Box 15156
Worcester, MA 01615

Re:    <u>Steffenberg v. Gillman Insurance Agency, Inc., et al.</u>
       Civil Action No. WOCV2003-02519

Dear Counsel:

Enclosed please find the following in reference to the above-captioned matter:

1.    Defendant Aviva Life Insurance Company's Response to Defendant David Scoll's
      Second Request for Production of Documents to Co-Defendant Aviva Life Insurance
      Company.

Thank you for your attention to this matter.

Very truly yours,

Joshua A. Lewin

JAL/gd
cc – R. L. Rittenberg, Esq.



RECEIVED
APR 1 1 2005
By:

PRINCE ▴ LOBEL ▴ GLOVSKY & TYE LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| ELIZABETH R. STEFFENBERG,<br>Plaintiff<br><br>v.<br><br>T. GENE GILMAN, et. al.<br>Defendants. | CIVIL ACTION NO.<br>04-40113-FDS |

## DEFENDANT AVIVA LIFE INSURANCE COMPANY'S RESPONSE TO DEFENDANT DAVID SCOLL'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO CO-DEFENDANT AVIVA LIFE INSURANCE COMPANY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Aviva Life Insurance Company ("Aviva Life") responds to the Defendant David Scoll's Second Request for Production of Documents (the "Request") as follows:

## GENERAL OBJECTIONS

1.    Aviva Life generally objects to the Request as it is directed to non-parties, including Aviva USA Corporation which was dismissed in this action.

2.    Aviva Life generally objects to the Request as Aviva Life has pending before the Court its Motion to Dismiss all claims against it and, therefore, is not obligated to respond.

3.    Aviva Life objects to the Request to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

4.    Aviva Life objects to the Request to the extent it is unduly burdensome and overly broad.

## RESPONSES TO REQUESTS FOR PRODUCTION

Subject to and without waiving the foregoing General Objections, Aviva Life responds to the individual requests for production as follows:

### Request No. 1

All investment account statements issued by Aviva, Aviva USA Corporation, Aviva subsidiary companies, Aviva parent companies, or any of their agents from January 1, 1998 through the present for the account(s) of Elizabeth Steffenberg and/or Arthur Steffenberg.

### Response No. 1

Aviva Life has no responsive documents in its possession, custody or control.

### Request No. 2

All portfolio reviews by Aviva, Aviva USA Corporation, Aviva subsidiary companies, Aviva parent companies, or any of their agents from January 1, 1998 through the present for the account(s) of Elizabeth Steffenberg and/or Arthur Steffenberg.

### Response No. 2

Aviva Life has no responsive documents in its possession, custody or control.

### Request No. 3

All net worth statements by Aviva, Aviva USA Corporation, Aviva subsidiary companies, Aviva parent companies, or any of their agents from January 1, 1998 through the present for the account(s) of Elizabeth Steffenberg and/or Arthur Steffenberg.

### Response No. 3

Aviva Life has no responsive documents in its possession, custody or control.

Respectfully submitted,

AVIVA LIFE INSURANCE COMPANY

By its attorneys,

Rhonda L. Rittenberg, BBO# 550498
Joshua A. Lewin, BBO #658299
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Date: 4/8/05

I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by first-class mail, postage
prepaid, on April 8, 2005.

Joshua A. Lewin