UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

_____
                                                                        )
ELIZABETH R. STEFFENBERG,                    )
    Plaintiff                                                     )
                                                                        )
v.                                                                      )        CIVIL ACTION NO. 04-40113-FDS
                                                                        )
T. GENE GILMAN, et. al.                                )
    Defendants.                                              )
_____)


**JOINT REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION OF PLAINTIFF AND DEFENDANT AVIVA LIFE INSURANCE COMPANY
TO DISMISS CLAIMS WITH PREJUDICE**


**INTRODUCTION**

The Plaintiff, Elizabeth R. Steffenberg ("Steffenberg") and the Defendant, Aviva Life Insurance Company ("Aviva Life") hereby submit this reply memorandum in support of their joint motion to dismiss with prejudice all claims against Aviva Life and Aviva USA Corporation (previously dismissed without prejudice) to address misleading points and mischaracterizations made by Defendant, David M. Scoll ("Scoll"), in his opposition to the motion to dismiss. Specifically, Scoll primarily relies on the argument that the Court should not dismiss Steffenberg's claims against Aviva Life with prejudice because he will suffer prejudice in that such a dismissal will extinguish any cross-claims for contribution which he "may have."  Scoll further argues that he is unable to determine whether he has any such cross-claims because "Aviva has failed to comply with discovery obligations."  Finally, Scoll contends that the Court should not dismiss the

Steffenberg's claims against Aviva Life because the Steffenberg and Aviva Life have not proven that their settlement was made in good faith. As demonstrated below, Scoll's factual assertions are patently false and his legal arguments are unsupportable. Indeed, Scoll's resistance to Aviva Life's dismissal with prejudice rises to the level of bad faith, thereby justifying an award of fees and costs against him.

## ARGUMENT

**A.     Under Rule 41(a)(1), The Court Must Permit the Plaintiff to Dismiss Her Own Claims With Prejudice.**

Contrary to the litany of inapposite cases and cases from beyond the First Circuit cited by Scoll, the law of this jurisdiction is that a Court generally must dismiss a plaintiff's claims with prejudice when the plaintiff so requests. Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (Freedman, C.J.). None of the First Circuit cases cited Scoll concerns a motion to dismiss with prejudice by the plaintiff wherein a non-settling defendant objects to such a dismissal. Instead, the cases cited by Scoll concern the typical situation under Rule 41(a)(2): a plaintiff seeking to dismiss his claims without prejudice so that she can re-file the case at a later time or in a more favorable jurisdiction. In those cases, the Court evaluates whether the party being dismissed would suffer "plain legal prejudice" by being unnecessarily subjected to another lawsuit—i.e., whether it is fair to allow the plaintiff to drag a defendant through costly litigation only to dismiss the lawsuit without any assurances to the defendant that she will not re-file at a later time. In the words of the First Circuit, "the intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961). In the typical case, the decision whether the party being

2

dismissed without prejudice would suffer plain legal prejudice is ordinarily in the Court's discretion.

This, however, is not a run-of-the-mill case under Rule 41(a)(2). Rather, this case presents different circumstances: Steffenberg seeks to dismiss her own claims with prejudice against Aviva Life. If there is any discretion by the Court in this regard, it is extremely limited. While Scoll cites to cases from other jurisdictions for the proposition that the Court has discretion under these circumstances, the law in this jurisdiction suggests otherwise:

> [P]laintiff has moved to dismiss her own claim with prejudice. At least one court has held that under these circumstances, the court is without discretion, and must grant the motion. . .The Court finds this position highly persuasive, because "when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."

Shepard, 767 F. Supp. at 1165(citations omitted) (allowing the motion to dismiss with prejudice over the objection of a non-settling defendant). Likewise, the Massachusetts Appeals Court has noted that attempts by settling parties to discharge claims between them should be "routinely allowed, with extended hearings on the question of good faith the exception" so as to encourage settlement. Noyes v. Raymond, 28 Mass. App. Ct. 186, 189 (1990). Even in exercising discretion, the Court will readily recognize that Scoll has raised no legitimate basis to prevent the dismissal of Steffenberg's claims against Aviva Life with prejudice.

**B.    Scoll Will Not Suffer "Plain Legal Prejudice" If Steffenberg's Claims Against Aviva Life Are Dismissed with Prejudice.**

Scoll objects to the plaintiff's motion to dismiss her own claims against Aviva Life "because Scoll may have claims against Aviva, such as contribution claims… [and] dismissal with prejudice would detrimentally affect his defense." David M. Scoll's Opposition, p.6. More specifically,

3

Scoll argues that Aviva Life may be vicariously liable for the actions of Co-Defendant, Gene Gilman, and, thus, may ultimately share in Scoll's ultimate liability to Steffenberg. As Scoll's argument goes, under the Massachusetts contribution statute, G. L. c. 231B, § 4, permitting the plaintiff to dismiss her claims against Aviva pursuant to a settlement and release would extinguish cross-claims for contribution which Scoll "may have" against Aviva Life. Scoll thus claims that he would be "prejudiced."

