UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH STEFFENBERG,<br>    Plaintiff,<br>vs.<br><br>T. GENE GILMAN, STEVEN<br>GILMAN, THE GILMAN INSURANCE<br>AGENCY, INC., DAVID M. SCOLL,<br>ARBOR SECURITIES, LTD.,<br>ALLIANCE INVESTMENT MANAGEMENT,<br>COMMONWEALTH FINANCIAL<br>HOLDINGS, INC.,<br>FINANCIAL LINKS, INC.,<br>T. GILMAN & CO., LTD., FIRST<br>ALLIED SECURITIES, INC.,<br>PENSION FINANCIAL SERVICES,<br>INC., AVIVA USA CORPORATION,<br>TRADETEK, LTD., and<br>TRADETEK LLC,<br>    Defendants.[1] | CIVIL ACTION<br>NO. 04-40113-FDS |

ORDER
May 25, 2005

**SWARTWOOD, C.M.J.**

Nature of the Proceeding

By Order of Reference dated April 8, 2005, the following non-dispositive motions have been referred to me for disposition:

    1. Motion For Reconsideration of Plaintiff, Elizabeth R. Steffenberg, Of The Order Denying Her Motion To Compel Responses Of David M. Scoll To Plaintiff's

---

[1]First Allied Securities, Inc. was voluntarily dismissed from this action. See Notice of Dismissal (Docket No. 17). Aviva USA Corporation was dismissed by the Court with prejudice. See Order, dated January 11, 2005 (Docket No. 31).

First Request For Production Of Documents (Docket No. 34);

2. Motion Of The Defendant, David Scoll, To Compel The Production Of Documents Responsive To David Scoll's First Request For Production Of Documents (Docket No. 50); and

3. Motion Of The Defendant, David Scoll, To Compel The Plaintiff To Answer Scoll's First Set Of Interrogatories (Docket No. 52).

## Nature of the Case

This is an action by the Plaintiff, Elizabeth Steffenberg ("Ms. Steffenberg" or "Plaintiff"), to recover funds that were allegedly misappropriated from her and her late husband's investment accounts by her financial advisor, T. Gene Gilman ("Mr. Gilman"). Specifically, Ms. Steffenberg alleges that Mr. Gilman converted assets entrusted to him to his own use or to the use of entities under his control or ownership, including, among others: Defendants Gilman Insurance Agency, Inc.; Commonwealth Financial Holdings, Inc.; Financial Links, Inc.; T. Gilman & Co., Ltd. and TradeTek, LLC. (collectively, "Gilman Business Entities"). Ms. Steffenberg has alleged claims for breach of contract, fraud/intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, negligence, conversion and/or violation

of Mass.Gen.L., ch. 93A against Mr. Gilman, Steven Gilman and the Gilman Business Entities.

Ms. Steffenberg has also alleged claims for breach of fiduciary duty, negligence and breach of contract against her former attorney David M. Scoll ("Mr. Scoll") who had been representing her between July, 1992, and November, 1993, at the same time that he had also been representing Mr. Gilman and the Gilman Business Entities.

### Prior Proceedings

Ms. Steffenberg previously filed a motion to compel (Docket No. 8) in which she requested that the Court order Mr. Scoll to produce documents from his files that relate to his dealings with Mr. Gilman and/or the Gilman Business Entities. Ms. Steffenberg sought three categories of documents relating to: (1) legal services provide by Mr. Scoll to Mr. Gilman and the Gilman Business Entities; (2) the incorporation of the Gilman Business Entities; and (3) communications among Mr. Scoll, Mr. Gilman and the Gilman Business Entities. Mr. Scoll refused to produce numerous documents responsive to Ms. Steffenberg's request on the grounds that such documents are privileged under the attorney-client privilege and/or the work product doctrine, or because they constitute confidential materials which he is prohibited from disclosing under the Massachusetts Rules Of Professional Conduct. In an Order dated December 28, 2004 (Docket No. 28)("Prior Order"), this Court denied

Ms. Steffenberg's motion to compel after finding that the documents in question are shielded from disclosure by the attorney-client privilege or the work product doctrine.

