UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG, <br><br> Plaintiff, <br><br> v. <br><br> T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC, <br><br> Defendants. | CIVIL ACTION NO. 04-40113-FDS |

## DAVID M. SCOLL'S OBJECTIONS TO
## MAGISTRATE ORDER DATED MAY 25, 2005

NOW comes the Defendant, David M. Scoll (hereinafter "Scoll"), and pursuant to Rule 2 of the Rules for the United States Magistrate Judges in the United States District Court for the District of Massachusetts (hereinafter "Magistrate Rules"), Rule 72(a) of the Federal Rules of Civil Procedure, and Section 636(b)(1) of Title 28 of the United States Code, hereby submits his written objections to Chief Magistrate Judge Swartwood's Order dated May 25, 2005. See Order dated May 25, 2005.

### REQUEST FOR ORAL ARGUMENT

Scoll requests the opportunity to be heard at oral argument prior to the Court's decision on his Objection to the Magistrate Order dated May 25, 2005. This Court lacks subject matter jurisdiction to reconsider the original Magistrate Order dated December 28, 2004, and therefore, the May 25, 2005 Order reversing the prior December Order is void.

## I.    BACKGROUND

Previously, the Plaintiff moved to compel Scoll to produce all of his attorney matter files pertaining to the Gilman Defendants.[1] See Mot. to Compel Responses of Deft. David M. Scoll to Pl.'s First Req. For Prod. of Docs. dated Aug. 27, 2004 (hereinafter "Plaintiff's Motion to Compel"). After extensive briefing by the Plaintiff and Scoll the Court referred the matter to Magistrate Swartwood for decision.  Magistrate Swartwood heard the parties during oral argument and thereafter on December 28, 2004 entered his decision and order denying the Plaintiff's Motion. See Order dated Dec. 28, 2004.

Over one month later, the Plaintiff filed and served a motion for reconsideration of Magistrate Swartwood's decision without having introduced any new evidence or changed circumstances. See Mot. for Reconsideration of Pl. Elizabeth R. Steffenberg of the Order Denying Her Mot. to Compel Responses of David M. Scoll to Pl.'s First Req. for Prod. of Docs. dated February 2, 2005 (hereinafter "Plaintiff's Motion for Reconsideration"). The Plaintiff's Motion merely requests reconsideration based upon Magistrate Judge Swartwood's allegedly erroneous interpretation of law and sets forth bases for reconsideration which were never addressed by her in support of her initial Motion to Compel.

On April 8, 2005, the Court referred the Plaintiff's motion for reconsideration to Magistrate Swartwood for decision. On May 25, 2005, Magistrate Swartwood issued a decision granting in part and denying in part the Plaintiff's Motion for Reconsideration. See Order dated May 25, 2005. Although Magistrate Swartwood indicates that his ruling of May 25, 2005 is not yet final, see Order dated May 25, 2005, p. 15 (reserving ruling on issues raised by Plaintiff's

---

[1] The Gilman Defendants refer to the following Defendants: T. Gene Gilman, Steven Gilman, The Gilman Insurance Agency, Inc., Arbor Securities, Ltd., Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., TradeTek, Ltd., and TradeTek, LLC.

Motion for Reconsideration until hearing set for June 13, 2005), he also orders Scoll to produce numerous documents designated as privileged and confidential in a detailed privilege log to the Plaintiff by June 13, 2005 unless Attorney Scoll provides additional information concerning withheld documents at a hearing on said date demonstrating the withheld documents are in fact privileged and that the privilege has not been waived, see id., p. 9 (ordering Scoll to produce all documents designated as privileged under attorney client privilege and joint defense privilege by June 13, 2005 unless sufficient additional supporting information is provided by said date).

The following constitutes Scoll's Objections to Magistrate Swartwood's Order dated May 25, 2005.

