UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| FIRST ALLIED SECURITIES, INC., | ) | |
| PENSON FINANCIAL SERVICES, INC., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT DAVID M. SCOLL'S OBJECTIONS TO THE MAGISTRATE ORDER DATED MAY 25, 2005

Pursuant to Local Rule 7.1(B)(2) and Local Rule 7.1(D), Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") hereby opposes Defendant David M. Scoll's Objections to the Magistrate Order Dated May 25, 2005 ("Scoll's Objections"). The Magistrate Judge's May 25, 2005 Order was issued as a result of Ms. Steffenberg's Motion for the Magistrate Judge to reconsider his prior order, and was issued after Ms. Steffenberg and Defendant David M. Scoll ("Scoll") fully briefed the substantive issues. Scoll never raised any procedural grounds in his

Opposition, including that it was untimely. Having failed to raise any procedural objections in his Opposition to Ms. Steffenberg's Motion for Reconsideration <u>and</u> after the Magistrate considered and issued his May 25, 2005 Order, Scoll <u>now</u> contends for the first time that Ms. Steffenberg's Motion was untimely filed and that therefore, the May 25, 2005 Order is somehow invalid. This argument fails for several reasons. First, Ms. Steffenberg's Motion for Reconsideration is not an appeal filed pursuant to Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A) but, rather, a motion for the <u>Magistrate Judge</u> to reconsider his opinion dated December 24, 2004 (the "December 24, 2004 Order) and the Motion is therefore not subject to the filing requirements of Rule 72(a). Furthermore, Scoll failed to object on timeliness or other procedural grounds when Mrs. Steffenberg filed her Motion for Reconsideration and the Magistrate has already considered Ms. Steffenberg's Motion; thus, to the extent there are any procedural flaws in the Motion, which Ms. Steffenberg disputes, they are moot. Finally, even if Ms. Steffenberg's Motion for Reconsideration is subject to the filing requirements of Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A), which Ms. Steffenberg again disputes, Ms. Steffenberg's delayed filing is both justifiable and excusable. The May 25, 2005 Order must be affirmed by this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Steffenberg filed this action against her former investment advisor, T. Gene Gilman ("Gilman"), his son, Steven Gilman, and numerous corporate entities owned and/or operated by Gilman (hereinafter collectively referred to as the "Corporate Defendants") to recover approximately $1 million in funds she and her now-deceased husband, Arthur J. Steffenberg, invested with Gilman and the Corporate Defendants. Ms. Steffenberg also sued Scoll, the Steffenbergs' attorney for approximately twelve years, based on his simultaneous representation

of the Steffenbergs, Gilman and the Corporate Defendants from July, 1992 to November, 2003 --
during the same period that Gilman and the Corporate Defendants were handling the
Steffenbergs' investments and Scoll was a Director of at least two of the Corporate Defendants.
Based upon his involvement with Gilman and the Corporate Defendants, Ms. Steffenberg
alleges, Scoll knew or should have known that Gilman and the Corporate Defendants were
defrauding the Steffenbergs of their investments.

<u>Ms. Steffenberg's Procedural Efforts to Obtain Documents In Scoll's Possession Pertaining to
Gilman and the Corporate Defendants</u>

In May 2004, Ms. Steffenberg submitted her First Request for Production of Documents
to Scoll requesting that he produce documents in his possession which, generally, relate to
Gilman and the Corporate Defendants (the "Gilman File"). Scoll refused to produce the Gilman
File asserting the attorney/client and joint defense privileges, and the work product and opinion
work product doctrines. Scoll subsequently filed a privilege log (the "Privilege Log") over sixty
(60) pages in length.

On August 27, 2004, Ms. Steffenberg filed her Motion to Compel requesting that the
Court order Scoll to produce the documents itemized in his Privilege Log. On October 7, 2004,
this Court (Saylor, J.) referred Mrs. Steffenberg's Motion to Compel to Magistrate Judge
Swartwood. Magistrate Judge Swartwood thereafter heard oral argument on Ms. Steffenberg's
Motion and, on December 28, 2004, denied the Motion in its entirety (the "December 28, 2004
Order"). Shortly thereafter, on January 11, 2005, this Court (Saylor, J.) held a Status Conference
in this matter at which counsel for Ms. Steffenberg, Scoll and Defendant Aviva Life Insurance
Company were present. During the hearing, this Court (Saylor, J.) asked counsel for Ms.
Steffenberg whether she intended to contest Magistrate Judge Swartwood's December 28, 2004

Order, to which she replied affirmatively.  Counsel for Scoll made no objection or comment on Ms. Steffenberg's assertion at that time.

