# EXHIBIT A

Case 4:04-cv-40113-FDS    Document 70-2    Filed 06/16/2005    Page 1 of 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**DAVID M. SCOLL'S OPPOSITION TO
MOTION FOR RECONSIDERATION OF PLAINTIFF, ELIZABETH R.
STEFFENBERG, OF THE ORDER DENYING HER MOTION TO
COMPEL RESPONSES OF DAVID M. SCOLL TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The Defendant, David M. Scoll (hereinafter "Scoll"), hereby submits, pursuant to Local Rule 7.1(B)(2) and Local Rule 7.1(D) of the Local Rules of the United States District Court for the District of Massachusetts (hereinafter "Local Rules"), his memorandum of law in opposition to the Plaintiff's motion for reconsideration of Magistrate's Swartwood's Order dated December 28, 2004. See Mot. for Reconsid. of Pl. Eliz. R. Steffenberg of the Order Denying her Mot. to Compel Resp. of David M. Scoll to Pl's First Req. for Prod. of Docs. dated Feb. 2, 2005 (hereinafter "Motion for Reconsideration").

Throughout the Plaintiff's Motion, she asserts that Scoll has failed to meet his burdens of demonstrating the applicability of various privileges to voluminous amount of documents the Plaintiff requested. Contrary to the Plaintiff's contention, however, it is the *Plaintiff* who bears

34805.1

the shifted burden of demonstrating that the privileges do not apply or are overcome, because Scoll has supplied detailed information describing the nature of the documents in a privilege log. See FDIC v Ogden Corp., 2002 F.3d 454, 460 (1st Cir. 2000)(burden shifts to party seeking information once shielding party demonstrates applicability of privileges through privilege log).

## I. BACKGROUND

The Plaintiff, Elizabeth R. Steffenberg (hereinafter the "Plaintiff"), is suing Scoll, an attorney, as well as several of his former clients. The Defendants, T. Gene Gilman (hereinafter "Gilman"), The Gilman Insurance Agency, Inc., Arbor Securities, Ltd. (hereinafter "Arbor"), Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and TradeTek, LLC (hereinafter "TradeTek") (hereinafter collectively the "Gilman Defendants"), have all been Scoll's clients in the past. The Plaintiff contends that Gilman, as her investment advisor, transferred her assets to Arbor and TradeTek without her authorization, causing her to lose almost all of her savings. See Pl.'s Second Amended Verified Compl. dated April 13, 2004 (hereinafter "Complaint"), ¶¶ 19, 24, 33. She further contends that Gilman used the other Defendant companies[1] mentioned above to further this allegedly fraudulent scheme. See id., ¶ 25.

The Plaintiff now seeks to hold Scoll liable for almost $1 million in monetary losses allegedly due to Gilman's wrongful conduct. Compare id., ¶¶20-22 (at time Gilman began to act as investment advisor, Plaintiff's assets allegedly worth $1.109 million) with id., ¶ 33 (the Plaintiff allegedly was informed that assets invested by Gilman have been reduced in value to $4,014.06). To that end and to support her theory against Gilman and the Defendant companies,

---

[1] The "Defendant companies" shall refer to: The Gilman Insurance Agency, Inc., Arbor Securities, Ltd. (hereinafter "Arbor"), Commonwealth Financial Holdings, Inc., Financial Links, Inc., T. Gilman & Co., Ltd., and TradeTek, LLC (hereinafter "TradeTek").

the Plaintiff seeks to compel Scoll to produce documents from his private attorney files concerning them. Specifically, the Plaintiff is seeking to compel Scoll to produce the documents requested in Request Nos. 19-32, 34-35 and 38-39 from her First Request for Production of Documents. See Pl.'s First Req. for Prod. of Docs. to Deft., David M. Scoll dated May 27, 2004 (hereinafter "Request for Production"). Scoll has refused to produce the requested documents, claiming they are privileged under the attorney-client privilege or work product privilege, or because they constitute confidential materials which he is prohibited from disclosing pursuant to the Massachusetts Rules of Professional Conduct. See Deft. David M. Scoll's Response to Pl.'s First Req. for the Prod. of Docs. dated June 24, 2004 (hereinafter "Scoll's Responses"). This Court has already denied the Plaintiff's attempt to access these materials. See Order dated Dec. 28, 2004.

