UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MOTION OF THE DEFENDANT, DAVID SCOLL, TO STRIKE AND COMPEL THE PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES**

　　The Defendant, David Scoll (hereinafter "Scoll"), moves pursuant to Rule 7.1 and Rule 37.1(A) of the Local Rules for the United States District Court, District of Massachusetts, as well as Rule 33(d) and Rule 37(a) of the Federal Rules of Civil Procedure for an order striking the Plaintiff's Answers to Scoll's Second Set of Interrogatories and compelling Answers thereto within within ten (10) days.

　　In support hereof, Scoll submits a separate memorandum of law and further states:

1.　　Scoll served the Plaintiff with a Second Set of Interrogatories and Second Request for Production of Documents on March 10, 2005. See Deft. David M. Scoll's Second Set of Interrogs. to the Pl. dated Mar. 10, 2005 (attached hereto as **Exhibit "A"**).

42083.1

2. A portion of said second set of discovery requests pertained to the Plaintiff's answers to Scoll's First Set of Interrogatories. A copy of the Plaintiff's answers to Scoll's First Set of Interrogatories, including her supplementary answers, is attached hereto as **Exhibit "B."**

3. The second set of interrogatories served upon the Plaintiff seek the identification by her of specific documents supporting the Plaintiff's allegation in her responses to Scoll's first set of discovery requests that Scoll was a Director of Trade Tek and Commonwealth Financial Holdings and her allegations that Scoll had knowledge of Gene Gilman's improper handling of the Steffenbergs' funds.

4. The Plaintiff has refused, however, to make such an identification and merely refers vaguely to documents previously produced by her. See Pl. Elizabeth R. Steffenberg's Ans to Deft. David M. Scoll's Sec. Set of Interrogs. dated May 2, 2005 (attached hereto as **Exhibit "C"**).

5. The documents referenced by the Plaintiff as previously produced have never been categorized or identified as responsive to specific documents requests. Plaintiff packaged said previously produced documents in a box as said documents are approximately seven (7) inches thick.

6. The Plaintiff's reference to previously produced documents is insufficient pursuant to Rule 33(d) of the Federal Rules of Civil Procedure for two reasons: (1) the documents referenced by the Plaintiff are not "business records;" and (2) even if they could constitute the Plaintiff's business records, review of all documents previously produced by the Plaintiff would place an unreasonable burden upon Scoll and the burden of deriving or ascertaining the answer is not substantially the same for Scoll as it is for the Plaintiff. See Fed.R.Civ.P. 33(d).

42083.1

WHEREFORE, Scoll moves for the Court to strike the Plaintiff's Answers to his Second Set of Interrogatories and to compel the Plaintiff's Answers within ten (10) days.

### Discovery Conference Certification: Local Rule 37.1

The parties conducted a discovery conference by email on August 10, 2005, August 11, 2005, and August 15, 2005, but were unable to resolve their differences concerning this matter.

                         Respectfully submitted,
                         DAVID M. SCOLL
                         By his Attorneys,

                         /s/ Sara Discepolo
                         George C. Rockas, BBO # 544009
                         Sara Discepolo, BBO # 628721
                         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                         155 Federal Street
                         Boston, MA  02110
                         (617) 422-5300

Dated: August 18, 2005

42083.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on August 18, 2005, I electronically filed the foregoing *Motion of the Defendant, David Scoll, to Strike and Compel the Plaintiff's Answers to Scoll's Second Set of Interrogatories* and on August 18, 2005 caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Rhonda Rittenberg, Esq.
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

                                                                     /s/ Sara Discepolo
                                                                     Sara Discepolo

42083.1