UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE DEFENDANT, DAVID SCOLL, TO STRIKE AND COMPEL THE
PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES**

The Defendant, David Scoll (hereinafter "Scoll"), herewith files, pursuant to Rule 7.1(B)(1) of the Local Rules for the United States District Court, District of Massachusetts, his memorandum of law supporting his motion to strike and compel the Plaintiff to answer his Second Set of Interrogatories. See Mot. of the Deft. David Scoll to Strike and Compel the Pl.'s Ans. to Sec. Set of Interrogs. dated Aug. 18, 2005.

In support hereof, Scoll states:

1.    Scoll served the Plaintiff with a Second Set of Interrogatories and Second Request for Production of Documents on March 10, 2005. See Mot. of the Deft. David Scoll to Strike and Compel the Pl.'s Ans. to Second Set of Interrogs. dated August 18, 2005, Exhibit "A."

42387.1

2.  A portion of said second set of discovery requests pertained to the Plaintiff's answers to Scoll's First Set of Interrogatories. See id., Exhibit "B."

3.  The second set of interrogatories served upon the Plaintiff seek the identification by her of specific documents supporting the Plaintiff's allegation in her responses to Scoll's first set of discovery requests that Scoll was a Director of Trade Tek and Commonwealth Financial Holdings and her allegations that Scoll had knowledge of Gene Gilman's improper handling of the Steffenbergs' funds.

4.  The Plaintiff has refused, however, to make such an identification and merely refers vaguely to documents previously produced by her. See id., Exhibit "C."

5.  The documents referenced by the Plaintiff as previously produced have never been categorized or identified as responsive to specific documents requests. Plaintiff packaged said previously produced documents in a box as said documents are approximately seven (7) inches thick.

6.  The Plaintiff's reference to previously produced documents is insufficient pursuant to Rule 37(d) of the Federal Rules of Civil Procedure for two reasons: (1) the documents referenced by the Plaintiff are not "business records;" and (2) even if they could constitute the Plaintiff's business records, review of all documents previously produced by the Plaintiff would place an unreasonable burden upon Scoll and the burden of deriving or ascertaining the answer is not substantially the same for Scoll as it is for the Plaintiff. See Fed.R.Civ.P. 37(d).

7.  When an interrogated party invokes Rule 37(d), the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained. Fed.R.Civ.P. 37(d); see also Sabel v Mead Johnson & Co., 110 F.R.D. 553, 555-56 (D.Mass. 1986)(response that answer may

42387.1

be found in mass of documents comprising New Drug Application improper where burden of ascertaining information is much greater for interrogating party than for interrogated party).

8.  It is well established that a response pursuant to Rule 33(d) "must refer to specific documents and state that the information sought can be found therein." See id. at 556.

9.  In this case, the Plaintiff provides the same response to each of the Interrogatories. First she objects that the requests are overly broad and unduly burdensome and then "references" her previously produced documents. In this fashion, the Plaintiff fails to commit herself one way or the other in responding whether the referenced documents do in fact contain the information sought.

10.  First, the documents "referenced" by the Plaintiff are not even business records. The documents "referenced" consist of personal rather than business documents in the possession of the Plaintiff in her capacity as an individual not as a business. As a result, she may not invoke Rule 33(d) to answer the Second Set of Interrogatories. See, e.g., In re Tantrex Corp., 10 B.R. 235, 241 (Bankr.D.Mass. 1981); compare Rossi v Williams, 2002 Mass.Super.LEXIS 522, at * 5 (Mass.Super.Ct. Dec. 18, 2002)(personal injury plaintiff may not rely upon Massachusetts counterpart to Rule 33(d) because documents are not business records) with Premier Homes v. Merrimack Eng'g Svces., Inc., 2002 Mass.Super.LEXIS 15, at * (Mass.Super.Ct. Feb. 4, 2002)(Massachusetts rule on option of producing business records derived from Federal rule).

11.  Second, the Plaintiff's failure to state that the documents she references contain the sought after information is evasive and akin to stating equivocally that the documents may or may not contain said information. As such, her response under Rule 33(d) is insufficient, evasive and improper. See Sabel, 110 F.R.D. at 555-56 (response that information "may" exist in documents is improper for lack of certainty).

42387.1

12.     Third, the Plaintiff has utterly failed to specify the exact document(s) contained in her previous requests that she claims contain the information sought. Because she has failed to identify the documents referenced, she may not invoke Rule 33(d). See, e.g., Puerto Rico Aqueduct & Sewer Authority v Clow Corp., 108 F.R.D. 304, 307 (D.P.R. 1985)("For [Rule 33(d)] to apply, [the interrogated party] has to specify which of the documents contain the information sought. . . .").

13.     Fourth, the Plaintiff has not met her burden in showing that it is more burdensome for her to review the documents previously produced by her and familiar to her to respond to the Second Set of Interrogatories than it would be for Scoll. The burden of showing this greater burden is on her as the answering party, not upon Scoll. See id. In weighing the relative burdens, the Court considers the familiarity the answering party has with the documents, the cost to research the responsive documents, and the nature of the business records. Id. at 308.

14.     In this case, the Plaintiff cannot even meet the burden of first showing that specifying the documents pursuant to Rule 33(d) is a burden in the first place. It is well established that "[r]eferring to a document in order to answer an interrogatory is not the kind of burden contemplated by the rule." Pascale v G.D. Searle & Co., 90 F.R.D. 55, 60-61 (D.R.I. 1981); see also Blake Assocs., Inc. v Omni Spectra, Inc., 118 F.R.D. 283, 289 (D.Mass.1988)(Rule 33(d) contains specification requirement).

15.     For all the foregoing reasons, the Court should strike the Plaintiff's Answers to his Second Set of Interrogatories and to compel the Plaintiff's Answers within ten (10) days.

42387.1

                Respectfully submitted,

                DAVID M. SCOLL
                By his Attorneys,


                /s/ Sara Discepolo
                George C. Rockas, BBO # 544009
                Sara Discepolo, BBO # 628721
                WILSON, ELSER, MOSKOWITZ, EDELMAN &
                DICKER LLP
                155 Federal Street
                Boston, MA  02110
                (617) 422-5300


Dated: August 18, 2005

42387.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on August 18, 2005, I electronically filed the foregoing *Memorandum of Law in Support of Motion of the Defendant, David Scoll, to Strike and Compel the Plaintiff's Answers to Scoll's Second Set of Interrogatories* and on August 18, 2005 caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Rhonda Rittenberg, Esq.
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

                                                                                /s/ Sara Discepolo
                                                                                Sara Discepolo

42387.1