UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MOTION OF THE DEFENDANT, DAVID SCOLL, FOR AN ORDER COMPELLING THE PLAINTIFF (1) TO PRODUCE REQUESTED INCOME TAX RETURNS; AND (2) TO CATEGORIZE AND SEGREGATE DOCUMENTS PRODUCED IN RESPONSE TO FIRST, SECOND, AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

　　The Defendant, David Scoll (hereinafter "Scoll"), moves pursuant to Rule 7.1 and 37.1(A) of the Local Rules for the United States District Court, District of Massachusetts, as well as Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling the Plaintiff to produce and categorize documents as corresponding to individual requests in response to Scoll's First, Second and Third Requests for Production of Documents within ten (10) days. In addition, Scoll moves for an order compelling the Plaintiff to produce income tax returns in response to Scoll's Third Request for Production of Documents.

　　In support hereof, Scoll submits a separate memorandum of law and further states:

1.　　Scoll served the Plaintiff with three separate documents requests in this action.

42371.1

2.  In response, the Plaintiff produced large amounts of documents without any categorization or identification of them as corresponding to particular requests. See Mrs. Steffenberg's Resp. to Deft. David M. Scoll's First Req. for Prod. of Docs. dated Oct. 27, 2004 (hereinafter "Plaintiff's Response to First Request"); Let. dated April 11, 2005 from C. Collins (hereinafter "Plaintiff's Supplementation"); Pl. Elizabeth R. Steffenberg's Resp. to Deft. David M. Scoll's Sec. Req. for Prod. of Docs. dated April 29, 2005 (hereinafter "Plaintiff's Response to Second Request"); Eliz. Steffenberg's Resp. to Deft. David M. Scoll's Third Req. for Prod. of Docs. dated April 11, 2005 (hereinafter "Plaintiff's Response to Third Request")(all attached hereto as **Exhibit "A"**).

Plaintiff's Failure to Produce Income Tax Returns

3.  In addition, although stating that she would produce requested income tax returns in response to Scoll's Third Request for Production, the Plaintiff has in fact never produced said responsive documents. See Pl.'s Resp. to Third Req., Resp. to Req. No. 1 (attached as Exhibit "A").

Plaintiff's Inadequate Responses to Second and Third Requests for Production

4.  Furthermore, the Plaintiff failed to produce any responsive documents in response to Scoll's Second and Third Requests for Production, but merely referred to all previously produced documents and cited to Rule 33(d) as the basis for such response. See Pl.'s Resp. to Sec. Req.; Pl.'s Resp. to Third Req. (attached hereto as Exhibit "A").

5.  The Plaintiff may not rely upon Rule 33(d) of the Federal Rules of Civil Procedure in referring generally to all previously produced documents in this action. Rule 33(d) provides an option for identifying specific documents *in answering interrogatories not in responding to document requests.* See Fed.R.Civ.P. 33(d).

42371.1

Plaintiff's Inadequate Responses to First Request for Production

6. In addition, the documents produced by the Plaintiff in response to the First Request for Production were provided in a box and consisted of numerous documents which were not arranged in any order or segregated to correspond with particular requests. See, e.g., Pl.'s Supp. (attached as Exhibit "A").

7. According to Rule 34(b) of the Federal Rules of Civil Procedure, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed.R.Civ.P. 34(b). Thus, a responding party has only two options in responding to a document request.

8. In this case, the Plaintiff has never organized or labeled any documents she has produced in this action.

9. In addition, she cannot claim that her haphazard box of documents is "kept in the usual course of business," because she is an individual and she possesses the produced documents as such and not as a business.

10. Second, given the large amount of documents produced, it is prejudicial to Scoll and his preparation of a defense to produce said documents without segregation.

WHEREFORE, Scoll moves for an order compelling the Plaintiff to comply with Rule 34(b) and re-produce responsive documents to Scoll's First, Second, and Third Requests for Production properly categorized as corresponding to each individual request within ten (10) days. In addition, Scoll seeks an order compelling the Plaintiff to produce responsive documents to Scoll's Third Request for Production seeking the Plaintiff's income tax returns within ten (10) days.

42371.1

**Discovery Conference Certification: Local Rule 37.1**

The parties conducted a discovery conference by email on August 10, 2005, August 11, 2005, and August 15, 2005, but were unable to resolve their differences concerning this matter.

                              Respectfully submitted,

                              DAVID M. SCOLL
                              By his Attorneys,

                              /s/ Sara Discepolo
                              George C. Rockas, BBO # 544009
                              Sara Discepolo, BBO # 628721
                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                              155 Federal Street
                              Boston, MA 02110
                              (617) 422-5300

Dated: August 18, 2005

42371.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**CERTIFICATE OF SERVICE**

    I, Sara Discepolo, hereby certify that on August 18, 2005, I electronically filed the foregoing *Motion of the Defendant, David Scoll, for an Order Compelling the Plaintiff (1) to Produce Requested Income Tax Returns; and (2) to Categorize and Segregate Documents Produced in Response to First, Second, and Third Requests for Production of Documents* and on August 18, 2005 caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Rhonda Rittenberg, Esq.
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

                                                                          /s/ Sara Discepolo
                                                                           Sara Discepolo

42371.1