UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA LIFE INSURANCE COMPANY, TRADETEK, LTD. and TRADETEK, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 04-40113-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE DEFENDANT, DAVID SCOLL, FOR AN ORDER COMPELLING
THE PLAINTIFF (1) TO PRODUCE REQUESTED INCOME TAX RETURNS; AND
(2) TO CATEGORIZE AND SEGREGATE DOCUMENTS PRODUCED IN RESPONSE
TO FIRST, SECOND, AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

    The Defendant, David Scoll (hereinafter "Scoll"), herewith files, pursuant to Rule 7.1(B)(1) of the Local Rules for the United States District Court, District of Massachusetts, his memorandum of law in support of his motion to compel the Plaintiff to produce her income tax returns as well as to categorize by corresponding request all documents produced in response to Scoll's First, Second, and Third Requests for Production of Documents. See Mot. of the Deft. David Scoll for an Order Compelling the Pl. (1) to Produce Req. Income Tax Returns; and (2) to Categorize and Segregate Docs. Produced in Resp. to First, Second, and Third Reqs. For Prod. of Docs. dated Aug. 18, 2005 (hereinafter "Scoll's Motion").

    In support hereof, Scoll states:

1.    Scoll served the Plaintiff with three separate documents requests in this action.

42388.1

2.      In response, the Plaintiff produced large amounts of documents without any categorization or identification of them as corresponding to particular requests. See Mrs. Steffenberg's Resp. to Deft. David M. Scoll's First Req. for Prod. of Docs. dated Oct. 27, 2004 (hereinafter "Plaintiff's Response to First Request"); Let. dated April 11, 2005 from C. Collins (hereinafter "Plaintiff's Supplementation"); Pl. Elizabeth R. Steffenberg's Resp. to Deft. David M. Scoll's Sec. Req. for Prod. of Docs. dated April 29, 2005 (hereinafter "Plaintiff's Response to Second Request"); Eliz. Steffenberg's Resp. to Deft. David M. Scoll's Third Req. for Prod. of Docs. dated April 11, 2005 (hereinafter "Plaintiff's Response to Third Request")(collectively all attached as Exhibit "A" to Scoll's Motion).

Plaintiff's Failure to Produce Income Tax Returns

3.      In addition, although stating that she would produce requested income tax returns in response to Scoll's Third Request for Production, the Plaintiff has in fact never produced said responsive documents. See Pl.'s Resp. to Third Req. (attached as Exhibit "A" to Scoll's Motion).

Plaintiff's Inadequate Responses to Second and Third Requests for Production

4.      Furthermore, the Plaintiff failed to produce any responsive documents in response to Scoll's Second and Third Requests for Production, but merely referred to all previously produced documents and cited to Rule 33(d) as the basis for such response. See Pl.'s Resp. to Sec. Req.; Pl.'s Resp. to Third Req. (attached as Exhibit "A" to Scoll's Motion).

5.      The Plaintiff may not rely upon Rule 33(d) of the Federal Rules of Civil Procedure in referring generally to all previously produced documents in this action. Rule 33(d) provides an option for identifying specific documents *in answering interrogatories not in responding to document requests.* See Fed.R.Civ.P. 33(d).

42388.1

Plaintiff's Inadequate Responses to First Request for Production

6.  In addition, the documents produced by the Plaintiff in response to the First Request for Production were provided in a box and consisted of numerous documents which were not arranged in any order or segregated to correspond with particular requests. See, e.g., Pl.'s Supp. (attached as Exhibit "A" to Scoll's Motion).

7.  According to Rule 34(b) of the Federal Rules of Civil Procedure, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed.R.Civ.P. 34(b). Thus, a responding party has only two options in responding to a document request.

8.  In this case, the Plaintiff cannot claim that wholesale production of a box-full of documents and supplementary production of documents without any categorization or segregation complies with Rule 34(b)'s dictate that a responding party must produce documents as "kept in the usual course of business."

