UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION OF PLAINTIFF ELIZABETH R. STEFFENBERG TO THE MOTION OF THE DEFENDANT, DAVID SCOLL, FOR AN ORDER COMPELLING THE PLAINTIFF (1) TO PRODUCE REQUESTED INCOME TAX RETURNS; AND (2) TO CATEGORIZE AND SEGREGATE DOCUMENTS PRODUCED IN RESPONSE TO FIRST, SECOND, AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") hereby opposes the Motion of the Defendant, David Scoll ("Scoll"), For An Order Compelling The Plaintiff (1) To Produce Requested Income Tax Returns; And (2) To Categorize And Segregate Documents Produced In Response To First, Second, And Third Requests For Production Of Documents ("Scoll's Motion") pursuant to United States District Court for the District of Massachusetts Local Rules 7.1(B)(2) and 37.1(C) on the grounds that Ms. Steffenberg has produced the requested income

04-40113-FDS

1

tax returns and that Mr. Scoll seeks to impose an unreasonable and unjustified burden on Ms. Steffenberg to segregate documents. In support therefor, Ms. Steffenberg states as follows:

1.  Ms. Steffenberg is an elderly woman who filed this action against, among others, Defendant T. Gene Gilman, her former investment advisor and Mr. Scoll, her former attorney who worked with Mr. Gilman in providing her and her husband investment and legal advice pertaining to their retirement monies, investments and estate planning over a ten (10) year span.

2.  Scoll's Motion first demands that this Court compel Ms. Steffenberg to produce her tax returns for the years 1995 through 2003 which Scoll had requested in his Third Request for Production of Documents. (See Scoll's Motion at p. 2.) Despite the fact that counsel for Ms. Steffenberg's repeated assurances that Ms. Steffenberg's tax returns would be produced when Ms. Steffenberg was able to locate all of them, Scoll's counsel insisted on filing this Motion. In any event, Ms. Steffenberg produced her returns for the years 1997 through 2002 on September 6, 2005 with follow-up correspondence on September 8, 2005 indicating that Ms. Steffenberg does not have her returns from 1995 and 1996. (See true and accurate copies of correspondence dated September 6 and 8, 2005 from Attorney Collins to Attorney Discepolo, true and accurate copies of which are attached hereto as Exhibit A.) Therefore, this portion of Scoll's Motion is moot.

3.  The rest of Scoll's Motion is based on Scoll's apparent misconception that Ms. Steffenberg must categorize the documents she has produced in this action rather than producing them in the manner in which they are being kept by Ms. Steffenberg. Fed. R. Civ. P. 34(b) provides a party with two options with respect to the manner in which they may produce responsive documents. See Fed. R. Civ. P. 34(b). Simply put, Ms. Steffenberg may either produce her documents " . . . as they are kept in the usual course of business or shall organize

04-40113-FDS

and label them to correspond with the categories in the request." See Fed. R. Civ. P. 34(b) (emphasis added.) Rule 34(b) does not specify that an individual party may use only one or the other of the two options and therefore Ms. Steffenberg is not required by the Rule to label them to correspond with Scoll's requests. See id.

4.      Moreover, during the course of this litigation, Ms. Steffenberg has produced approximately one (1) redwell folder of documents which constitutes all of the documentation in her possession which are responsive to Mr. Scoll's First, Second and Third Requests. First, this is a relatively small number of documents, most of which are comprised of financial statements, correspondence and notes, together with documents arising out of the legal services provided by Scoll to the Steffenbergs for approximately ten (10) years. Moreover, the documents were produced in exactly the manner in which they are currently kept by Ms. Steffenberg, who is now seventy-nine (79) years old and in the advanced stages of multiple sclerosis. While Ms. Steffenberg's records clearly have not been maintained in a manner in which a corporation, for example, would maintain its records, they are being produced as they have been kept by the Steffenbergs during their dealings with Gilman and Scoll. Ms. Steffenberg's elderly husband, Arthur, who passed away in August 2003, handled the couple's finances while they worked with Gilman and Scoll and was responsible for the maintenance of the couple's financial records. The couple (and their financial records) have moved residences at least three (3) times in the previous ten (10) years. Furthermore, because Gilman used a variety of entities to perpetrate his fraud against the Steffenbergs, their financial documentation consists of documents from these various entities and not from, for example, just one financial institution. This satisfies Rule 34(b) and simply because Scoll does not like the way Ms. Steffenberg keeps her financial records does not mandate that Ms. Steffenberg label and categorize her documents in order to accommodate Scoll.

