UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION OF PLAINTIFF ELIZABETH R. STEFFENBERG TO THE MOTION OF THE DEFENDANT, DAVID SCOLL, TO STRIKE AND COMPEL THE PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES

Plaintiff Elizabeth R. Steffenberg ("Ms. Steffenberg") hereby opposes the Motion of the Defendant, David M. Scoll ("Scoll"), To Strike And Compel the Plaintiff's Answers to Second Set of Interrogatories ("Scoll's Motion") in accordance with United States District Court for the District of Massachusetts Local Rules 7.1(B)(1) and 37.1(C). In support therefor, Ms. Steffenberg states as follows:

1.   Ms. Steffenberg is an elderly woman who filed this action against, among others, Defendant T. Gene Gilman, her former investment advisor and Mr. Scoll, her former attorney

who worked with Mr. Gilman in providing her and her husband investment and legal advice pertaining to their retirement monies, investments and estate planning over a ten (10) year span.

2. Scoll's Motion is an improper and unjust attempt to impose on Ms. Steffenberg the burden of itemizing for Scoll and his attorneys the relatively small number of documents she has produced in connection with this matter. This position is both unsupported by the Federal Rules of Civil Procedure and is a thinly-veiled attempt to force Ms. Steffenberg, an elderly widow with few remaining assets, to incur additional legal fees both in defending Scoll's Motion and in categorizing the documents, ostensibly in hopes that Ms. Steffenberg will not continue pursuing Mr. Scoll in this matter.

3. Pursuant to Fed. R. Civ. P. 33(d), a party may point to documents produced in lieu of identifying each document in response to an interrogatory where it is equally burdensome for the requesting and answering parties to derive the requested information from the designated documents:

> [w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served…<u>and the burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the parties served</u>, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained…. A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served the record from which the answer may be ascertained. <u>See</u> Fed.R.Civ.P. 33(d) (emphasis added.)

4. Scoll's Second Set of Interrogatories is comprised of three requests. In response to two of those requests, Nos. 1 and 2, Ms. Steffenberg referred Scoll to the documents Scoll had previously produced or those she had previously produced to Scoll. (<u>See</u> Scoll's Motion, <u>Exhibit C</u> at pp. 2-3.) As to the third, Ms. Steffenberg answered that she has no responsive documents in her possession. (<u>See</u> <u>id.</u> at p. 3.)

5.      First, the Federal Rules of Civil Procedure, and in particular, Rule 33(d), do not state that an individual plaintiff may not utilize Rule 33(d) because an individual somehow cannot have "business records," as Scoll appears to argue. See Fed. R. Civ. P. 33(d); see also Fed. R. Civ. P. 34 (containing no proscription against an individual party producing "business records" and stating "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business . . ." (emphasis added.)) The records produced by Ms. Steffenberg are her business records – they are all of the financial statements and correspondence pertaining to her and her deceased husband's financial investments with Defendant T. Gene Gilman ("Gilman"), handwritten notes pertaining to the same, together with documents arising out of the legal services provided by Scoll to the Steffenbergs over a ten (10) year period. The documents were produced in exactly the manner they were retained by Ms. Steffenberg, an elderly woman whose deceased husband handled the couple's finances during his lifetime and who had moved residences at least three (3) times in the prior ten (10) years. The cases cited by Scoll are simply inapposite.[1]

6.      Furthermore, in her Answers to Interrogatory Nos. 2 and 3, Ms. Steffenberg directly "refers" Scoll to the documents he had produced to her and those she previously produced to him. (See Scoll's Motion, Exhibit C at pp. 2-3.) It is simply illogical, and frankly,