Scoll's argument is fundamentally flawed for several reasons. First and foremost, G. L. 231B, §4 would be rendered completely meaningless if the Court were to accept Scoll's contention that a non-settling defendant can prevent a plaintiff from dismissing her claims with prejudice against a settling defendant merely by demonstrating that his contribution claims against the settling defendant will be extinguished. G. L. c. 231B, § 4(b) specifically provides that a release given by the plaintiff to a defendant "*shall discharge* the tortfeasor to whom it is given from all liability for contribution *to any other tortfeasor*." (emphasis added). Indeed, "G. L. c. 231B, § 4 (b), was drafted to encourage settlements in multiple party tort actions by clearly delineating the effect settlement will have on collateral rights and liabilities in future litigation." Bishop v. Klein, 380 Mass. 285, 294 (1980). To ameliorate any prejudicial effects of §4(b) to non-settling defendants, the Massachusetts legislature provided a specific remedy: "reduce the claim against the [non-settling defendants] to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater." Id. at §4(a). While Scoll may feel that the legislature's judgment in this respect does not adequately protect his rights, that argument is not for this Court. The so-called "prejudice" Scoll claims he will suffer is a result mandated by statute and, in any event, rectified by the remedial provision noted above.

Second, Scoll's entire argument is further flawed because it is premised on the potential extinguishment of cross-claims for contribution, despite the fact that **Scoll has never filed any claim against Aviva Life, let alone one for contribution,** in the more than one year during which this case has been pending. Recognizing this flaw in his argument, Scoll—without a scintilla of evidentiary support—conjures a conspiracy between counsel for Aviva Life and Steffenberg wherein they spuriously undermined Scoll's right to discovery by canceling depositions, "fail[ing] to comply with discovery obligations", "informally" conducting discovery and intentionally "seek[ing] to keep Scoll in the dark about Aviva's involvement in this matter." There is simply no truth to Scoll's accusations.

Indeed, Scoll's allegations are completely belied by the record in this case. Not only have Aviva Life and Steffenberg not concealed anything from Scoll, but Aviva Life and Steffenberg have fully met their discovery obligations in this case. On December 7, 2004, Aviva Life voluntarily produced to Scoll all documents that Aviva USA Corporation had informally produced to Steffenberg and which were "fully responsive" to Scoll's first document request. See Exh. D to Scoll's Opposition.[1] At the time, Aviva Life was under *no obligation* to produce to Scoll those documents. See id.; Amended Scheduling Order dated January 12, 2005 (attached hereto as Exhibit B). On April 8, 2005, Aviva Life responded to Scoll's second document request. See Exh. E to Scoll's Opposition. Scoll's complaints about Aviva Life not responding to Steffenberg's discovery requests are equally misguided. What Scoll conveniently fails to mention

---

[1] Scoll's First Request for Production of Documents directed to Aviva USA Corporation, which defendant was subsequently dismissed from this case, contained **ONE** request: "All documents produced by Aviva to Plaintiff's counsel as stated by Aviva in Defendant Aviva USA Corporation's Statement Pursuant to Local Rule 16.1 dated November 22, 2004." See Defendant David M. Scoll's First Request for Production of Documents to Co-Defendant Aviva USA Corporation (attached hereto as Exhibit A). All such documents were produced to Scoll.

5

in his memorandum is that Scoll never noticed Aviva Life's deposition and Scoll never propounded interrogatories on Aviva Life. Put simply, Scoll cannot blame Steffenberg and Aviva Life for his own failure to pursue discovery in this case, and there is no legitimate basis for Scoll to object to Aviva Life's dismissal merely to enable him to conduct discovery.[2]

**C.      The Good Faith Settlement Requires Dismissal With Prejudice.**

Scoll's arguments that the settlement agreement cannot justify dismissal with prejudice are equally without merit. First, Scoll claims that Steffenberg and Aviva Life should not be permitted to rely on the settlement agreement as a basis for dismissal because "Scoll has not been given information or access to the parties' settlement agreement" and "the parties have refused to provide a copy of that settlement agreement to Scoll." Scoll's Opposition, at pp. 8-9. Scoll argues that his "right to assert a cross-claim" cannot be denied to him until "the Plaintiff and Aviva [] demonstrate that their settlement was affected in good faith." Scoll's Opposition, at p.8. He argues that Aviva Life and Steffenberg have an affirmative obligation to produce to Scoll their confidential settlement agreement and, indeed, bear the ultimate burden to prove that their settlement was made in good faith.