## Discussion

### 1. Ms. Steffenberg's Motion for Reconsideration

Ms. Steffenberg seeks reconsideration of my denial of her motion to compel Mr. Scoll to produce all documents from his files that relate to his representation of Mr. Gilman and the Gilman Business Entities. See Prior Order. In support of this motion, Ms. Steffenberg argues that this Court erroneously interpreted the law applicable to the attorney-client privilege and the work product doctrine. Ms. Steffenberg further argues that Mr. Gilman, Steven Gilman and the Gilman Business Entities have effectively waived their attorney-client privilege with respect to the requested documents by failing either to enter an appearance in this case or to notify the Court and/or the parties of their intent to assert the privilege[2].

I have reviewed my prior Order, the parties' submissions and the privilege log prepared by Mr. Scoll. Below are my initial rulings on Ms. Steffenberg's motion for reconsideration. Furthermore, after reviewing the privilege log in greater detail, I have questions as to whether Mr. Scoll properly invoked the

---

[2] On January 10, 2005, Mr. Gilman, Steven Gilman and the Gilman Business Entities were defaulted. Ms. Steffenberg has filed a motion for entry of default judgment with respect to these Defendants, which is presently pending.

attorney-client, joint defense and/or work product doctrine (whether it be opinion work product or ordinary work product) with respect to certain documents/communications[3]. Therefore, I will hold a further hearing on this matter at which time I will review each document listed on the privilege log with the parties and, in light of my rulings below and the parties' arguments at that hearing, make a final ruling as to whether such document must be disclosed. That hearing will be held on Monday, June 13, 2005 at 2:30.

   a.   <u>Whether Mr. Gilman, Steven Gilman And The Gilman Business Entities Have Effectively Waived The Attorney-client Privilege</u>

Ms. Steffenberg argues that this Court improperly put the burden on her to establish that Messrs. Gilman and the Gilman Business Entities have not waived the attorney-client privilege, rather than placing that burden on Mr. Scoll, the party invoking the privilege. I agree with Ms. Steffenberg that Mr. Scoll, as the party invoking the privilege, has the burden to establish non-waiver and to the extent that I said otherwise in my Prior Order, I was in error. <u>See</u> <u>In the Matter Of The Reorganization Of Electric Mutual Liability Ins. Co., Ltd.</u>, 425 Mass. 419, 421, 681 N.E.2d

---

[3] For example, Mr. Scoll has indicated that letters he received from opposing counsel and letters he sent to opposing counsel concerning litigation matters are privileged.

838, 840 (1997)[4].   However, as aptly put by another court, Ms. Steffenberg:

> misconstrues the principles governing waiver. The privilege operates until such time as it is waived, and it is the attorney's obligation to invoke it on behalf of the client (or former client) until such time as the client waives it. In the absence *of an affirmative act* by [the client] to waive the privilege, it remains in effect and protects the documents.

United States Trust Co. of New York v. Lewis, 1992 WL 110728 (S.D.N.Y May 12, 1992)(emphasis added).

The Supreme Judicial Court ("SJC") has recognized that circumstances exist under which the attorney-client privilege may be deemed implicitly waived. See Darius v. City Of Boston, 433 Mass. 274, 741 N.E.2d 52 (2001)(accepting as general principle that litigant may implicitly waive attorney-client privilege, at least partly, by injecting certain claims or defenses into case).

---

[4] Mr. Scoll cites FDIC v. Ogden, 202 F.3d 454 (1st Cir. 2000) and In Re Grand Jury Subpoena, 274 F.3d 563 (1st Cir. 2001), for the proposition that once he produced his privilege log, the burden automatically shifted to Ms. Steffenberg to establish that the privilege had been waived, does not apply or has been overcome. The first step in asserting that documents are not discoverable on privilege grounds is to produce a privilege log. However, merely designating something on that log as being protected by the attorney-client privilege (or the work product doctrine, or the joint defense privilege, etc.), in and of itself, does not establish that the documents are, in fact, privileged. Rather, there must be sufficient information contained in the privilege log to establish that a document is privileged, etc. If so, the burden shifts to the party seeking the document to establish that an exception to the privilege applies. In this case, Mr. Scoll has indicated on his privilege log the basis for withholding each document/communication, *i.e.*, the attorney-client privilege, the work product doctrine, etc. and provided a brief description of the contents of the document/communication. Mr. Scoll retains the burden of showing that the asserted privilege applies with respect to each document. If he does so (through the description of the document in the privilege log or otherwise), then Ms. Steffenberg has the burden to establish the existence of an exception to the privilege. As noted above, after further review of Mr. Scoll's privilege log, I am concerned that with respect to a number of the documents which he seeks to withhold, the application of the attorney-client privilege/work product doctrine is not apparent from the description he has provided.