## II.     ARGUMENT

### A.     The Plaintiff waived any right to challenge the previous order denying her Motion to Compel.

#### 1. The Plaintiff waited over one month to file her "motion for reconsideration" of the Magistrate's original order denying her Motion to Compel.

In this case, the Plaintiff received Magistrate Swartwood's original order denying the Plaintiff access to Scoll's attorney matter files on December 28, 2004, see Order dated Dec. 28, 2004; docket report (showing electronic notices sent/received by Plaintiff's counsel), but did not file any written objection to that order until February 2, 2005, over one month later. See Pl.'s Mot. for Reconsideration. Because the Plaintiff did not file her Motion for Reconsideration within ten (10) days of the Order she challenged, she permanently waived any ability to seek a review of it in the district court.

**B.      The Plaintiff's delay in filing constitutes a waiver of her right to assign any error to the Magistrate's Order dated December 28, 2004.**

It is well established that a party aggrieved has ten (10) days to file written objections to a magistrate's order. See Fed.R.Civ.P. 72(a); 28 U.S.C. 636(b)(1). If a party fails to file written objection within that time period, "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed.R.Civ.P. 72(a).  When the issue referred to a magistrate judge for decision is a pretrial matter, the district court may reconsider the magistrate's decision upon timely objection "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Park Motor Mart, Inc. v Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980)(quoting 28 U.S.C. § 636(b)(1)(A)). In this case, the Plaintiff failed to make timely written objection to the Magistrate's December Order. She has styled what should be her objections as a "Motion for Reconsideration." In doing so, she cannot circumvent the limitation period for challenging the Magistrate's original December Order.

The 10 day time limitation for objections to magistrate decisions contained in Section 636(b)(1)(A) of Title 28 of the United States Code and Rule 72(a) of the Federal Rules of Civil Procedure constitutes the exclusive means for challenging a magistrate judge's order on a non-dispositive motion. See Simpson v Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996)(failure to object to magistrate's decision within 10 days of receipt bars party from seeking appellate review thereafter)(citing United States v Akinola, 985 F.2d 1105, 1108 (1st Cir. 1993); Pagano v Frank, 983 F.2d 343, 346 (1st Cir. 1993)).  The ten-day time limitation for objecting serves the purpose of the Federal Magistrates Act in conserving scarce judicial resources. See Park Motor Mart, 616 F.2d at 605 (purpose of the Act is to relieve courts of unnecessary work); Niehaus v Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986). Moreover, it is not a burdensome requirement to impose on parties that seek to ultimately challenge an order issued

by a magistrate judge. See Park Motor Mart, 616 F.2d at 605 (party must file objection within 10 days if he wishes further consideration).

In the First Circuit, magistrate orders on non-dispositive or discovery motions are "self-operating." See United States v Ecker, 923 F.2d 7, 8-9 (1st Cir. 1991). This means they are adopted by the district court and validated when made by the magistrate judge. See id. at 9. As a result, the 10-day limitation for review commences on the date when the aggrieved party receives the magistrate's decision on the pretrial matter. See Sunview Condominium Assoc. v Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997). "A party displeased by a magistrate's order on a nondispositive motion must serve and file objections to the order within ten days." Pagano, 983 F.2d at 346. If a party aggrieved by the magistrate's decision does not object within the ten days, he may not thereafter assign as error a defect in the magistrate's order. See id. (citing Fed.R.Civ.P. 72(a), Mag. Rule 2(b)).

At the trial level, the ten-day limitation period for objecting to a magistrate's order cannot be circumvented by filing a "motion for reconsideration" outside that ten-day time period for objection. In Rubin v Smith, 919 F.Supp. 534 (D.N.H. 1996), the district court denied an aggrieved party's motion for reconsideration of a magistrate's order on a non-dispositive matter, because that motion was filed outside the ten-day limitation period. See id. at 537. Because the magistrate's order was "self-operating" when made, and because the party did not file her motion within ten days of it, the district court held that she waived any challenge to it and denied the motion for reconsideration. See id.