Approximately three (3) weeks later, on or about February 2, 2005, Ms. Steffenberg filed her Motion for Reconsideration in which she contended that December 28, 2004 Order contained numerous errors of law with respect to its interpretation and application of the attorney-client privileges and work product doctrines.  On February 23, 2005, Scoll filed his Opposition to Ms. Steffenberg's Motion for Reconsideration and set forth no objection to the date on which Ms. Steffenberg had filed her Motion.  On May 25, 2005, Magistrate Judge Swartwood issued an opinion on Ms. Steffenberg's Motion upholding the applicability of the attorney-client privilege to certain documents in the Privilege Log, but reversing his remaining rulings on the applicability of the joint defense privilege and work product and opinion work product doctrines to other documents in the Privilege Log.  Having been unsuccessful on the merits, Scoll now tries to undo the decision he asked the Court to make by claiming that the Magistrate Judge should not have considered Ms. Steffenberg's Motion in the first place.  It is simply too late to raise that claim now.

I.    THE MOTION FOR RECONSIDERATION IS NOT AN APPEAL    FILED PURSUANT TO FED. R. CIV. P. 72(a).

As an initial matter, the Motion for Reconsideration was not filed pursuant to Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A) and is therefore not subject to that Rule's filing requirements.  Simply put, the Motion for Reconsideration is not an appeal to this Court of the Magistrate's December 28, 2004 Order.  Rather, it is, as it plainly states, a motion for the

Magistrate Judge to <u>reconsider</u> his Order based on its application of the law.[1]  For this reason, the Motion does not cite Fed. R. Civ. P. 72(a) or 42 U.S.C. § 636(b)(1).[2]  As such, Scoll's Objections are groundless and the May 25, 2005 Order should be affirmed.

## II.    SCOLL WAIVED ALL PROCEDURAL OBJECTIONS TO THE MOTION FOR RECONSIDERATION.

Ms. Steffenberg filed her Motion for Reconsideration on February 2, 2005.  Scoll filed his Opposition to the Motion three weeks later, on February 23, 2005, a true and accurate copy of which is attached hereto as <u>Exhibit A</u>.  In his Opposition, Scoll made <u>no</u> procedural objections to Ms. Steffenberg's Motion whatsoever, including whether it was filed pursuant to Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A) and whether the Motion was timely.  <u>See</u> <u>Exhibit A</u>.  Scoll has therefore waived the right to object to the timeliness of the Motion for Reconsideration. Furthermore, the Magistrate Judge (Swartwood, J.) already considered Ms. Steffenberg's Motion for Reconsideration; thus, as a practical matter, any timeliness objections to that Motion are plainly moot.  In sum, Scoll's failure to object to the procedural genesis of Ms. Steffenberg's Motion for Reconsideration, together with the Magistrate Judge's subsequent consideration of the Motion make Scoll's procedural objections obsolete and entirely irrelevant.  For these reasons alone, the May 25, 2005 Order is properly affirmed.

---

[1]    Even assuming Ms. Steffenberg completely failed to object to the December 28, 2004 Order, which she did not, the First Circuit Court of Appeals has stated that her proper procedural remedy is to file a motion for reconsideration disclosing the grounds for her failure to object.  <u>See</u> <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 606 (1st Cir. 1980).