## II. ARGUMENT

### A. Attorney-Client Privilege

According to the Plaintiff, Scoll is required to affirmatively prove that the Gilman Defendants did not waive the attorney-client privilege in order to prevent disclosure in this litigation and cites to In re Reorganization of Elec. Mut. Liab. Ins. Co., 425 Mass. 419, 421 (1997). See Mot. for Reconsid., pp. 4-5; In re Reorganization, 425 Mass. at 421. The case cited by the Plaintiff, if anything, supports the Magistrate's Order denying the Plaintiff's motion to compel wholesale production of Attorney matter files.

As a preliminary matter, it is well established that a litigant's burden of showing that the attorney-client privilege or the work product doctrine applies to information is met by filing a privilege log. See, e.g., In re Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001). Scoll has discharged that duty by filing an extraordinarily detailed log. See Order dated Dec. 28, 2004,

p. 3 ("a well-detailed privilege log was produced contemporaneously with Mr. Scoll's opposition to the motion and provided to the Court at the hearing").

The In re Reorganization case cited by the Plaintiff discussed a litigants' burden to show non-waiver of the attorney-client privilege only *after* the information sought to be protected was in the public domain, raising the inference that the privilege had been waived. Id., 425 Mass. at 421-23. In that case, the Court considered whether documents received anonymously by one litigant concerning another litigant were protected by the attorney-client privilege. See id. at 420. The Court found that even where the documents were already shown to be in the public domain raising the possibility of waiver, the documents were *still* protected by the privilege where there was no evidence that the client had failed to take reasonable precautions to maintain their confidentiality. Because no evidence existed that the litigant had failed to take reasonable precautions to guard the confidentiality of the documents that had been received anonymously, the Court held that the privilege was not waived. This case demonstrates, contrary to the Plaintiff's position, that it is the Plaintiff's obligation under In re Reorganization to show an inference of waiver before any affirmative duty can be placed upon Scoll to show non-waiver.[2]

Moreover, in In re Reorganization, contrary to the case at bar, the client litigant itself was seeking to shield the information. In this case, Scoll as attorney is merely seeking to protect a privilege that belongs exclusively to his clients, not to him. The In re Reorganization Court recognized that distinction and that, in order to pierce the privilege, it must be shown that the *client* voluntarily relinquished the communication's confidentiality, because "it is fundamental

---

[2] The other case cited by the Plaintiff, Resolution Trust Corp. v Dean, 813, F.Supp. 1426 (D.Ariz. 1993) also stands for the proposition that unless it can be shown that a client has voluntarily waived confidentiality of communications, the communications will remain privileged. In this case, the Plaintiff has not even shown that the attorney-client communications are in the public domain, much less that the Gilman Defendants failed to take precautions to protect those communications as confidential.

that only the client can waive the attorney-client privilege." Id. at 423. In short, the case cited by the Plaintiff, supports Scoll's position, not the Plaintiff's. Scoll cannot prove a negative, especially when there is no evidence that his clients voluntarily waived their privilege.

### B.   The Common Interest Doctrine

The Plaintiff also claims that the Magistrate's Order finding the documents privileged was erroneously decided because Scoll's privilege log asserted the joint defense privilege. First, Scoll's assertion of that privilege was in addition to the attorney-client privilege and the work product doctrine for the documents referenced by the Plaintiff. Thus, other legitimate and valid bases exist for withholding the documents besides the joint defense privilege. Moreover, the information in the privilege log more than sufficiently justifies this type of privilege on its own. See, e.g., Mot. for Reconsid., Exh. A, Privilege Log, Resp. to Req. No. 26 (both Defendant Steve Gilman and Defendant Arbor Securities identified as parties with common interest). Again, Scoll has met his burden by producing the privilege log in this case.