9.  First, the Plaintiff is an individual rather than a business. As a result, she may not claim that haphazardly produced documents are kept by her in the "usual course of business." Thus, the only other manner she may produce the documents, therefore, is properly categorized and corresponding to each request.

10. Furthermore, "When producing documents, the responding party cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." Hagemeyer N. Amer., Inc. v Gateway Data Sci. Corp., 222 F.R.D. 594, 598 (E.D.Wis. 2004). The Plaintiff's haphazard manner of production affords Scoll no means of preparing a defense in this action without proper categorization of documents corresponding to each request.

42388.1

11.     In this case, the Plaintiff served responsive documents to Scoll's First Request without any categorization whatsoever. By serving a Second and Third Request, Scoll hoped to ascertain in a meaningful way where the needles were. The Plaintiff, however, still refuses to provide Scoll with any meaningful opportunity to discover the relative strengths or weaknesses of her case against him.

12.     It is customary to require an <u>individual</u> party responding to discovery pursuant to Rule 34(b) to produce documents in proper categories and identified as corresponding to particular requests. <u>See, e.g.</u>, <u>Innovative Therapy Prods. v. Roe</u>, 1999 U.S.Dist.LEXIS 398, at * 4 (E.D.La. Jan. 13, 1999).

13.     In fact, the Plaintiff's reference to large amounts of documents that are in no way organized or categorized constitutes sanctionable conduct according to several jurisdictions. <u>See, e.g.</u>, <u>Stiller v Arnold</u>, 167 F.R.D. 68, (N.D.In.1996).

14.     For all the foregoing reasons, the Court should order the Plaintiff to comply with Rule 34(b) and re-produce responsive documents to Scoll's First, Second, and Third Requests for Production properly categorized as corresponding to each individual request within ten (10) days. In addition, the Court should order the Plaintiff to produce responsive documents to Scoll's Request No. 1 of Scoll's Third Request for Production seeking the Plaintiff's income tax returns within ten (10) days.

42388.1

        Respectfully submitted,

        DAVID M. SCOLL
        By his Attorneys,


        /s/ Sara Discepolo
        George C. Rockas, BBO # 544009
        Sara Discepolo, BBO # 628721
        WILSON, ELSER, MOSKOWITZ, EDELMAN &
        DICKER LLP
        155 Federal Street
        Boston, MA  02110
        (617) 422-5300

Dated: August 18, 2005

42388.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH STEFFENBERG,<br><br>　　Plaintiff,<br><br>v.<br><br>T. GENE GILMAN, STEVEN GILMAN, THE GILMAN INSURANCE AGENCY, INC., DAVID M. SCOLL, ARBOR SECURITIES, LTD., ALLIANCE INVESTMENT MANAGEMENT, COMMONWEALTH FINANCIAL HOLDINGS INC., FINANCIAL LINKS, INC., T. GILMAN & CO., LTD., FIRST ALLIED SECURITIES, INC., PENSON FINANCIAL SERVICES, INC., AVIVA USA CORPORATION, TRADETEK, LTD. and TRADETEK, LLC,<br><br>　　Defendants. | CIVIL ACTION NO. 04-40113-FDS |

## CERTIFICATE OF SERVICE

I, Sara Discepolo, hereby certify that on August 18, 2005, I electronically filed the foregoing *Memorandum of Law in Support of Motion of the Defendant, David Scoll, for an Order Compelling the Plaintiff (1) to Produce Requested Income Tax Returns; and (2) to Categorize and Segregate Documents Produced in Response to First, Second, and Third Requests for Production of Documents* and on August 18, 2005 caused to be served a courtesy copy of the same to all parties/counsel of record by mailing the same via first class mail, postage prepaid, to the following parties:

Christine S. Collins, Esq.
Bowditch & Dewey
311 Main Street
PO Box 15156
Worcester, MA 01615-0156

Rhonda Rittenberg, Esq.
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109

　　　　　　　　　　　　　　　　　　　　　/s/ Sara Discepolo
　　　　　　　　　　　　　　　　　　　　　Sara Discepolo

42388.1