04-40113-FDS

5.      Thus, because Scoll's Motion is neither grounded in the Rules nor in case law, and where the Motion is, like Scoll's Motion to Strike and Compel Ms. Steffenberg's Answers to Second Set of Interrogatories, little more than the latest attempt(s) by Scoll to force Ms. Steffenberg to expend additional legal fees in defending against frivolous motions filed by him, this Court should deny his Motion.

WHEREFORE, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court <u>deny</u> the Defendant, David Scoll's Motion for an Order Compelling the Plaintiff (1) To Produce Requested Income Tax Returns; and (2) To Categorize and Segregate Documents Produced in Response to First, Second, and Third Requests for Production of Documents.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

<u>/s/ Christine S. Collins</u>
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01615-0156
P: (508) 926-3441
F: (508) 929-3041

Dated: September 16, 2005

# EXHIBIT A



# Bowditch
# &Dewey
ATTORNEYS

Direct telephone: (508) 926-3441
Direct facsimile: (508) 929-3041
Email: ccollins@bowditch.com

September 6, 2005

Ms. Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110

Re: **Elizabeth R. Steffenberg v. T. Gene Gilman, et al.**
**United States District Court Civil Action No. 04-40113-FDS**

Dear Sara:

Enclosed please find Ms. Steffenberg's tax returns from 1997 to 2002 in response to Attorney Scoll's request.

Please note that Ms. Steffenberg did not file a return in 2003 or 2004 due to her minimal income.

Please do not hesitate to contact me should you have any questions or concerns.

Very truly yours,

Christine S. Collins

CSC/lfm/cap
Enclosures

{J:\CLIENTS\lit\303603\0001\00581398.DOC;1}

BOWDITCH & DEWEY, LLP · 311 MAIN STREET · PO BOX 15156 · WORCESTER, MA 01615-0156

# Bowditch & Dewey
ATTORNEYS

Direct telephone: (508) 926-3441<br>
Direct facsimile: (508) 929-3041<br>
Email: ccollins@bowditch.com

September 8, 2005

<u>VIA FACSIMILE AND FIRST</u>
<u>CLASS MAIL</u>
Ms. Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110

Re:  <u>Elizabeth R. Steffenberg v. T. Gene Gilman, et al.</u>
     <u>United States District Court Civil Action No. 04-40113-FDS</u>

Dear Sara:

I am writing to follow up on your correspondence of today concerning Ms. Steffenberg's tax returns for the years 1995 and 1996. As you suggest, these returns are not in Ms. Steffenberg's possession.

Please do not hesitate to contact me should you have any questions or concerns.

Very truly yours,

*[signature]*

Christine S. Collins

CSC/

{J:\CLIENTS\lit\303603\0001\00582899.DOC;1}
BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com

*Boston  Framingham  Worcester*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | | |
|---|---|---|
| ELIZABETH R. STEFFENBERG, | ) | (BBO#639293) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T. GENE GILMAN, STEVEN GILMAN, | ) | |
| THE GILMAN INSURANCE | ) | |
| AGENCY, INC., DAVID M. SCOLL, | ) | |
| ARBOR SECURITIES, LTD., | ) | |
| ALLIANCE INVESTMENT | ) | |
| MANAGEMENT, COMMONWEALTH | ) | |
| FINANCIAL HOLDINGS INC., | ) | |
| FINANCIAL LINKS, INC., | ) | |
| T. GILMAN & CO., LTD., | ) | |
| FIRST ALLIED SECURITIES, INC., | ) | |
| PENSON FINANCIAL SERVICES, INC., | ) | |
| AVIVA LIFE INSURANCE COMPANY, | ) | |
| TRADETEK, LTD., and | ) | |
| TRADETEK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that on September 16, 2005, I served the foregoing by mailing the same via first class mail, postage prepaid, to the following parties:

Rhonda L. Rittenberg, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

/s/ Christine S. Collins
Christine S. Collins

04-40113-FDS