---

[1] The disputed documents in In Re Trantex Corp., 10 B.R. 235, 241 (Bankr.D.Mass. 1981), were requested of a committee of creditors which is typically established in a bankruptcy case "to represent the interests of all general unsecured creditors . . . [and] represents a class of creditors, not the individual creditors on a case-by-case basis." See In Re Trantex, 10 B.R. at 238. Logically, the Bankruptcy Court found, the requested documents were in the possession of the debtor, Trantex Corp., over which the "committee" had no control. Further, it is, frankly, impossible to discern from the Court's opinion in Rossi v. Williams exactly what type of documents the plaintiff in that case had produced which the court found not to be "business records" and even the one interrogatory whose substance can be gleaned requested a list of court cases and docket numbers, not an itemized list of documents as is requested here. See Rossi v. Williams, 2002 Mass.Super.LEXIS 522 at *5, Civil No. 00-1908 (Middlesex Super. Ct. December 23, 2002).

misleading to this Court, to suggest that this answer is unresponsive as Scoll does in his Motion. Rather, the logical inference from Ms. Steffenberg's use of the word "refer" is that the documents Scoll seeks are to be found in the documents that the parties had exchanged, and that the burden of ascertaining the answers therefrom is the same for Ms. Steffenberg as for Scoll. Because neither Scoll nor Ms. Steffenberg produced an inordinate number of documents, see infra at ¶ 6, any further specification is simply unnecessary.

7.  Finally, Scoll's argument that it will be more difficult for him to review the documents cited by Ms. Steffenberg in her answers to Scoll's Interrogatory Nos. 1 and 2 and to locate the responsive documents than for her to do the same is also misleading. As for the documents produced by Ms. Steffenberg, as Scoll admits in his Motion, she has produced approximately one (1) redwell folder of documents. This volume (and the relative complexity) is a far cry from a new drug application and "six volumes of documents in excess of 6,000 in total number" as was the case in Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 555-56 (D.Mass. 1986), the case upon which Scoll relies primarily in support of his Motion. Furthermore, as for those documents produced by Scoll which Ms. Steffenberg references – approximately two (2) redwell folders of documents -- it is obvious that he and his attorneys have more familiarity with the documents he produced than does Ms. Steffenberg. Scoll's documents are not particularly complex either. Thus, the burden on Ms. Steffenberg and Scoll to ascertain the requested information from the documents produced is equally distributed, and, as such, Scoll's Motion is groundless and should be denied.

8.  Because Scoll's Motion is neither grounded in the Rules nor in case law, and where the Motion is little more than the latest attempt by Scoll to force Ms. Steffenberg to

04-40113-FDS

4

expend additional legal fees in defending against frivolous motions filed by him, this Court should deny his Motion.

WHEREFORE, Plaintiff Elizabeth R. Steffenberg respectfully requests that this Court <u>deny</u> the Motion of Defendant To Strike And Compel Ms. Steffenberg's Answers to Second Set of Interrogatories.

Respectfully submitted,

ELIZABETH R. STEFFENBERG
By her attorneys,

*/s/ Christine S. Collins*
Louis M. Ciavarra, Esquire (BBO #546481)
Christine S. Collins, Esquire (BBO#639293)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
P: (508) 926-3441
F: (508) 929-3041

Dated: September 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40113-FDS

| | |
|---|---|
| ELIZABETH R. STEFFENBERG, ) | (Christine S. Collins BBO#639293) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T. GENE GILMAN, STEVEN GILMAN, ) | |
| THE GILMAN INSURANCE ) | |
| AGENCY, INC., DAVID M. SCOLL, ) | |
| ARBOR SECURITIES, LTD., ) | |
| ALLIANCE INVESTMENT ) | |
| MANAGEMENT, COMMONWEALTH ) | |
| FINANCIAL HOLDINGS INC., ) | |
| FINANCIAL LINKS, INC., ) | |
| T. GILMAN & CO., LTD., ) | |
| AVIVA LIFE INSURANCE COMPANY, ) | |
| TRADETEK, LTD., and ) | |
| TRADETEK, LLC, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Christine S. Collins, hereby certify that I have this 16th day of September, 2005 served the foregoing by mailing a copy thereof, via first class mail, postage prepaid, to the following:

Rhonda L. Rittenberg, Esquire
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109-1024

Sara Discepolo, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110

/s/ Christine S. Collins
Christine S. Collins
04-40113-FDS