Scoll's arguments fail for a number of reasons. First, no court has ever held that settling parties have a duty to produce to non-settling parties their settlement agreement. To the contrary, as quoted in Scoll's memorandum, the courts have held that the parties seeking discharge have an initial burden of merely "showing that a settlement has been agreed upon and [] describing its nature and terms." In any event, in light of the confidentiality provision in the settlement agreement, Steffenberg and Aviva Life offered to provide Scoll with a copy of the settlement

---

[2] There is nothing preventing Scoll from conducting third-party discovery after Aviva Life's dismissal with prejudice from the case, assuming such discovery is warranted.

6

agreement if Scoll and his attorneys acknowledged and agreed to maintain its confidentiality. They declined to do so.  See Emails (attached hereto as Exhibit C).  In response to Scoll's refusal to maintain the confidentiality of the settlement agreement, Aviva Life provided Scoll "with a description of the nature of the terms of the settlement agreement".  See Emails (attached hereto as Exhibit D).  Scoll's complaint does not rest with any refusal by Steffenberg or Aviva Life to disclose the settlement agreement, but rather, with his own refusal to agree to maintain its confidentiality.

Furthermore, the courts have not held that settling parties bear the burden of proving good faith.  As the Massachusetts Appeals Court stated: "[c]onsistent with the statute's policy of encouraging settlements . . . the burden of coming forward with some showing of lack of good faith ought to rest, we think, with those opposing the discharge." Noyes v. Raymond, 28 Mass. App. Ct. 186, 191 (1990).  Although the Appeals Court did not definitively decide which party bears the ultimate burden of persuasion, it stated that "it should probably remain with the party bearing the burden of production." Id. at n.8.  Here, Steffenberg and Aviva Life offered to produce the settlement agreement to Scoll.  Nevertheless, Scoll—relying on his own unreasonable refusal to maintain the settlement agreement confidential—continues to assert that Steffenberg and Aviva Life have failed to meet their minimal burden of production.[3]  To date, however, Scoll has never offered any evidence or made any supportable suggestion that the settlement agreement was made with a lack of good faith.  Scoll has no evidence of bad faith.  His continuing objection to the dismissal is, therefore, unreasonable and without justification.

---

[3] Under the circumstances, Steffeberg and Aviva Life believe the most practical way of resolving this issue while maintaining confidentiality would be to provide the Court with a copy of the settlement agreement for an in camera review.

7

**D.    The Dismissal With Prejudice Should be Unconditional.**

Scoll argues that four conditions should be imposed on any dismissal with prejudice allowed by the Court: (1) reduction in Steffenberg's total amount of requested damages by the settlement amount; (2) disclosure of the settlement agreement; (3) that Aviva Life and Steffenberg provide Scoll with certain documents and materials; and (4) that "Aviva make available at trial and for interviews prior to trial . . . those employees who may reasonably be requested to appear by Scoll." Scoll's requested conditions do not merit serious consideration.

First, by statute, Scoll is entitled to a reduction in liability by the settlement amount. G. L. c. 231B, §4(a). Second, because Scoll refuses to maintain the confidentiality of the settlement agreement, this Court should review the agreement *in camera* and then dismiss with prejudice the claims against Aviva Life. Third, after dismissal, Scoll will be entitled to conduct documentary discovery from Aviva Life as a third-party subject to the Federal Rules. Fourth, Aviva Life, under no circumstances, could reasonably be compelled to assist Scoll in the preparation of his case by making employees available for interviews and trial. Scoll can conduct third-party depositions and issue trial subpoenas pursuant to the Federal Rules.

Scoll's conduct with respect to the settlement agreement coupled with his attempts to impose conditions on Aviva Life's dismissal are improper and should be sanctioned.

WHEREFORE, for the reasons stated above, the Plaintiff, Elizabeth Steffenberg and the Defendant, Aviva Life Insurance Company, respectfully request that this Court:

(1)    Allow the Joint Motion and dismiss with prejudice all claims against Aviva Life Insurance Company and Aviva USA Corporation in this action;

(2) Order that Defendant David M. Scoll pay to the Plaintiff, Elizabeth R. Steffenberg and the Defendant, Aviva Life Insurance Company, their costs and reasonable attorneys' fees incurred in the preparation, filing and hearing of this motion.

| ELIZABETH R. STEFFENBERG | AVIVA LIFE INSURANCE COMPANY |
|---|---|
| By her attorneys, | By its attorneys, |
| /s/Christine C. Collins | /s/Rhonda R. Rittenberg |
| Louis M. Ciavarra, BBO #546481 | Rhonda R. Rittenberg, BBO #550498 |
| Christine S. Collins, BBO #639293 | Joshua A. Lewin, BBO #658299 |
| Bowditch & Dewey, LLP | Prince, Lobel, Glovsky & Tye LLP |
| 311 Main Street, P. O. Box 15156 | 585 Commercial Street |
| Worcester, MA 01615-0156 | Boston, MA 02109 |
| (508) 926-3441 | (617) 456-8000 |

DATED: May 24, 2005