6

However, the circumstances of this case are clearly distinguishable from those cases in which Massachusetts courts have recognized an implicit waiver. That Messrs. Gilman and the Gilman Business Entities have neither taken any steps to defend this case, nor notified Ms. Steffenberg or this Court that they are invoking the attorney-client privilege (despite having been made aware by Ms. Steffenberg's counsel that they are seeking these documents) does not, under Massachusetts law, constitute either an explicit or implicit affirmative waiver of the attorney-client privilege with respect to the requested documents.

For the reasons set forth above, I find that Mr. Scoll has established that, to the extent the attorney-client privilege shields the requested documents from disclosure, Messrs. Gilman and the Gilman Business Entities have not waived the privilege. I will now address Ms. Steffenberg's assertion that in my Prior Order, I erred by concluding that the common interest doctrine applies in this case, in my analysis of the work product doctrine and in refusing to order Mr. Scoll to produce incorporation documents of the Gilman Business Entities.

    b.   <u>Whether the Court Erred By Concluding That Mr. Scoll Had Established The Applicability Of the Common Interest Doctrine</u>.

The privilege log prepared by Mr. Scoll designates numerous documents as protected by the attorney-client privilege under a "joint defense" theory. In my Prior Order, since Plaintiff did not

directly address the issue, I upheld, without discussion, the assertion of the so-called joint defense or common interest privilege with respect to those documents so designated by Mr. Scoll. Plaintiff now argues that Mr. Scoll has not established that the common interest doctrine applies to the documents designated "JD" on the privilege log and therefore, those documents must be disclosed.

The joint defense/common interest doctrine applies when multiple clients "consult or retain an attorney on particular matters of common interest". <u>Ken's Foods, Inc. v. Ken's Steak House, Inc.</u>, 213 F.R.D. 89, 93 (D.Mass. 2002). Essentially, "the privilege prevents waiver of the attorney-client privilege through disclosures between counsel or disclosures by clients to counsel bound together in pursuit of a common *legal ,[as opposed to commercial]* enterprise". <u>American Automobile Ins. Co. v. J.P. Noonan Transp., Inc.</u>, 2000 WL 33171004 at *6 (Mass.Sup. Nov. 16, 2000)(emphasis added); <u>see</u> <u>also</u> <u>FDIC v. Ogden Corp.</u>, 202 F.3d 454, 461 (1st Cir. 2000)(common interest "entails an identical (or nearly identical) legal interest as opposed to a merely similar interest"). Thus, "parties seeking to invoke the [common interest doctrine] must establish that they agreed to engage in a joint effort and to keep the shared information confidential from outsiders". <u>Ken's Foods, Inc.</u>, 213 F.R.D. at 93. The problem in this case is that the privilege log provided by Mr. Scoll does not contain sufficient

information to establish that the common interest doctrine applies with respect to the documents/communications so designated. On the contrary, it is not even clear as to what individuals/entities the doctrine is being invoked.

Under these circumstances, I am reversing my prior ruling and ordering that all documents which are designated as "AC/JD" on the privilege log, and as to which no other privilege has been found to apply, be disclosed to Ms. Steffenberg on or before June 13, 2005, unless, on or before that date, Mr. Scoll has provided this Court and Ms. Steffenberg with additional information which would establish that such documents/communications fit within the common interest/joint defense doctrine, as defined in this decision. In order to make such a showing, Mr. Scoll must establish: "(1) the communications were made in [confidence during] the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived". Id.

    c.    <u>Whether Mr. Scoll Must Disclose Documents Designated As Protected By Ordinary Work Product Doctrine</u>[5]

Ms. Steffenberg argues that Mr. Scoll failed to establish that the documents which he claims are shielded by the work product doctrine were prepared in anticipation of litigation because he did