In fact, a party aggrieved by a magistrate order on a non-dispositive motion may not circumvent the ten-day limitation period by filing a "motion for reconsideration" with the district court beyond the ten days. See Bennett v Employers Reinsur. Corp., 2000 U.S.Dist.LEXIS 6971,

at * 4 (N.D.Tex. May 18, 2000)("[An aggrieved party] cannot circumvent the applicable deadline by asserting objections under the rubric of a motion for reconsideration."). The ten-day period "is well-recognized among the Bench and Bar as the controlling deadline for filing objections in magistrate judge matters." See id. Without such a limitations period for objecting to magistrate decisions, "there would effectively be no time limit on filing objections, and a magistrate judge order would be subject to challenge for an indeterminate period." Id. Thus, even at the trial court level, the failure to file timely objections to a magistrate order on a non-dispositive motion constitutes a waiver of the right to review by the district court. See Rhode Island Hospital Trust Nat'l Bank v Dube, 136 F.R.D. 37, 41 (D.R.I. 1990)(citing Park Motor Mart, Inc., 616 F.2d 603 (1st Cir. 1980) and United States v Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)); see also Vizvary v Vignati, 134 F.R.D. 28, 31 (D.R.I. 1990)(failure to file timely objection constitutes waiver).

### C.     This Court lacked jurisdiction to refer the Plaintiff's "Motion for Reconsideration" to the Magistrate Judge for decision.

The district court lacked jurisdiction over the Plaintiff's Motion for Reconsideration and erred in referring it to the Magistrate Judge for decision.   Rule 2 of the Magistrate Rules is applicable to the facts of this case.

According to Rule 2(b) of the Magistrate Rules,

> A party may not assign as error any aspect of the magistrate judge's order made . . . , unless a timely objection is made. A party must serve and file any objections to the magistrate judge's order within 10 days of being served with a copy of that order . . . .

Mag.R. 2(b).  This local rule as well as caselaw demonstrate that the district court lacked jurisdiction to refer the Plaintiff's Motion to the Magistrate Judge. See Unauthorized Practice of

Law Committee v Gordon, 979 F.2d 11, 12-13 (1st Cir. 1992)(district court lacks jurisdiction to review magistrate order if aggrieved party fails to file objections within 10 days).

> **D. Even if this Court had jurisdiction to entertain the Plaintiff's "Motion for Reconsideration" of the Magistrate Order denying her Motion to Compel, the Order dated May 25, 2005 is clearly erroneous and contrary to law because it fails to consider the rule of confidentiality applicable to lawyers.**
>
>> **1. Attorney Scoll objected to production of his attorney matter files for the Gilman Defendants based upon the rule of confidentiality applicable to client information as well as based upon the documents' privileged nature.**

Attorney Scoll originally objected to the Plaintiff's request for production and opposed her Motion to Compel his attorney matter files for the Gilman Defendants based, not just upon various privileges, including the attorney-client privilege, the joint defense privilege, and the work product doctrine, but also upon the Massachusetts Rules of Professional Conduct. See Deft. David M. Scoll's Resp. to Pl.'s First Req. for the Prod. of Docs. dated June 24, 2004 (attached as Exhibit B to Mem. in Supp. of Pl.'s Mot. to Compel Resp. to Pl.'s First Req. for Prod. of Docs. to Deft. David M. Scoll dated Aug. 27, 2004); David M. Scoll's Opp. to Pl.'s Mot. to Compel Resp. of Deft. David M. Scoll to Pl.'s First Req. for Prod. of Docs. dated Sept. 27, 2004. Specifically, he asserted the documents must be withheld, because they contain information considered confidential under pertinent ethical rules applicable to him as an attorney. See id.; Mass.R.Prof.Conduct, R. 3:07, R. 1.6.