[2]    The cases cites by Scoll in his objections are inapposite. First, in <u>Rubin v. Smith</u>, 919 F. Supp. 534 (D.N.H. 1996), the issue presented was not whether a motion for reconsideration would substitute for untimely filed objections pursuant to Fed. R. Civ. P. 72(a), as Scoll suggests, but rather whether the magistrate was required to inform the parties of the requirements of Rule 72(a) in his original order.  <u>See</u> <u>Rubin</u>, 919 F. Supp. at 537. <u>Bennett v. Employers Reinsurance Co.</u>, 2000 U.S. Dist. LEXIS 6971 (N.D. Texas 2000) is also factually dissimilar and therefore equally inapplicable. In that case, the district court denied a motion for reconsideration of a magistrate's denial of a party's motion to vacate a voluntary dismissal, but in the <u>Bennett</u> case, unlike here, that motion for reconsideration was ruled upon by the district court and never reconsidered by the magistrate. <u>See</u> 2000 U.S. Dist. LEXIS 6971 2-3; <u>see</u> <u>infra</u>, Section II.

III.   EVEN ASSUMING MS. STEFFENBERG'S MOTION FOR RECONSIDERATION IS CONSIDERED SUBJECT TO FED. R. CIV. P. 72(a), THE DISTRICT COURT RETAINS JURISDICTION OVER THE MOTION AND, IN THE INTEREST OF JUSTICE, THIS COURT SHOULD EXCUSE THE THREE-WEEK DELAY IN FILING.

Ms. Steffenberg disputes that her Motion for Reconsideration is subject to the filing requirements of Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A). However, even if the Motion is reviewed under that Rule, Ms. Steffenberg's filing of her Motion on February 2, 2005 does not waive her right to object to Magistrate Judge Swartwood's December 28, 2004 Order where the delayed filing was excusable. Both this Court and counsel for Scoll knew within the ten (10) day period that Ms. Steffenberg would be contesting the December 28, 2004 Order, Scoll never objected to the delayed filing, and Scoll has not been prejudiced in any way by the delayed filing.

Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) [3], as interpreted by the United States Supreme Court and the United States Court of Appeals for the First Circuit, provide that a party who fails to object to a magistrate's order within ten (10) days of the date of the order is deemed to have waived his right to object to the order (the "waiver rule"). See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Park Motor Mart, 616 F.2d at 604. The primary rationale for the waiver rule is to preserve judicial resources because, " . . . by precluding appellate review of any issue not contained in objections, [the rule] prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing [to the district court]," thereby forcing the court of appeals to

---

[3]    28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) provide the mechanism for a magistrate judge to hear pretrial, nondispositive matters, are self-executing, and are reversible by the district court only if clearly erroneous or contrary to law. See id.  28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), on the other hand, outline the mechanism for magistrate judges to hear and provide recommendations to the district court judge on dispositive motions and prisoner petitions and require the district court judge to review the magistrate judge's recommendations de novo and to accept, reject, or modify the recommended decision, among other things. See id.  Both avenues of district court review of magistrate decisions contain a ten (10) day objection deadline. See id.

consider claims that were never reviewed by the district court. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. at 147-148.

In <u>Thomas v. Arn</u>, the Supreme Court also ruled that the waiver rule is nonjurisdictional, meaning that this Court maintains jurisdiction to excuse Ms. Steffenberg's delayed filing "in the interests of justice." 474 U.S. at 155; <u>Hunger v. Leininger</u>, 15 F.3d 664, 668 (7th Cir. 1994). Specifically, the Supreme Court stated in <u>Thomas v. Arn</u>:

> [t]he rule merely establishes a procedural default that has no effect on the magistrate's or the court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case the magistrate, to review the magistrate's report, and to enter judgment.

As a result, the Supreme Court decided, a party's failure to file objections is excusable where justice so necessitates. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 154-155.

Federal courts have interpreted Federal Rule 72(a) and 42 U.S.C. § 636(b)(1) in accord with <u>Thomas v. Arn</u> and excused parties from their failure to timely file objections. For example, in <u>Hunger v. Leininger</u>, the United States Court of Appeals for the Seventh Circuit found that the plaintiffs' three week delay in submitting their objections to the Magistrate's recommendations did not preclude them from appealing those recommendations to the Court of Appeals where the deadline was not jurisdictional and the plaintiffs' filing was not "egregiously late" and caused no prejudice to the defendants. <u>See</u> <u>Hunger</u>, 15 F.3d at 668. In making that determination, the Seventh Circuit Court of Appeals distinguished its prior cases which strictly enforced the waiver rule on the simple ground that, in those prior cases the appealing party had failed altogether to file objections, while the <u>Hunger</u> plaintiffs simply filed their objections a matter of weeks late. <u>See</u> <u>id.</u> <u>See</u> <u>also</u> <u>United States v. Brown</u>, 79 F.3d 1499, 1505 (7th Cir. 1996) (Seventh Circuit Court of Appeals determined that strict application of waiver rule based on defense counsel's failure to object to magistrate judge's denial of motion for substitute