### C.   Work Product Doctrine

The Plaintiff finally claims that the privilege log is deficient in asserting the work product doctrine for various documents requested, because the log failed to identify the particular litigation for which the documents were created. See Mot. for Reconsid., pp. 9-11. It is not necessary for a litigant to divulge privileged or confidential information, however, in describing documents in a privilege log. See Fed.R.Civ.P. 26(b)(5)("the party [withholding information] shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection")(emphasis added); see also In re Grand Jury Subpoena, 274 F.3d at 576 ("[p]rivilege

logs do not need to be precise to the point of pedantry" as long as a litigant does "the best that he reasonably can to describe the materials to which his claim adheres."). Because identifying the actual litigation at issue would at the very least constitute disclosure of confidential information protected under relevant ethical rules applicable to Scoll as an attorney, see, e.g., SJC Rule 3:07, Rule 1.6, if not privileged under the work product doctrine, this type of information need not be disclosed. Moreover, the Plaintiff has not cited one case for the proposition that the name or caption of the litigation must be provided in a privilege log.

Furthermore, the broad scope of documents requested by the Plaintiff is unduly burdensome. Despite this fact, Scoll has in great detail described the documents that are protected. Although he could have filed a motion for a protective order concerning the voluminous requests and documents at issue, see Fed.R.Civ.P. 26(b)(5)(advisory committee's note 1993)("Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden."), Scoll has spent enormous time and effort in describing the documents with great specificity and has supplied the requisite categories of information for each document, such as time, person, subject matter, privilege asserted. Nothing more is required.

Moreover, the Plaintiff's vague assertion that she is in substantial need of the protected documents cannot be considered. She has failed to show how any one document described in the privilege log, based upon the description therein, supports her claim of substantial need. At best, she has only made conclusory allegations that somewhere lurking in the protected documents is

evidence relevant to her claims against the Gilman Defendants and against Scoll. This is insufficient to overcome the work product protection. See, e.g., Fed.R.Civ.P. 26 (advisory committee's notes – 1970 Amendment)(courts require more than relevance to establish good cause for obtaining trial-preparation materials).

Finally, the documents that the Plaintiff seeks to obtain by piercing the work product protection are also protected by other privileges, such as the attorney-client privilege. See, e.g., Mot. for Reconsid., p. 10 n. 5. For example, the Plaintiff cites to Scoll's Response in the privilege log to Request No. 19 and the log's entry on page 1 of said Response dated 10/19/2000. Id.; id., Exh. A, )Priv. Log, Resp. to Req. No. 19. The document at issue in that entry contains attorney notes concerning Scoll's conversation with Gene Gilman. Scoll has asserted not just the work product doctrine to shield these attorney mental impressions of communications with his client, but also the attorney-client privilege that also applies. For this reason as well, the Plaintiff's motion for reconsideration of the Magistrate's Order as to documents protected by the work product privilege can summarily be denied.

### III.   CONCLUSION

For all the foregoing reasons, the Court should deny the Plaintiff's Motion for Reconsideration.

Respectfully submitted,
DAVID M. SCOLL
By his Attorneys,


*/s/ Sara Discepolo*
George C. Rockas, BBO # 544009
Sara Discepolo, BBO # 628721
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: February 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

ELIZABETH STEFFENBERG,

    Plaintiff,

v.

T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,

    Defendants.

CIVIL ACTION NO. 04-40113-FDS

## CERTIFICATE OF SERVICE

    I, Sara Discepolo, hereby certify that on February 23, 2005, I electronically filed the foregoing *David M. Scoll's Opposition to Motion for Reconsideration of Plaintiff, Elizabeth R. Steffenberg, of the Order Denying Her Motion to Compel Responses of David M. Scoll to Plaintiff's First Request for Production of Documents* and caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Kristin M. Knuuttila
Prince, Lobel, Glovsy & Tye LLP
585 Commercial Street
Boston, MA 02109

/s/ Sara Discepolo

34805.1

- 9 -