---

[5] Ms. Steffenberg argues that Messrs. Gilman and the Gilman Business Entities have waived their right to invoke the work product doctrine. For the same reason that I find that these Defendants have not waived their attorney-client privilege, I find that they have not waived the work product doctrine. Additionally, many courts have held that the work product doctrine can be invoked by the attorney, so long as his interests are not adverse to the clients. See <u>In re Grand Jury Subpoena</u>, 220 F.R.D. 130, 145 (D.Mass. 2004)

not provide any details (such as the names of parties) concerning the alleged litigation(s). I agree with Ms. Steffenberg and reverse my prior decision, as follows: unless on or before June 13, 2005, Mr. Scoll identifies by name the litigation(s) referred to in the privilege log with respect to those communications for which he is invoking the ordinary work product doctrine (and has not asserted that the documents are otherwise privileged), he shall disclose such documents/communications to Ms. Steffenberg. See State of Maine v. United States Dep't Of The Interior, 298 F.3d 60, 69 (1st Cir. 2002)(where government seeks to invoke work product doctrine it must, at minimum, identify litigation for which document was created); see also In re Grand Jury Subpoena, 220 F.R.D. 130, 146 (D.Mass. 2004)(suggesting that First Circuit would require identification of litigation in work product cases even outside context of request under Freedom Of Information Act).[6]

At present, I am denying Ms. Steffenberg's motion for reconsideration to the extent that she is asserting that I erred in my prior opinion by concluding that she has failed to establish undue hardship and/or substantial need. The parties may further argue this issue at the hearing to be held on June 13, 2005.

---

[6] This issue is not free from doubt and both parties are welcome to submit additional authority concerning whether Mr. Scoll must identify the litigation in question and to further argue this issue at the June 13, 2005 hearing.

d.  <u>Whether Mr. Scoll Must Disclose Documents Designated As Protected By Opinion Work Product Doctrine</u>

Ms. Steffenberg argues that the documents which Mr. Scoll has designated as opinion work product should be disclosed first, because Mr. Scoll has not designated the associated litigation, and second, because many of the documents/communications designated as opinion work product in the privilege log are not identified as having been created in anticipation of litigation.

I agree with Ms. Steffenberg and reverse my prior decision, as follows: unless on or before June 13, 2005, Mr. Scoll identifies by name the litigation(s) referred to in the privilege log with respect to those communications for which he is invoking the opinion work product doctrine (and has not asserted that the documents are otherwise privileged), he shall disclose such documents/communications to Ms. Steffenberg.  Furthermore, I agree with Ms. Steffenberg that Mr. Scoll has invoked the opinion work product doctrine with respect to documents/communications for which it is not evident from the description contained in the privilege log that they were prepared in anticipation of litigation.  Rather than attempt to list those documents in this Order, I will address them when we review the privilege log at the June 13, 2005 hearing.

e.  <u>Whether The Incorporation And Other Corporate Documents Of The Gilman Business Entities Must Be Disclosed</u>.

Ms. Steffenberg asserts that this Court erred in its Prior Order when it denied her request that Mr. Scoll be ordered to produce the incorporation materials of the Gilman Business Entities. Mr. Scoll has not specifically addressed this issue in his response to Ms. Steffenberg's motion for reconsideration.

I am reserving ruling on this issue and will give the parties an opportunity to argue their respective positions at the June 13, 2005 hearing. However, I will note that it is difficult to comprehend how documents which were filed with a government agency, or even documents that were prepared for filing and should have been filed with a government agency, are subject to any privilege.

2. <u>Motion To Compel Production of Documents</u>

Mr. Scoll requests that this Court order Ms. Steffenberg to produce those documents which are responsive to Requests No. 2-9, 11-19, and 24 of Defendant David M. Scoll's First Request For Production Of Documents To The Plaintiff, which have been withheld on the grounds that such materials are protected by the attorney-client privilege and/or the work product doctrine. In support of his motion, Mr. Scoll argues that although Ms. Steffenberg withheld such documents on the basis of the attorney-client privilege/work product doctrine, she has failed to produce a privilege log and therefore, any such privilege has been waived.