>> **2. Because the Magistrate Order dated May 25, 2005 failed to consider the rule of confidentiality applicable to lawyers, it is clearly erroneous and otherwise contrary to law.**

The first order issued by the magistrate judge on December 28, 2004 denied the Plaintiff's Motion to Compel based upon the privilege log furnished by Attorney Scoll and the court's determination that Attorney Scoll had satisfactorily supplied information indicating the

privileged nature of the documents at issue. See Order dated Dec. 28, 2004. The Plaintiff's untimely motion for reconsideration is based exclusively on her contention that the documents listed in Attorney Scoll's privilege logs are in fact not protected by applicable privileges and that the magistrate judge made errors of law in his ruling in that regard. See Mot. for Reconsid. of Pl. Elizabeth R. Steffenberg of the Order Denying Her Mot. to Compel Resp. of David M. Scoll to Pl.'s First Req. for Prod. of Docs. dated Feb. 2, 2005; Mem. in Supp. of the Mot. for Reconsid. of Pl. Elizabeth R. Steffenberg of the Order Denying Her Mot. to Compel Resp. of David M. Scoll to Pl.'s First Req. for Prod. of Docs. dated Feb. 2, 2005.

Both the Plaintiff's Motion for Reconsideration and the Magistrate Order dated May 25, 2005 reversing its prior decision are based exclusively on consideration of the documents as privileged. They do not consider the other basis for Attorney Scoll's objection to production founded upon Rule 1.6 of the Massachusetts Rules of Professional Conduct. See Mass.R.Prof.Conduct, R. 3:07, R. 1.6(a)(lawyer shall not reveal client confidences). The privilege log sufficiently demonstrates that the attorney matter files in question are confidential under the confidentiality rule. Because the rule of confidentiality protecting client confidences is an additional basis to withhold documents cited by Attorney Scoll, see Fed.R.Civ.P. 26(b)(5)(party may claim documents are privileged or *otherwise protected*), and because the Magistrate Order dated May 25, 2005 failed to address this additional basis, that Order must be vacated as contrary to law and clearly erroneous.

>    **E.**    **If this Court refuses to vacate the Magistrate Order dated May 25, 2005, Attorney Scoll requests the opportunity to submit information concerning the privileged and confidential nature of the documents at issue under seal.**

In the event the Magistrate Order dated May 25, 2005 is affirmed by the district court, Attorney Scoll requests permission to submit any further information demonstrating the

privileged and confidential nature of the documents at issue under seal for the district court's review prior to a production. Said additional information will provide sufficient justification for the continued withholding of the documents at issue. Attorney Scoll makes this request to shield this information to be disclosed in order to prevent the dissemination of information, which itself is privileged and confidential, to the other parties to this action. See, e.g., Fed.R.Civ.P. 26(b)(5)(when party claims privilege, party shall describe the nature of the documents not produced in a manner that "without revealing information itself privileged or protected" will enable the parties to assess the applicability of the privilege or protection); In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001)(privilege logs do not need to be precise to the point of pedantry).

### III.    CONCLUSION

For all the foregoing reasons, the Court should vacate the Magistrate Order dated May 25, 2005 and affirm the Magistrate Order dated December 28, 2004. In the alternative only, Attorney Scoll moves for disclosure of additional information concerning the documents' privileged and confidential nature under seal for an in camera inspection.

Respectfully submitted,
DAVID M. SCOLL
By his Attorneys,

*/s/ Sara Discepolo*
George C. Rockas, BBO # 544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA  02110
(617) 422-5300

Dated: June 3, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>Defendants. | CIVIL ACTION NO. 04-40113-FDS |

## CERTIFICATE OF SERVICE

I, Sara Discepolo, hereby certify that on June 3, 2005, I electronically filed the foregoing *David M. Scoll's Objection to Magistrate Order Dated May 25, 2005* and caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Rhonda Rittenberg, Esq.
Prince, Lobel, Glovsy & Tye LLP
585 Commercial Street
Boston, MA 02109

*/s/ Sara Discepolo*
Sara Discepolo

- 10 -

38983.1