counsel was inequitable because attorney that was subject of motion was same attorney who had failed to file the objection.)    The Third Circuit Court of Appeals similarly adopted an "exceptional circumstances" exception to the waiver rule in <u>Continental Casualty Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 250-251 (3rd Cir. 1994).  Thus, in the Third Circuit, the waiver rule will not apply in three situations as follows:  Where (1) the public interest requires review of the unraised issue; (2) manifest injustice would result from the failure to consider the new issue; or (3) when the alleged error was fundamental and resulted in a highly prejudicial error.  <u>See</u> 150 F.3d at 250-251 (Court of Appeals found that no exceptional circumstances existed to warrant appellate review of failure to object to magistrate judge's orders where appellant's counsel provided no explanation of the omission.)  Clearly, in the circumstances presented here, this Court maintained its jurisdiction to consider Ms. Steffenberg's Motion for Reconsideration despite the fact that it was filed beyond the ten (10) days prescribed by Fed. R. Civ. P. 72(a) and 42 U.S.C. § 636(b)(1)(A), and should excuse the delayed filing of that Motion.

A.    <u>This Court Retains Jurisdiction Over Ms. Steffenberg's Motion for Reconsideration And To the Extent This Court Considers Its Filing Delayed, Is Excusable.</u>

1.    <u>Ms. Steffenberg Filed Detailed Objections To The December 28, 2004 Order.</u>

Here, Ms. Steffenberg's delayed filing of her Motion for Reconsideration is justifiable and excusable.  As an initial matter, unlike the First Circuit Court of Appeals cases cited by Scoll in his Objections where the appellant filed no objections whatsoever, Ms. Steffenberg did, in fact, file her thorough written objections to the December 28, 2004 Order on February 2, 2005. <u>See c.f.</u> <u>Park Motor Mart</u>; 616 F.2d at 604; <u>U.S. v. Akinola</u>, 985 F.2d 1105, 1108 (1st Cir. 1993); <u>Pagano v. Frank</u>, 983 F.2d 343, 346 (1st Cir. 1983); <u>U.S. v. Ecker</u>, 923 F.2d 7, 8 (1st Cir. 1991); <u>Sunview Condominium Ass. v. Flexel Int.</u>, 116 F.3d 962, 964 (1st Cir. 1997).  This case is

virtually identical to the situation presented in Hunger v. Leininger, 15 F.3d at 668, in which the Seventh Circuit Court of Appeals permitted the appellants to object to the magistrate's order where they filed their objections late because the district court retained jurisdiction to consider the untimely objections and because the appellants did, in fact, file objections. See 15 F.3d at 668. Indeed, this clearly is not a case where the district court has not had the opportunity to consider the issues raised by Ms. Steffenberg in the Motion for Reconsideration, and therefore does not defeat the purpose of the waiver rule. See Thomas v. Arn, 474 U.S. at 147-148. As such, this Court maintained jurisdiction over Ms. Steffenberg's Motion for Reconsideration and her delayed filing is not fatal to her Motion.

    2.    Ms. Steffenberg's Motion for Reconsideration Was Not Filed "Egregiously" Late.

Furthermore, coming one month after the December 28, 2004 Order and after she had notified both this Court and opposing counsel at the January 11, 2005 Status Conference that she intended to contest that Order, Ms. Steffenberg's Motion for Reconsideration can hardly be termed "egregiously" late. See Hunger v. Leininger, 15 F.3d at 668. This is particularly so where, in her Motion for Reconsideration, Ms. Steffenberg did not simply reiterate the law set forth in her original Motion to Compel, but, rather, devoted a substantial portion of her analysis to a detailed review of Scoll's sixty-page Privilege Log and provided numerous document-by-document examples of Scoll's misapplication of the joint defense privilege and work product opinion and opinion work product doctrines to the documents at issue. See Ms. Steffenberg's Memorandum in Support of Her Motion for Reconsideration, pp. 6-7, 10, 12, 15-16, 18.

    3.    Scoll Was Not Prejudiced By The Delayed Filing of Ms. Steffenberg's Motion for Reconsideration.

In addition, Scoll has not, and cannot argue that he was prejudiced by Ms. Steffenberg's delayed filing of her Motion for Reconsideration. See Hunger v. Leininger, 15 F.3d at 668.

First, Scoll has waived any such prejudice argument because he never objected to the date on which Ms. Steffenberg filed her Motion for Reconsideration, either in his Opposition to the Motion or at the January 11, 2005 Status Conference, which, pursuant to Fed. R. Civ. P. 6(a), was the expiration date of the ten (10) day filing period. See Scoll Opposition to Motion for Reconsideration; Fed. R. Civ. P. 6(a); Plante v. Fleet Nat'l Bank, 978 F.Supp. 59, 65 (D.R.I. 1997). Furthermore, Scoll was not prejudiced by the delayed filing because the discovery period remained open until May 13, 2005 and, by way of a recent joint motion to extend the scheduling order, was extended through mid-August 2005. Therefore, a three-week delay in the filing of Ms. Steffenberg's Motion for Reconsideration had absolutely no impact on Scoll's ability to conduct discovery in this matter. In fact, only Ms. Steffenberg's ability to prosecute her case against Scoll has been prejudiced, if at all, by the delayed filing of her Motion for Reconsideration because the December 28, 2004 Order denied Ms. Steffenberg's Motion to Compel in toto and Scoll therefore has not had to produce any documents which he has claimed are privileged and or otherwise protected. Plainly, by failing to previously object to the Motion on timeliness grounds and because Scoll has not had to produce documents he claims are privileged. Scoll cannot argue that he has been prejudiced in any manner by the February 2, 2005 filing of Ms. Steffenberg's Motion for Reconsideration and the May 25, 2005 Order should be affirmed.

B.     The Time Limit For Ms. Steffenberg's Filing of Objections Was Implicitly Enlarged.

Scoll's failure to object to Ms. Steffenberg's filing of her Motion for Reconsideration on timeliness grounds, and Magistrate Judge Swartwood's subsequent consideration of her Motion also mandate the enforcement of the May 25, 2005 Order. In factually similar circumstances, the Eighth Circuit Court of Appeals found that the prosecution's failure to object to the appellant's

late filing of his objections, together with the district court's consideration of the objections, implicitly extended the deadline for filing. See <u>Nabors v. United States</u>, 929 F.2d 354, 355 (8th Cir. 1990). Similarly, in <u>Patterson v. Mintzes</u>, which was cited with approval by the Supreme Court in <u>Thomas v. Arn</u>, the Sixth Circuit Court of Appeals determined that although the appellant had untimely filed its objections to a magistrate's order, the district court's consideration of the untimely objections implicitly enlarged the deadline for filing. <u>Patterson v. Mintzes</u>, 717 F.2d 284, 288 (6th Cir. 1983). Here, Scoll did not object to the filing of Ms. Steffenberg's Motion for Reconsideration on timeliness grounds at the January 11, 2005 hearing, nor in her February 23, 2005 Opposition. See <u>Exhibit A</u>. Moreover, by referring the Motion to the Magistrate on April 25, 2005 and by issuing its Order on May 25, 2005, both this Court and the Magistrate Judge considered Ms. Steffenberg's Motion for Reconsideration, thereby implicitly enlarging the timeframe for filing of her objections. See <u>Nabors</u>, 929 F.2d at 355; <u>Patterson</u>, 717 F.2d at 288. Accordingly, Scoll's Objections should be dismissed and the May 25, 2005 Order upheld.

      C.    <u>An Exception to the Waiver Rule Is Warranted Where Manifest Injustice Would Result And Where The Errors In The December 28, 2004 Order Were Fundamental.</u>

The Magistrate's reversal of a substantial portion his December 28, 2004 Order dictates that a strict application of the waiver rule in this circumstance would result in manifest injustice and that the errors in that Order were fundamental. See <u>supra</u>, <u>Continental Casualty Co. v. Dominick D'Andrea, Inc.</u>, 150 F.2d 245, 250-251 (3rd Cir. 1998) (exceptional circumstances warrant relief from waiver rule under certain circumstances).

The subject of Ms. Steffenberg's original Motion to Compel and this procedural dispute are documents that go to the crux of Ms. Steffenberg's claim that Scoll knew or should have

known that Gilman was defrauding her and her husband of their retirement assets because Scoll simultaneously represented Gilman, the Corporate Defendants and the Steffenbergs over a period of twelve years. Acknowledging the importance of the disputed documents to Ms. Steffenberg's claims against Scoll, Scoll has -- in the absence of Gilman and the Corporate Defendants' self-defense in this matter – refused to produce <u>any</u> documentation concerning Gilman or the Corporate Defendants, citing every conceivable privilege and defense against their production, whether applicable or not.

In the December 28, 2004 Order, the Magistrate Judge denied Ms. Steffenberg's Motion to Compel in its entirety, essentially sustaining Scoll's arguments that all of the documents contained in his Privilege Log were protected by the attorney-client or joint defense privileges and/or the work product or opinion work product doctrines, and that incorporation documents allegedly prepared by Scoll for the Gilman Entities were obtainable by Ms. Steffenberg. <u>See</u> December 28, 2004 Order. In ruling on Ms. Steffenberg's Motion for Reconsideration, however, the Magistrate Judge substantially reversed many of his prior rulings. Specifically, the Magistrate Judge reversed his December 28, 2004 rulings that the joint defense privilege and work product and opinion work product doctrines were properly asserted by Scoll in his Privilege Log and ordered the parties to appear at a hearing on June 13, 2005 at which each document in Scoll's Privilege Log would be reviewed by the Court, with counsel present. <u>See</u> May 25, 2005 Order at pp. 9-11. The Magistrate Judge further required Scoll to provide additional information concerning the applicability of the doctrines by June 13, 2005 or to produce the disputed documents by that date. <u>See</u> <u>id.</u> at pp. 9-11. Finally, the Magistrate Judge reserved his ruling until the June 13th hearing on the issue of whether incorporation documents for the Gilman Entities should be produced, but noted that he found it "difficult to comprehend

how documents which were filed with a government agency, or even documents that were prepared for filing and should have been filed with a government agency, are subject to any privilege." See May 25, 2005 Order at p.12.

The Magistrate Judge's own reversal in the May 25, 2005 Order of a substantial portion of his December 28, 2004 Order reflects that his initial Order contained clear and fundamental errors. On this ground alone an exception to the strict application of the waiver rule is justified. See Fed. R. Civ. P. 72(a); Continental Casualty, 150 F.3d at 245. These circumstances, moreover, in addition to the facts that (1) Ms. Steffenberg filed objections, (2) Scoll waived the timeliness of Ms. Steffenberg's filing, and (3) Ms. Steffenberg's Motion for Reconsideration was referred by this Court and considered by the Magistrate Judge, also demonstrate that a manifest injustice would occur should this Court fail to grant Ms. Steffenberg relief from the waiver rule. See Continental Casualty, 150 F.3d at 145. As such, Scoll's Objections should be denied and the Magistrate Judge's May 25, 2005 Order permitted to stand.

IV.   THE MASSACHUSETTS RULES OF PROFESSIONAL CONDUCT DO NOT PROVIDE AN INDEPENDENT BASIS FOR PROTECTING THE DOCUMENTS IN THE PRIVILEGE LOG FROM DISCOVERY.

Scoll raises only one substantive issue in his Objections -- that the Magistrate Judge's failure to consider the applicability of the Massachusetts Rules of Professional Conduct was clearly erroneous and otherwise contrary to law. Scoll specifically contends in his Objections that Massachusetts Rule of Professional Conduct 1.6 constitutes an independent basis upon which the Magistrate Judge should have found that the documents in the Privilege Log are "confidential" and he cites only the Rules and Fed. R. Civ. P. 26(b)(5) in support of this

argument.[4]  This argument is both illogical and plainly wrong.  First, it is simply inconceivable that Mass R. Prof. Conduct 1.6 provides an independent basis upon which the documents are protected from disclosure.  The documents are either (a) protected by the attorney-client and/or joint defense privileges or the work product doctrines -- in which case they should not be produced in the absence of undue hardship and/or substantial need -- or (b) they are <u>not</u> privileged or otherwise protected, and must therefore be produced.  Indeed, Comment 5 of Mass. R. Prof. Conduct 1.6 recognizes that the rule of client-lawyer confidentiality does not stand on its own as a basis to deny access to documents in the litigation context:

> The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege (and the related work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics.  The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client.  The rule of client-lawyer confidentiality applies in situations <u>other</u> than <u>those</u> where evidence is sought from the lawyer through compulsion of law.

<u>See</u> Mass. R. Prof. Conduct 1.6 (emphasis added.)  Obviously, where the Massachusetts Rules of Professional Conduct are not recognized as an independent basis upon which to preclude their discovery in the litigation context, Scoll's argument that the Magistrate Judge improperly failed give such effect to Mass. R. Prof. Conduct 1.6 is entirely baseless.

Next, assuming <u>arguendo</u> that Scoll intended to cite Fed. R. Civ. P. 26(b)(3) rather than Fed. R. Civ. P. 26(b)(5), which does not exist, Scoll misinterprets the meaning of that Rule. Contrary to Scoll's contention, Rule 26(b)(3) <u>explicitly</u> provides that a party may not discover documents that are either privileged (as provided in Rule 26(b)(1)) <u>or</u> "prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative . . . ." <u>See</u> Fed. R. Civ. P. 26(b)(1) and (3).  The Federal Rules of Civil Procedure provide an attorney

---

[4]  Mass. R. Prof. Conduct 1.6(a) provides, in sum, that a lawyer "shall not reveal confidential information relating to representation of a client." <u>See</u> Mass. R. Prof. Conduct 1.6(a). There is no Fed. R. Civ. P. 26(b)(5); Ms. Steffenberg assumes, for purposes of argument only, that Scoll is referring to Fed. R. Civ. P. 26(b)(3).

such as Scoll no other basis upon which to object to the disclosure of documents pertaining to client representation. As such, Scoll's contention that the Magistrate Judge improperly failed to consider the Massachusetts Rules of Professional Conduct as another basis upon which to limit the production of documents included in the Privilege Log is legally unfounded.

V.    THERE IS NO REASON FOR ANY ADDITIONAL INFORMATION SUBMITTED BY SCOLL BE DONE SO UNDER SEAL.

Scoll lastly argues that, if the May 25, 2005 Order is affirmed by this Court, he should be permitted to submit "any further information demonstrating the privileged and confidential nature of the documents at issue" under seal for this Court's review. See Scoll's Objections at p. 9. Scoll's argument misses the point of the May 25, 2005 Order. If this Court upholds the Magistrate Judge's Order, as it should, then the additional information which Scoll must provide to substantiate his claims that the joint defense privilege and work product and opinion work product doctrines protect the documents from disclosure, are not protected. In other words, in his May 25, 2005 Order, the Magistrate Judge did not require Scoll to provide information that is protected by the attorney-client privilege or work product doctrines; rather, the Magistrate Judge required Scoll to provide certain additional detail to ascertain whether Scoll properly invoked the doctrines. This information is neither privileged, "confidential" nor otherwise protected. See May 25, 2005 Order, pp. 9-11. As such, Scoll's alternative request for this Court to review in camera any additional information he is required to provide is unfounded and must therefore be denied.

WHEREFORE, for the foregoing reasons, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court deny Defendant David M. Scoll's Objections to the May 25, 2005 Magistrate Judge's Order on her Motion for Reconsideration and require that Scoll immediately comply with the discovery terms contained therein.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,


/s/ Christine S. Collins
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
P:  (508) 926-3441
F:  (508) 929-3041

June 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| FIRST ALLIED SECURITIES, INC., | ) | |
| PENSON FINANCIAL SERVICES, INC., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that on June 16, 2005, I electronically filed the foregoing Plaintiff's Response to Defendant David M. Scoll's Objections to the Magistrate Order Dated May 25, 2005 and caused to be a served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Rhonda L. Rittenberg, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

/s/ Christine S. Collins
Christine S. Collins