After Mr. Scoll filed his motion to compel, counsel for Ms. Steffenberg informed him orally and in writing that "Ms. Steffenberg is not withholding any documents pursuant to either the attorney-client privilege or work product doctrine". <u>Opp. Of Pl. Elizabeth R. Steffenberg To Def. David M. Scoll's Mot. To Compel The Production Of Documents</u> (Docket No. 55), <u>Ex. A</u>. Therefore, this motion is denied as moot.

3. <u>Mr. Scoll's Motion to Compel Answers to Interrogatories</u>

Mr. Scoll requests that this Court order Ms. Steffenberg to supplement her response to Interrogatory Nos. 23 and 26 of his First Set of Interrogatories. In support of his request, Mr. Scoll argues that Ms. Steffenberg's initial responses are "evasive and deficient". <u>Mem. Of Law In Sup. Of Mot. Of The Def., David Scoll, To Compel The Pl. To Answer Scoll's First Set Of Interrogatories</u> (Docket No. 53)("<u>Scoll Inter. Mem.</u>"), at p. 1. Ms. Steffenberg argues that she has fully and completely answered these interrogatories and therefore, Mr. Scoll's motion should be denied.

a. <u>Request No. 23</u>

Mr. Scoll requests that Ms. Steffenberg "[i]temize and describe all damages [she is] seeking in this action against [him]". <u>Scoll Inter. Mem.</u>, <u>Ex. A.</u>, at p. 6. In her initial response, Ms. Steffenberg objected to this interrogatory on the grounds that it is overbroad, burdensome and seeks information subject to the attorney-client privilege. <u>Id.</u>, <u>Ex B.</u>, at p. 25. Clearly, this

13

answer was deficient, if not evasive. However, after Mr. Scoll filed his motion to compel, Ms. Steffenberg provided a supplementary response to Interrogatory No. 23 in which she details the damages for which she seeks to hold him liable. See Opp. of Pl. Elizabeth R. Steffenberg To The Mot. Of The Def., David M. Scoll, To Compel The Pl. To Ans. Scoll's First Set Of Interrogatories (Docket No. 56), Ex. A, at p. 2.  I find Ms. Steffenberg's supplementary response to be adequate and therefore, Mr. Scoll's motion to compel is denied as moot with respect to Interrogatory No. 23.

b. Interrogatory No. 26.

Mr. Scoll requests that Ms. Steffenberg describe "[t]o the extent not already stated in [her] previous Answers, what should [he] have done or not done which would have prevented [her] alleged damage". Scoll Inter. Mem., Ex. A., at p. 7.  In her initial response, Ms. Steffenberg objected to this interrogatory on the grounds that it seeks information provided by the attorney-client privilege and/or work product doctrine, and calls for legal conclusions, and because it exceeds the number of interrogatories permissible under Fed.R.Civ.P. 33(a).  Thereafter, Ms. Steffenberg supplemented her response by referring Mr. Scoll to her answers in Interrogatory Nos. 2,4,6,8,9 and 16.

I find that Ms. Steffenberg has adequately answered this open-ended question.  Furthermore, I find somewhat disingenuous Mr. Scoll's assertion that a more complete answer to this interrogatory

14

is crucial to his defense.  The legal issues involved in this case are fairly straight forward and Ms. Steffenberg has made clear what role she alleges Mr. Scoll to have played in the alleged fraudulent scheme such that Mr. Scoll can prepare his defense.  The motion to compel is <u>denied</u>.

<u>Conclusion</u>

1.   Motion For Reconsideration of Plaintiff, Elizabeth R. Steffenberg, Of The Order Denying Her Motion To Compel Responses Of David M. Scoll To Plaintiff's First Request For Production Of Documents (Docket No. 34) is <u>allowed</u> in part and <u>denied</u> in part, as provided in this Order.  I have reserved ruling on specified issues raised by the parties relating to Ms. Steffenberg's motion for reconsideration.  A further hearing on these issues will be held on Monday, June 13, 2005, at 2:30 p.m., in Courtroom 1, United States District Court, Worcester, Massachusetts.

2.   Motion Of The Defendant, David Scoll, To Compel The Production Of Documents Responsive To David Scoll's First Request For Production Of Documents (Docket No. 50) is <u>denied</u>.

3.   Motion Of The Defendant, David Scoll, To Compel The Plaintiff To Answer Scoll's First Set Of Interrogatories (Docket No. 52) is <u>denied</u>.

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE